# Exhibit 52

| | |
|---|---|
| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
| COUNTY OF WARD | NORTH CENTRAL JUDICIAL DISTRICT |

STATE OF NORTH DAKOTA EX REL.
WAYNE STENEHJEM,
ATTORNEY GENERAL,

            Plaintiff,

-vs-

TERPSICHORE MARAS, AKA
TERPSICHORE MARIA HELEN
LINDEMAN, AKA TERPSICHORE
LINDEMAN, AKA TERPSICHOR MARAS-
LINDEMAN, AKA TERPSICHORE MARAS-
LINDEMAN, AKA TERPSICHORE MARAS-
LINDEMAN, AKA TERPSICHOR MARAS,
AKA TERPSICHORE P LINDEMAN, AKA
TERPSECHORE MARAS-LINDEMAN,
AKA TORE MARAS-LINDEMAN, AKA
TERPSICHOR LINDEMAN, AKA
TERPSECHORE MARAS-LINDEMAN,
AKA TERPSEHORE P MARAS-
LINDEMAN, AKA TERPSEHORE PETE
MARAS-LINDEMAN, AKA TERPSEHORE
MARAS-LINDEMAN, doing business as A
MAGIC CITY CHRISTMAS and MLLABS –
EVENTS,

            Defendant.

Civil No. 51-2018-CV-01339

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT**

CPAT 170233.001

[¶1] On August 11, 2020, Plaintiff State of North Dakota ex rel. Wayne Stenehjem, Attorney General ("State"), motioned the Court for Final Judgment After Default following the imposition of default for Defendant's failure to comply with the Court's discovery order. Index # 325.

[¶2] WHEREFORE, the Court, having reviewed the State's Motion for Final Judgment After Default together with all supporting documents filed therewith and all

other documents filed in this matter, and the Court being duly advised on the premises of this action, makes the following findings of fact and conclusions of law:

## I. FINDINGS OF FACT

[¶3] On July 24, 2018, the State initiated this consumer protection enforcement action against Defendant (Lindeman) by service of a Summons and Complaint. Index ## 1-3.

[¶4] On or about February 26, 2015, Defendant created a fundraising campaign on the website Indiegogo ostensibly to raise funds for families in Harvey, North Dakota that were displaced due to a fire that destroyed a building with apartments in it. Defendant raised approximately $1,000.00 but did not disburse the funds to any of the victims of the Harvey fire and did not refund the donations to the donors. As late as December of 2017, Defendant attempted to obtain the funds for herself. Defendant also rebuffed offers to properly distribute the funds.

[¶5] Beginning in mid- to late 2017, Defendant began soliciting charitable contributions in connection her "A Magic City Christmas" event, an event Defendant described as a "benefit concert" that she purported to be organizing.

[¶6] Defendant solicited donations and made representations about her A Magic City Christmas events on various social media sites, including on Facebook and Twitter. Sometime prior to December 1, 2017, Defendant created a website advertising her A Magic City Christmas event that was located at www.magiccitychristmas.com. On her website and social media pages, Defendant represented that her event was for charitable purposes. Her website contained a page titled "Charity." Defendant represented that she was raising funds to support three homeless shelters located in Minot, North Dakota, and

she described her A Magic City Christmas event as a "Concert of Giving." In addition to homeless shelters, Defendant represented that she intended to donate funds to other Minot beneficiaries, including the Bishop Ryan Catholic School.

[¶7] Defendant also engaged in the sale of merchandise on her website, including shirt and hats. Defendant represented that the proceeds of merchandise sales would be given to homeless shelters.

[¶8] On or about December 8, 2017, Defendant updated her "Our Mission" page of her website to represent that the intended beneficiaries of her charitable solicitations were local homeless shelters.

[¶9] Defendant also advertised her event on the Dakota Marketplace and Event Jams websites where she again represented that her concert was raising funds for homeless shelters in Minot, North Dakota.

[¶10] On her website and Facebook page, Defendant represented that the Bank of North Dakota was a sponsor, and used the logo of the Bank of North Dakota, even though the Bank of North Dakota had declined to sponsor her event and had not given her permission to use its logo. Defendant did not remove the Bank of North Dakota logo from her website until after she was asked multiple times to remove it. On her event's Facebook page, Defendant continued to represent that the Bank of North Dakota was a sponsor. Defendant also represented that the Bank of North Dakota was a sponsor while seeking $40,000 in donations on the website Fundly.

[¶11] In addition to using the logo of the Bank of North Dakota without permission, Defendant engaged in the solicitation of charitable contributions while using the Coin of the City of Minot on her website and Facebook page without permission. A representative of the City of Minot, on at least three occasions, requested that Defendant discontinue use of

3

the Coin because it was causing confusion that her event was sanctioned by or organized in association with the City. After Defendant failed to discontinue use of its Coin, on October 27, 2017, the City of Minot issued a press release disclaiming association with Defendant's event. Even after the City issued its press release, Defendant continued to display the Coin on her website and Facebook page.

[¶12] On or about December 6, 2017, Defendant began soliciting donations on GoFundMe and Fundly seeking a total of $90,000. In connection with these solicitations, Defendant used an e-mail that she fabricated and claimed was sent to her by the Bank of North Dakota.

[¶13] As part of her charitable solicitations on GoFundMe, where she sought $50,000, Defendant recorded an "offline" donation of $500.00. In reality, Defendant herself was the purported "donor." Defendant recorded this false donation to give the impression to consumers that she had greater support than she actually did to induce others to give her donations, a practice known as "astroturfing" or "sockpuppetry."

[¶14] At the time that Defendant was purportedly soliciting charitable contributions for homeless shelters and other entities, Defendant was not registered with the North Dakota Secretary of State as either a charitable organization or professional fundraiser.

[¶15] Instead of using donations and contributions she received to fund her A Magic City Christmas event or giving the funds to homeless shelters, Defendant spent donations and sponsorship funds on herself, including to make purchases at Cash Wise, McDonald's, Marketplace, Wal-Mart, Waxing the City, and Target. Defendant's purchases for herself overdrew her bank account. Additionally, Defendant failed to ever secure basic necessities for her event, including sound production. Because Defendant overdrew her

4

account, she was unable to pay at least one performer that she attempted to pay and the check was returned twice due to nonsufficient funds.

[¶16] Overarching Defendant's online solicitations, Defendant, using various social media websites, created an entirely fake online persona. For example, Defendant falsely claimed to be a 22-year veteran of Naval intelligence and a Purple Heart recipient. She also falsely claimed that she was operating a medical laboratory ("ML Labs") and that she was doctor, among other false educational and employment accomplishments.

[¶17] On July 29, 2019, the Court granted the State's Motion to Compel and Request for Sanctions and imposed upon Defendant attorney's fees in the amount of $3,018.40. Index # 201.

[¶18] On July 29, 2019, the Court granted the State's Motion for Summary Judgment as to Count 2 of the Complaint. Index # 202. The Court determined at this time that Defendant should have been registered as a charitable organization and that she had made personal expenditures for herself using the account she created for her A Magic City Christmas event.

[¶19] On August 7, 2020, the Court granted the State's Motion for Default Judgment after determining that Defendant's failure to comply with the Court's discovery orders was willful and in bad faith. Index # 325. Pursuant to N.D.R.Civ.P. 37(b)(2)(c), the Court granted the State's request for reasonable expenses in connection with its Motion for Default Judgment. *Id.* Prior to the Court's Order, the State requested $3,600.00. Index # 303.

## II. CONCLUSIONS OF LAW

[¶20] The State of North Dakota brought this action on the relation of Wayne Stenehjem, Attorney General of the State of North Dakota, in the public interest pursuant to N.D.C.C. chs. 50-22 and 51-15. The State of North Dakota ex rel. Wayne Stenehjem, Attorney General, has authority to act in this matter pursuant to N.D.C.C. chs. 50-22 and 51-15.

[¶21] The Court has subject matter jurisdiction pursuant to N.D.C.C. § 51-15-07.

[¶22] The Court has personal jurisdiction over Defendant.

[¶23] Under N.D.C.C. §§ 50-22-05, 50-22-06, 51-15-07, 51-15-10, and 51-15-11, this Court has jurisdiction to enter appropriate orders.

[¶24] The venue of this action in Ward County is proper under N.D.C.C. § 28-04-05 and § 28-04-03 because all or part of the cause of action arose in Ward County.

[¶25] "A default judgment entered by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." *Angelo Iafrate Const., LLC v. Potashnick Const., Inc.,* 370 F.3d 715, 721–22 (8th Cir.2004). After the imposition of default, Defendant's liability is established and the only outstanding matter is the extent of damages. In this case, a consumer protection law enforcement proceeding, "damages" are the equitable relief available to the State under N.D.C.C. chs. 50-22 and 51-15.

[¶26] N.D.C.C. § 50-22-04.3 provides:

**50-22-04.3. Fraud – Misrepresentation.**
A charitable organization, professional fundraiser, or any agent or employee of a charitable organization or professional fundraiser may not use any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation with the intent that others rely thereon in connection with the solicitation of a contribution for or on behalf of a charitable organization.

6

N.D.C.C. § 50-22-04.3. N.D.C.C. § 51-15-02 provides:

> **51-15-02. Unlawful practices – Fraud – Misrepresentation.** The act, use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful practice.

N.D.C.C. § 51-15-02.

[¶27] Courts find deceptive acts and practices when a person solicits funds for a purported purpose and then fails to use donations for the purpose represented. *E.g., People v. Coal. Against Breast Cancer, Inc.*, 134 A.D.3d 1081, 1082 (N.Y. App. Div. 2015); *People v. Orange Cty. Charitable Servs.*, 73 Cal. App. 4th 1054 (1999); *Com. by Zimmerman v. Soc'y of 28th Div., A.E.F. Corp.*, 113 Pa. Comwlth. 456, 465-66 (1987). Acts and practices are deceptive where they have the capacity or tendency to deceive. *State v. O'Neill Investigations, Inc.*, 609 P.2d 520, 520 (Alaska 1980); *State ex rel. Kidwell v. Master Distributors, Inc.*, 101 Idaho 447, 453-54 (1980).

[¶28] It is consumer fraud to "pass off" or use another entity's label, trade name, trademark, or official seal without permission. *E.g., Midway Mfg. Co. v. Dirkschneider*, 571 F. Supp. 282, 286 (D. Neb. 1983); *Bicentennial Comm'n v. Olde Bradford Co.*, 26 Pa. Comwlth. 636, 638 (1976); *J.C. Penney Co. v. Parrish Co.*, 339 F. Supp. 726, 727 (D. Idaho 1972); *Niresk Indus., Inc. v. F.T.C.*, 278 F.2d 337, 340, 341-42 (7th Cir. 1960). Similarly, it is deceptive to misrepresent affiliation with a governmental entity. *E.g., In the Matter of Horizon Corp.*, 97 F.T.C. 464 (1981); *Rushing v. F.T.C.*, 320 F.2d 280 (5th Cir. 1963).

[¶29] It is a deceptive practice to disparage another by false or misleading representations. *E.g., Ellis v. N. Star Co.*, 326 N.C. 219, 225-26 (1990); *In the Matter of*

7

*Libbey-Owens-Ford Glass Co. et al.*, 69 F.T.C. 523 (1966). A person also perpetrates consumer fraud when they misrepresent their education or experience in connection in the sale or advertisement of merchandise. *E.g., Roggasch v. Sims*, 2016 Ark. App. 44, 7 (2016).

[¶30] Under N.D.C.C. ch. 31-11, it is presumed that Defendant's "unlawful act[s] [were] done with an unlawful intent," that Defendant "intend[ed] the ordinary consequences of [her] voluntary act[s]," and that "evidence willfully suppressed would be adverse if produced." N.D.C.C. § 31-11-03(2), (3), and (5).

[¶31] Defendant violated N.D.C.C. §§ 50-22-04.3 and 51-15-02 by: (1) soliciting donations for the victims of an apartment fire in Harvey, ND but did not distribute the proceeds to the victims; (2) soliciting donations while misrepresenting or "passing off" sponsorship by the Bank of North Dakota; (3) soliciting donations while misrepresenting or "passing off" as association with the City of Minot; (4) soliciting donations while misrepresenting receipt of an e-mail from the Bank of North Dakota that she fabricated or falsely attributed to the Bank of North Dakota; (5) using "sockpuppet" or "astroturfed" donations to induce others to donate to her online campaigns; (6) soliciting donations while misrepresenting education and experience that she does not possess; (7) soliciting contributions for a purported charitable purpose and then using the proceeds for personal expenses; and (8) soliciting contributions for charitable purposes and engaging in the advertisement and sale of merchandise under false pretenses.

[¶32] N.D.C.C. § 50-22-02(2) requires:

**50-22-02. Registration of charitable organization.**
1. A charitable organization may not solicit contributions from persons in this state by any means unless, prior to solicitation, there is on file with the secretary of state upon forms prescribed by the secretary of state a registration statement … :

8

N.D.C.C. § 50-22-02(1). Defendant violated N.D.C.C. § 50-22-02(1) by failing to register with the Secretary of State prior to soliciting contributions for a charitable purpose in North Dakota.

[¶33] Under N.D.C.C. § 51-15-07, the Attorney General may seek and obtain "an injunction prohibiting [a] person from continuing [an] unlawful practice or engaging in the [an] unlawful practice or doing any act in furtherance of the unlawful practice," and the Court "may make an order or judgment as may be necessary to prevent the use or employment by a person of any unlawful practices ..." N.D.C.C. § 51-15-07; *see also* N.D.C.C. § 50-22-05. Pursuant to N.D.C.C. §§ 50-22-5 and 51-15-07, injunctive relief is necessary and appropriate in this case in order to prohibit Defendant from engaging in continued or future violations of N.D.C.C. §§ 50-22-04.3 and 51-15-02, and injunctive relief is justifiable under the circumstances of this case.

[¶34] Under N.D.C.C. § 51-15-07, the Court "may make an order or judgment ... to restore to any person in interest any money, or property that may have been acquired by means of any practice" unlawful under N.D.C.C. ch. 51-15. N.D.C.C. § 51-15-07. Defendant is liable to pay such restitution necessary to restore any loss suffered by persons as a result of his deceptive acts or practices, pursuant to N.D.C.C. § 51-15-07.

[¶35] Under N.D.C.C. § 51-15-10, the Court "shall award to the attorney general reasonable attorney's fees, investigation fees, costs, and expenses of any investigation and action brought" under N.D.C.C. ch. 51-15. N.D.C.C. § 51-15-10; *see also*, N.D.C.C. § 50-22-06. Defendant is liable to pay the Attorney General for the fees and costs incurred in investigating and prosecuting this matter, pursuant to N.D.C.C. §§ 50-22-06 and 51-15-10. The State requests fees and costs in the amount of $16,618.40. This

9

amount is reasonable when considering that this proceeding has been ongoing since July 24, 2018.

[¶36] Under N.D.C.C. § 51-15-11, the Court "may assess for the benefit of the state a civil penalty of not more than five thousand dollars for each violation" of N.D.C.C. ch. 51-15. See also, N.D.C.C. § 50-22-05. Civil penalties are appropriate in this case based on Defendant's conduct. N.D.C.C. §§ 50-22-05 and 51-15-11. The State requests the imposition of a civil penalty in the amount of $9,000.00. This amount is appropriate where the Court could impose a maximum of $5,000.00 per violation.

[¶37] Pursuant to N.D.C.C. §§ 47-25-07(3) and 51-15-07, it is appropriate to order cancellation of Defendant's trade name, "MLLABS-EVENTS," for Defendant's use of the trade name to perpetrate consumer fraud.

## III. ORDER FOR JUDGMENT

[¶38] THEREFORE, IT IS HEREBY ORDERED pursuant to N.D.C.C. ch. 50-22 and 51-15:

A.  Plaintiff's Motion for Final Judgment After Default is granted.

B.  That Defendant is adjudged in violation of the charitable organizations soliciting contributions law, N.D.C.C. § 50-22-02, for soliciting charitable contributions without being properly registered.

C.  That Defendant is adjudged in violation of the charitable organizations soliciting contributions law, N.D.C.C. § 50-22-04.3, for engaging in deceptive acts or practices, fraud, false pretenses, false promises, or misrepresentations with the intent that others rely thereon in connection with the solicitation of charitable contributions in the State of North Dakota.

10

D.   That Defendant is adjudged in violation of the consumer fraud law, N.D.C.C. § 51-15-02, for engaging in deceptive acts or practices, fraud, false pretenses, false promises, or misrepresentations, with the intent that others rely thereon in connection with the sale or advertisement of merchandise in the State of North Dakota.

E.   That Defendant, her agents, employees, representatives, assigns, and all other persons in active concert or participation with her, pursuant to N.D.C.C. §§ 50-22-05 and 51-15-07, is permanently enjoined and restrained from directly or indirectly making false statements, false promises, or misrepresentations and the act, use and employment of any deceptive acts or practices in connection with the advertisement or sale of merchandise, as defined by N.D.C.C. § 51-15-01(3), within the State of North Dakota.

F.   That Defendant, her agents, employees, representatives, assigns, and all other persons in active concert or participation with her, pursuant to N.D.C.C. §§ 50-22-05 and 51-15-07, is permanently enjoined and restrained from engaging in deceptive acts or practices and from directly or indirectly making false statements, false promises, or misrepresentations in connection with the advertisement or solicitation of charitable contributions, or any other merchandise, as defined by N.D.C.C. § 51-15-01(3).

G.   That Defendant, her agents, employees, representatives, assigns and all other persons in active concert or participation with her, pursuant to N.D.C.C. §§ 50-22-05 and 51-15-07, is enjoined and restrained from the advertising or solicitation of charitable contributions in accordance with paragraph H.

H.   That, pursuant to N.D.C.C. §§ 50-22-05 and 51-15-07, Defendant, her agents, employees, representatives, assigns, and all other persons in active concert or participation with her, is permanently enjoined and restrained from engaging in the solicitation of charitable contributions. Notwithstanding the permanent injunction,

11

Defendant may engage in the future engage in the solicitation of charitable contributions if Defendant applies to the Attorney General and the Court to lift the permanent injunction and the Court finds Defendant has fully complied with the following terms and conditions and otherwise are rehabilitated:

1. Five or more years have expired since the entry of judgment herein;

2. Defendant has paid in full all restitution to consumers pursuant to the judgment herein;

3. Defendant has paid in full restitution to all consumers that have paid Defendants advance payments for services not performed or merchandise not delivered in the state of North Dakota;

4. Defendant has paid all amounts owed to the Attorney General pursuant to entry of judgment herein;

If the Court thereafter finds, pursuant to an agreement between the Attorney General and Defendant, or after a hearing, that Defendant is sufficiently rehabilitated pursuant to the terms and conditions herein, Defendant, upon order of the Court, may engage in the solicitation of charitable contributions provided she has registered with the Secretary of State pursuant to N.D.C.C. ch. 50-22 and has complied with all other requirements appropriate and necessary for the work to be undertaken by her. "Pay in full" or "paid in full" mean that all amounts must be paid, and does not include any settlement, forgiveness, compromise, reduction, or discharge of any of the debts or refund obligations.

I. That Plaintiff shall have Judgment against Defendant in the amount of $9,000.00 for civil penalties, pursuant to N.D.C.C. §§ 50-22-05 and 51-15-11.

J. That Plaintiff shall have Judgment against Defendant in the amount of $16,618.40 (the total of $3,018.40, $3,600.00, and $10,000.00) for costs, expenses, and

attorney's fees pursuant to N.D.C.C. § 51-15-10, incurred by the Attorney General in the investigation and prosecution of this action.

K.     That Defendant, pursuant to N.D.C.C. § 51-15-07, shall pay restitution to all North Dakota consumers, which have suffered any ascertainable loss, and to restore to any person in interest any moneys or property, real or personal, which has been acquired by Defendant by means of any practice declared to be unlawful under N.D.C.C. §§ 50-22-04.3 or 51-15-02.

L.     The Judgment entered shall be a Judgment for which execution may issue.

M.     Interest shall accrue on this Judgment in accordance with the interest rate on judgment as provided by N.D.C.C. § 28-20-34.

N.     That, pursuant to N.D.C.C. §§ 47-25-07(3) and 51-15-07, Defendant's trade name, "MLLABS-EVENTS," is ordered cancelled for Defendant's use of the trade name to perpetrate consumer fraud.

Signed: 9/11/2020 9:45:19 PM

**BY THE COURT:**

Todd Cresap

_____
District Court Judge

| | |
|---|---|
| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
| COUNTY OF WARD | NORTH CENTRAL JUDICIAL DISTRICT |

STATE OF NORTH DAKOTA EX REL. WAYNE STENEHJEM, ATTORNEY GENERAL,

          Plaintiff,

-vs-

TERPSICHORE MARAS, AKA TERPSICHORE MARIA HELEN LINDEMAN, AKA TERPSICHORE LINDEMAN, AKA TERPSICHOR MARAS-LINDEMAN, AKA TERPSICHORE MARAS-LINDEMAN, AKA TERPSICHOR MARAS, AKA TERPSICHORE P LINDEMAN, AKA TERPSECHORE MARAS-LINDEMAN, AKA TORE MARAS-LINDEMAN, AKA TERPSICHOR LINDEMAN, AKA TERPSECHORE MARAS-LINDEMAN, AKA TERPSEHORE P MARAS-LINDEMAN, AKA TERPSEHORE PETE MARAS-LINDEMAN, AKA TERPSEHORE MARAS-LINDEMAN, doing business as A MAGIC CITY CHRISTMAS and MLLABS – EVENTS,

          Defendant.

Civil No. 51-2018-CV-01339

**JUDGMENT**

CPAT 170233.001

[¶1] This matter having come before this Court on Plaintiff State of North Dakota ex rel. Wayne Stenehjem, Attorney General's Motion for Final Judgment After Default. The Court, having issued an Order for Judgment and being fully advised of the premises, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

    A.    Plaintiff's Motion for Final Judgment After Default is granted.

B.  Defendant is adjudged in violation of the charitable organizations soliciting contributions law, N.D.C.C. § 50-22-02, for soliciting charitable contributions without being properly registered.

C.  That Defendant is adjudged in violation of the charitable organizations soliciting contributions law, N.D.C.C. § 50-22-04.3, for engaging in deceptive acts or practices, fraud, false pretenses, false promises, or misrepresentations with the intent that others rely thereon in connection with the solicitation of charitable contributions in the State of North Dakota.

D.  That Defendant is adjudged in violation of the consumer fraud law, N.D.C.C. § 51-15-02, for engaging in deceptive acts or practices, fraud, false pretenses, false promises, or misrepresentations, with the intent that others rely thereon in connection with the sale or advertisement of merchandise in the State of North Dakota.

E.  That Defendant, her agents, employees, representatives, assigns, and all other persons in active concert or participation with her, pursuant to N.D.C.C. §§ 50-22-05 and 51-15-07, is permanently enjoined and restrained from directly or indirectly making false statements, false promises, or misrepresentations and the act, use and employment of any deceptive acts or practices in connection with the advertisement or sale of merchandise, as defined by N.D.C.C. § 51-15-01(3), within the State of North Dakota.

F.  That Defendant, her agents, employees, representatives, assigns, and all other persons in active concert or participation with her, pursuant to N.D.C.C. §§ 50-22-05 and 51-15-07, is permanently enjoined and restrained from engaging in deceptive acts or practices and from directly or indirectly making false statements, false promises, or misrepresentations in connection with the advertisement or solicitation of charitable contributions, or any other merchandise, as defined by N.D.C.C. § 51-15-01(3).

G.      That Defendant, her agents, employees, representatives, assigns and all other persons in active concert or participation with her, pursuant to N.D.C.C. §§ 50-22-05 and 51-15-07, is enjoined and restrained from the advertising or solicitation of charitable contributions in accordance with paragraph H.

H.      That, pursuant to N.D.C.C. §§ 50-22-05 and 51-15-07, Defendant, her agents, employees, representatives, assigns, and all other persons in active concert or participation with her, is permanently enjoined and restrained from engaging in the solicitation of charitable contributions. Notwithstanding the permanent injunction, Defendant may engage in the future engage in the solicitation of charitable contributions if Defendant applies to the Attorney General and the Court to lift the permanent injunction and the Court finds Defendant has fully complied with the following terms and conditions and otherwise are rehabilitated:

1.      Five or more years have expired since the entry of judgment herein;

2.      Defendant has paid in full all restitution to consumers pursuant to the judgment herein;

3.      Defendant has paid in full restitution to all consumers that have paid Defendants advance payments for services not performed or merchandise not delivered in the state of North Dakota;

4.      Defendant has paid all amounts owed to the Attorney General pursuant to entry of judgment herein;

If the Court thereafter finds, pursuant to an agreement between the Attorney General and Defendant, or after a hearing, that Defendant is sufficiently rehabilitated pursuant to the terms and conditions herein, Defendant, upon order of the Court, may engage in the solicitation of charitable contributions provided she has registered with the

Secretary of State pursuant to N.D.C.C. ch. 50-22 and has complied with all other requirements appropriate and necessary for the work to be undertaken by her. "Pay in full" or "paid in full" mean that all amounts must be paid, and does not include any settlement, forgiveness, compromise, reduction, or discharge of any of the debts or refund obligations.

I. That Plaintiff shall have Judgment against Defendant in the amount of $9,000.00 for civil penalties, pursuant to N.D.C.C. §§ 50-22-05 and 51-15-11.

J. That Plaintiff shall have Judgment against Defendant in the amount of $16,618.40 (the total of $3,018.40, $3,600.00, and $10,000.00) for costs, expenses, and attorney's fees pursuant to N.D.C.C. § 51-15-10, incurred by the Attorney General in the investigation and prosecution of this action.

K. That Defendant, pursuant to N.D.C.C. § 51-15-07, shall pay restitution to all North Dakota consumers, which have suffered any ascertainable loss, and to restore to any person in interest any moneys or property, real or personal, which has been acquired by Defendant by means of any practice declared to be unlawful under N.D.C.C. §§ 50-22-04.3 or 51-15-02.

L. The Judgment entered shall be a Judgment for which execution may issue.

M. Interest shall accrue on this Judgment in accordance with the interest rate on judgment as provided by N.D.C.C. § 28-20-34.

N. That, pursuant to N.D.C.C. §§ 47-25-07(3) and 51-15-07, Defendant's trade name, "MLLABS-EVENTS," is ordered cancelled for Defendant's use of the trade name to perpetrate consumer fraud.

5

**CLERK OF DISTRICT COURT**
Signed: 9/14/2020 4:22:38 PM

_____Lisa Beggs_____