IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SIDNEY POWELL, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:21-cv-00040-CJN <br> ) <br> ) <br> ) <br> ) |

### DEFENDANTS' UNOPPOSED MOTION TO ENLARGE TIME TO ANSWER OR MOVE IN RESPONSE TO THE COMPLAINT

Pursuant to Local Rule 7 and Fed. R. Civ. P. 6(b), defendants respectfully move to extend until Monday, March 22, 2021, the time within which to answer or move in response to the complaint (ECF #1). Under Fed. R. Civ. P. 12(a)(1), non-federal defendants have twenty-one (21) days to respond to a complaint, and the Returns of Service (ECF #7-#9) indicate service between January 28 and February 1, 2021, with a responses due by February 18 for defendants Sidney Powell and Sidney Powell, P.C. (collectively, the "Powell Defendants") and by February 22 for defendant Defending the Republic ("DTR"). The requested extension represents a 30-day extension from February 18, 2021[1] and a 28-day extension from February 22. Pursuant to Local Rule 7(m), the parties' counsel conferred about the proposed extension, and the plaintiffs do not oppose the extension. In support of this motion, defendants aver as follows:

1. Defendants retained the undersigned counsel on February 4, 2021, and that day he emailed plaintiffs' counsel circa 2:15 p.m. pursuant to Local Civil Rule 7(m) to seek their client's position on an extension.

---

[1] Thirty days from February 18 is Saturday, March 20, which Fed. R. Civ. P. 6(a)(1)(C) would extend to the following Monday, March 22, 2021.

2. Plaintiffs' counsel requested a teleconference and were unavailable until Monday, February 8, 2021, to enable discussion of these issues with plaintiffs.

3. In the interval, on or about February 6, 2021, DTR retained separate counsel to represent it, and the Powell Defendants and DTR have yet to negotiate a joint-defense agreement.[2]

4. Pursuant to Paragraph 9(b)(i)-(ii) of this Court's standing order (ECF #4), the responses to the complaint are currently due by February 18 for the Powell Defendants and by February 22 for DTR, with no prior extensions having been granted to any party.

5. Pursuant to Paragraph 9(b)(iv)-(v) of this Court's standing order, the requested extension does not affect any other deadlines, and—because defendants have not yet decided *how* to respond to the complaint (*e.g.*, by answer, by answer with counterclaims or cross-claims, or by motion)—it is not even yet clear *what action* would follow after March 22 (*e.g.*, an opposition, a responsive pleading or motion, or a pretrial conference).

6. Pursuant to Paragraph 9(b)(vi) of this Court's standing order, the plaintiffs do not oppose the requested extension.

7. Pursuant to Paragraph 9(b)(iii) of this Court's standing order, defendants seek the requested extension for the following good cause:

- The complaint spans 124 pages and includes 114 exhibits totaling more than 2,000 pages, which itself can constitute good cause for an extension. *See, e.g.*, *McFadden v. Washington Metro. Area Transit Auth.*, No. 1:14-cv-1115-RBW, 2014 U.S. Dist. LEXIS 200354, at *6 (D.D.C. Sept. 9, 2014) (finding good cause in that "the coordination of filing responsive

---

[2] The undersigned counsel filed an appearance for all defendants (ECF #11) and will file a notice of withdrawal for DTR after DTR's counsel file an appearance.

pleadings to a lengthy complaint with multiple defendants, involving multiple federal and state claims, is a complicated, tedious, and time-consuming task").

- Although defendants were aware of the complaint contemporaneously with its filing, they did not retain the undersigned counsel until February 4—within a week of service—and he immediately reached out to opposing counsel pursuant to Local Civil Rule 7(m) to seek an extension, so the "the party seeking the extension has shown due diligence in meeting the deadline to respond" and did not "s[i]t idle while the deadline for responding to the complaint was approaching." *Id.*

- Defendants attempted to reach the undersigned counsel earlier that week, but he was fully engaged in preparing two replies in a matter in California state court, which were due February 3, 2021, for a consolidated hearing on February 10, 2021.

- Because of the need to discuss the requested extension with their clients, plaintiffs' counsel were not available to discuss the requested extension until 2:00 p.m. on Monday, February 8, and defendants moved later that day for an extension after the conference that Local Rule 7(m) requires.

- The undersigned defendants' counsel has an *amicus* brief due in U.S. District Court on February 9, 2021, and the afore-mentioned hearing in California state court on February 10, 2021. As a result of these commitments and the date of his retention in this matter, the undersigned counsel has not yet had the opportunity to review the complaint or exhibits in this matter.

- The new counsel for DTR was retained February 6 and is on a previously scheduled vacation with intermittent access to cellular signal during the week of February 8-12, and

the colleagues who will help him staff this matter for DTR are not admitted to practice before this Court.

In sum, defendants seek this enlargement of time to enable their counsel to analyze the factual allegations in a lengthy complaint supplemented by numerous lengthy exhibits and then to research the applicable law, to prepare responses to the robust allegations that plaintiffs set forth throughout their complaint.

8. Defendants respectfully submit that the foregoing constitutes good cause for an extension under FED. R. CIV. P. 6(b)(1)  ("[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time"), that they do not seek this enlargement for purpose of delay or frustration of the progress of this matter, and that the enlargement would not unduly burden plaintiffs.

WHEREFORE, defendants respectfully ask this Court to extend until March 22, 2021 the time within which all defendants may answer or move in response to the complaint (ECF #1).

Dated: February 8, 2021                     Respectfully submitted,

/s/ Lawrence J. Joseph
Lawrence J. Joseph, D.C. Bar No. 464777

1250 Connecticut Ave., NW, Suite 700-1A
Washington, DC 20036
Telephone: (202) 355-9452
Telecopier: (202) 318-2254
Email: ljoseph@larryjoseph.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

/s/ Lawrence J. Joseph
Lawrence J. Joseph
