IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., *et al.*,<br><br>　　　Plaintiffs,<br><br>　　v.<br><br>SIDNEY POWELL, *et al.*,<br><br>　　　Defendants. | Civil Action No. 1:21-cv-00040-CJN |

### DEFENDANTS' UNOPPOSED MOTION TO SET BRIEFING SCHEDULE FOR MOTION TO DISMISS

Pursuant to Local Rule 7 and Fed. R. Civ. P. 6(b), defendants Sidney Powell, Sidney Powell, P.C. and Defending the Republic, Inc. ("Defendants") respectfully move to enlarge the time within which plaintiffs Dominion Voting Systems Corp., U.S. Dominion, Inc., and Dominion Voting Systems, Inc. ("Plaintiffs") may oppose the motion to dismiss (ECF #22) and the time within which Defendants may reply in support of that motion, each by two weeks (*i.e.*, to enlarge the 14-day and 7-day periods under Local Civil Rule 7(b), (d) to 28 days and 21 days, respectively). Currently, by operation of Local Civil Rule 7(b), (d), Plaintiffs' opposition is due April 5, and Defendants' reply is due April 12. The relief requested would extend Plaintiffs' deadline to April 19 and Defendants' deadline to May 10. Pursuant to Local Rule 7(m), the parties' counsel conferred about the proposed extension, and Plaintiffs do not oppose this motion.[1]

In support of this motion, Defendants aver as follows:

1.　　Pursuant to Paragraph 9(b)(i)-(ii) of this Court's standing order (ECF #4), Defendants' opposition is currently due April 5, and Defendants' reply is currently due 7 days after

---

[1]　Specifically, Defendants' counsel inquired whether Plaintiffs needed additional time and, if not, requested an additional two weeks for the reply; Plaintiffs' counsel indicated that Plaintiffs do not oppose a two-week extension for Defendants' reply and requested a reciprocal two-week extension for Plaintiffs' opposition.

Plaintiffs' opposition (*i.e.*, April 12, if Plaintiffs filed on April 5). No party has sought a prior extension of these dates; Defendants sought (ECF #16) and were granted (Order dated Feb. 10, 2021) a 30-day extension of the time within which to answer or move in response to the complaint.

2.  Pursuant to Paragraph 9(b)(iv)-(v) of this Court's standing order, the requested relief would not affect any other deadlines (*i.e.*, no hearings are set, and the requested relief provides a complete briefing schedule for the motion to dismiss).

3.  Pursuant to Paragraph 9(b)(vi) of this Court's standing order, Plaintiffs do not oppose the requested extension of Defendants' time within which to reply, although they requested a reciprocal extension of the time within which to oppose the motion to dismiss.

4.  Pursuant to Paragraph 9(b)(iii) of this Court's standing order, Defendants seek the requested extension for the following good cause:

- Given the length of the complaint—namely, 119 pages with 1,837 pages of exhibits—and the length of the memorandum in support of the motion to dismiss—namely, 43 pages—Defendants anticipate that they will need more than the seven days provided by Local Rule 7(d) for a reply to Plaintiffs' forthcoming opposition.

- Defendants' counsel—Messrs. Kleinhendler and Joseph—have a motion to dismiss due April 8, 2021, in *Smartmatic USA Corp. v. Fox Corp.*, No. 151136/2021 (New York County), which will require their focus at the same time as the currently scheduled reply.

- Defendants' counsel—Mr. Joseph—is working on a confidential complaint and motion for interim relief in U.S. district court in the first half of April and several ongoing federal appellate matters throughout April, with an appellate *amicus* brief due April 29 in No. 20-659 (U.S.). He also has a substantive letter due April 7, 2021, in a confidential matter.

- Plaintiffs added new counsel on or about March 26, 2021, and they must prepare a response to a 43-page memorandum in support of Defendants' motion to dismiss.

In sum, the parties seek these enlargements of time to enable their respective counsel to analyze the factual and legal issues connected to a lengthy complaint and a lengthy motion to dismiss, while engaged in the press of other business.

5. Defendants respectfully submit that the foregoing constitutes good cause for an extension under FED. R. CIV. P. 6(b)(1) ("[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time"), that they do not seek these enlargements for purpose of delay or frustration of the progress of this matter, and that the respective enlargements would not unduly burden the opposite parties.

WHEREFORE, Defendants respectfully ask this Court to extend until April 19, 2021, Plaintiffs' time within which to oppose the motion to dismiss and to extend until May 10, 2021, Defendants' time within which to reply in support of that motion.

Dated: March 29, 2021                Respectfully submitted,

/s/ Lawrence J. Joseph
Lawrence J. Joseph, D.C. Bar No. 464777

1250 Connecticut Ave., NW, Suite 700-1A
Washington, DC 20036
Telephone: (202) 355-9452
Telecopier: (202) 318-2254
Email: ljoseph@larryjoseph.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 29th day of March 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

    /s/ Lawrence J. Joseph
    Lawrence J. Joseph