IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:21-cv-00040-CJN |
| SIDNEY POWELL, SIDNEY POWELL, P.C., and DEFENDING THE REPUBLIC, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' UNOPPOSED MOTION TO EXTEND TIME
TO RESPOND TO DEFENDANTS' COUNTERCLAIM**

Pursuant to Local Rule 7 and Fed. R. Civ. P. 6(b), US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation ("Plaintiffs") respectfully move to extend the time for Plaintiffs to respond to the counterclaim filed by Defendants Sidney Powell, Sidney Powell, P.C., and Defending the Republic, Inc. ("Defendants") (ECF No. 49) by 31 days. Currently, Plaintiffs' response is due October 15, 2021. The relief requested would extend Plaintiffs' deadline to November 15, 2021. Pursuant to Local Rule 7(m), the parties' counsel conferred about the proposed extension, and Defendants do not oppose this motion.

In support of this motion, Plaintiffs state as follows:

1. Pursuant to Paragraph 9(b)(i)–(ii) of this Court's standing order (ECF No. 4), the original deadline for Plaintiffs' response to Defendants' counterclaim is October 15, 2021. On February 8, 2021, Defendants sought a similar 32-day extension of the deadline to respond to Plaintiffs' complaint (ECF No. 16). Plaintiffs did not oppose that motion, and that extension was granted. (2/10/2021 Minute Order.)

1

2. Pursuant to Paragraph 9(b)(iv)–(v) of this Court's standing order, the requested relief would not affect any other deadlines (*i.e.*, no scheduling order has yet been entered and no hearings are set). Plaintiffs currently expect to file a motion to dismiss and once they have confirmed, they will work with opposing counsel to propose an appropriate full briefing schedule.

3. Pursuant to Paragraph 9(b)(vi) of this Court's standing order, Defendants do not oppose this Motion.

4. Pursuant to Paragraph 9(b)(iii) of this Court's standing order, Plaintiffs seek the requested extension for the following good cause:

- Plaintiffs' counsel has been and are preparing multiple briefs, while also preparing for multiple hearings, in related cases pending before both this Court and in Delaware state court. By way of example, since September 24, 2021, when Defendants filed their counterclaim,
    - Plaintiffs' counsel prepared and filed Plaintiffs' Opposition to a Motion to Stay in the Delaware Newsmax case;
    - Plaintiffs' counsel will argue the Delaware Newsmax motion, as well as a Motion to Compel in the Delaware Fox case on October 12, 2021;
    - Plaintiffs' counsel is preparing responses to the Lindell/MyPillow appeals of this Court's order denying their motions to dismiss in *US Dominion, Inc. v. My Pillow, Inc.* (No. 1:21-cv-00445-CJN), which is pending in the D.C. Circuit (Nos. 21-7103; 21-7104); and
    - Plaintiffs' counsel is preparing to address the Lindell/MyPillow lawsuits recently transferred to this Court from Minnesota (*Lindell v. US Dominion, Inc.* (No. 1:21-cv-02296-CJN) and *MyPillow v. US Dominion, Inc.* (No. 1:21-cv-02294-CJN)).

- Defendants will not be prejudiced and the case will not be delayed by Plaintiffs' requested extension. As the Court directed on September 30, 2021, the parties in this and other related cases are conferring over the proposed terms of a Joint Scheduling Order. (9/30/2021 Minute Order.) No Joint Scheduling Order has yet been entered because negotiations are still underway but awaiting this Court's guidance, given MyPillow's and Lindell's refusal to participate. The Court has scheduled a hearing on

October 25, 2021 to provide that guidance. Additionally, Plaintiffs anticipate that, whatever Plaintiffs' response, Defendants will likely seek the same discovery.[1]

5.    Plaintiffs respectfully submit that the foregoing constitutes good cause for an extension under Fed. R. Civ. P. 6(b)(1) ("[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time"), that they do not seek these enlargements for purpose of delay or frustration of the progress of this matter, and that the respective enlargements would not unduly burden the opposite parties.

WHEREFORE, Plaintiffs respectfully ask this Court to extend until November 15, 2021 the time for Plaintiffs to respond to Defendants' Counterclaim (ECF No. 49).

| | |
|---|---|
| Dated: October 11, 2021 | BY:   SUSMAN GODFREY LLP |
| | |
| | /s/ Justin A. Nelson |
| | Justin A. Nelson |
| | |
| | Justin A. Nelson |
| | SUSMAN GODFREY LLP |
| | 1000 Louisiana Street, #5100 |
| | Houston, Texas 77002 |
| | (713) 651-9366 |
| | jnelson@susmangodfrey.com |

Of Counsel:

Justin A. Nelson (D.C. Bar No. 490347)
SUSMAN GODFREY LLP
1000 Louisiana Street, #5100
Houston, Texas 77002
(713) 651-9366
jnelson@susmangodfrey.com

Stephen Shackelford, Jr. (Bar No. NY0443)
Elisha Barron (pro hac vice)

Of Counsel:

Thomas A. Clare, P.C. (D.C. Bar No. 461964)
Megan L. Meier (D.C. Bar No. 985553)
Dustin A. Pusch (D.C. Bar No. 1015069)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
(202) 628-7400
tom@clarelocke.com
megan@clarelocke.com

---

[1] Plaintiffs do not concede, however, that any such discovery would actually be relevant to litigating the claims properly before this Court.

SUSMAN GODFREY LLP
1301 6th Avenue
New York, NY 10019
(212) 336-8330
sshackelford@susmangodfrey.com
ebarron@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
Brittany Fowler (*pro hac vice*)
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
dbrook@susmangodfrey.com
bfowler@susmangodfrey.com

Stephen E. Morrissey (*pro hac vice*)
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA  98101
(206) 516-3880
smorrissey@susmangodfrey.com

dustin@clarelocke.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of October 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

*/s/ Justin A. Nelson*
Justin A. Nelson