# EXHIBIT 1

```
 1                IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLUMBIA
 2

 3     US DOMINION, INC., et al,                Washington, DC
                                                June 24, 2021
 4            Plaintiff,

 5        vs.

 6     SIDNEY POWELL, et al,                    21-CV-040

 7     RUDOLPH W. GIULIANI,                     21-CV-213

 8     MY PILLOW, INC, et al                    21-CV-445

 9

10            Defendants.
       _____/
11

12           TRANSCRIPT OF IN-PERSON MOTIONS HEARING
              BEFORE THE HONORABLE CARL J. NICHOLS
13                 UNITED STATES DISTRICT JUDGE

14
       APPEARANCES:
15
       For the Plaintiff:      THOMAS CLARE
16                             MEGAN MEIER
                                 CLARE LOCKE LLP
17                               10 Prince Street
                                 Alexandria, VA 22314
18                               (202) 628-7401

19                             STEPHEN SHACKELFORD, JR.
                               DAVIDA BROOK
20                             JUSTIN NELSON
                                 SUSMAN GODFREY L.L.P.
21                               1301 Ave of the Americas, 32nd Fl
                                 New York, NY 10019
22                               212-729-2012

23     For Defendant Powell:   HOWARD KLEINHENDLER
                                 HOWARD KLEINHENDLER ESQUIRE
24                               369 Lexington Avenue, 12th Floor
                                 New York, NY 10017
25                               917-793-1188
```

1                    Because of that, because you have such a public
2      debate on this issue, millions of people on each side of the
3      issue, investigations going on, audits going on around the
4      country related to this issue.  For years Dominion election
5      system's hackability and questionability as to its integrity
6      has been challenged in the public.
7                    In fact, US Senators have repeatedly stated that
8      this is of grave concern.  The *Curling* case in Georgia, a
9      federal district court judge took hours and hours of
10     testimony and wrote a 50-page opinion about Dominion
11     election system, who comes in here, like a paragon on a
12     white horse or white steed.  As this paragon of honesty and
13     integrity in the election system and tries to make Mike
14     Lindell out to be a wild-eyed crazy guy.
15                   You've got a federal district court judge that
16     wrote pages about the hackability and the lack of security
17     of Dominion election systems.  You have US Senators, Amy
18     Klobuchar, on Meet the Press just a couple years ago saying
19     21 states were hacked, and they didn't know about it for a
20     full year.
21                   THE COURT:  Dominion is not arguing that it would
22     have been defamatory to say that Dominion is at risk of
23     being hacked or that there is a risk of election systems
24     generally being hacked.  They are saying what is defamatory
25     is that your client says, we intentionally aided in election

1    fraud.  That is way different than saying, we are at risk of
2    being hacked.
3           MR. PARKER:  Is it reckless disregard to say that
4    in light of all of the facts --
5           THE COURT:  I'm saying, the public debate about
6    election security and statements by various people that
7    there are concerns about election security are not the same
8    as saying a particular company intentionally committed voter
9    fraud.  So you can't rely, in my view, on general concerns
10   about election security that other people are stating to get
11   at the question of whether someone claims that the Plaintiff
12   was engaged in intentional voter fraud, whether that is
13   defamatory and whether that was stated with actual malice.
14   I'm not saying that that solves -- that that answers the
15   problem.  I just think that these are wildly different kinds
16   of statements.
17          MR. PARKER:  Your Honor, I want to suggest another
18   way to look at that.  I am not saying that the statements
19   made prior to this election are statements that
20   categorically support a specific statement that was made.
21          What I am saying is all of that is context upon
22   which the statements that were made and whether or not they
23   are made with reckless disregard.  You have to look at that.
24   And that goes back to the Corvair/Ford Pinto.  If there are
25   none of those facts, then maybe it is a wild-eyed statement.