UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., *et al.*,<br><br>*Plaintiffs/Counter-Defendants*,<br><br>v.<br><br>SIDNEY POWELL, *et al.*,<br><br>*Defendants/Counter-Plaintiffs*. | Civil Action No. 1:21-cv-00040 (CJN) |

**ORDER**

U.S. Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation (collectively, "Dominion") move to dismiss a counterclaim asserted by Sidney Powell, Sidney Powell, P.C., and Defending the Republic, Inc. (collectively, "Powell"). *See* ECF No. 55. In early 2021, Dominion sued Powell, alleging that she defamed Dominion in connection with the 2020 presidential election. *See US Dominion, Inc. v. Powell*, 554 F. Supp. 3d 42, 49 (D.D.C. 2021). Powell later filed a counterclaim against Dominion for abuse of process, alleging that Dominion filed its suit "to punish and make an example" out of her. *See* Powell Counterclaim, ECF No. 49 at ¶ 1. Previously, in related litigation, the Court granted Dominion's motion to dismiss a counterclaim for abuse of process asserted by another group of defendants. *See US Dominion, Inc. v. MyPillow, Inc.*, Civ. A. No. 21-445 (CJN), 2022 WL 1597420, at *3–4 (D.D.C. May 19, 2022). For substantially similar reasons, the Court will also grant Dominion's motion to dismiss Powell's counterclaim.

To state a claim for abuse of process under D.C. law, a plaintiff must allege "(1) the existence of an ulterior motive; and (2) an *act* in the use of process other than such as would be

1

proper in the regular prosecution of the charge." *Spiller v. D.C.*, 362 F. Supp. 3d 1, 6 (D.D.C. 2019) (quotations omitted). In other words, "[a]n ulterior motive is necessary but not sufficient." *MyPillow*, 2022 WL 1597420, at *3. Abuse-of-process claims also have a second element, which requires "a perversion of the judicial process and achievement of some end not contemplated in the regular prosecution of the charge." *Spiller*, 362 F. Supp. 3d at 6 (quotations omitted).

Even if Powell adequately alleged that Dominion had an ulterior motive in bringing its lawsuit, her counterclaim fails under the second element. Powell's core allegation is that "Dominion's initiation and maintenance of its lawsuit against Defendants constitutes an abuse of process." Powell Counterclaim, ECF No. 49 at ¶ 73. "But the mere pursuit of a lawsuit, just like the mere filing [of] a lawsuit, does not support an abuse of process claim." *MyPillow*, 2022 WL 1597420, at *4. Instead, Powell must allege that Dominion, after filing its suit, performed some act that perverted the judicial process. *See Spiller*, 362 F. Supp. 3d. at 6. But Powell's complaint fails to link her abuse-of-process claim to any act that Dominion has taken other than filing and pursuing its lawsuit. *See* Powell Counterclaim, ECF No. 49 at ¶¶ 67–73 (focusing entirely on an ulterior motive). She has thus failed to state a claim for abuse of process.[1]

---

[1] In her opposition to Dominion's motion to dismiss, Powell points to two allegations made in the fact section of her counterclaim. First, Powell alleges that Dominion sent a letter—along with a copy of its complaint against Powell—to an individual demanding that he retract his allegedly defamatory statements about Dominion's role in the 2020 election. Second, Powell alleges that Dominion has made public statements suggesting that it will file more lawsuits like the one it filed against Powell. Powell claims that both acts support a finding that Dominion is using its lawsuit to suppress public criticism.

But neither of these acts is improper, and both fall "far short of the usual case of abuse of process where there is an attempt at extortion in a manner collateral to the litigation." *Houlahan v. World Wide Ass'n of Specialty Programs and Schs.*, 677 F. Supp. 2d 195, 201 (D.D.C. 2010). Indeed, defamation suits, by design, "are meant to silence individuals from making defamatory or otherwise harmful statements." *Id.* at 200. Accordingly, Powell has failed to allege that Dominion is using its suit to "accomplish an end unintended by law." *Moore v. United States*, 213 F.3d 705, 712 (D.C. Cir. 2000) (quotations omitted); *see also Houlahan*, 677 F. Supp. 2d at 200 ("There is

Accordingly, it is

**ORDERED** that Dominion's Motion to Dismiss Powell's Counterclaim, ECF No. 55, is **GRANTED**.

DATE:  September 28, 2022

                                                                      CARL J. NICHOLS
                                                                      United States District Judge

---

no action for abuse of process when the process is used for the purpose for which it is intended, even [if] there is an incidental motive of spite or an ulterior purpose." (cleaned up)).  Because Powell has failed to state a claim for abuse of process, the Court need not address Dominion's alternative argument that Powell improperly brought her counterclaim on behalf of third parties.