# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> SIDNEY POWELL, SIDNEY POWELL, P.C., and DEFENDING THE REPUBLIC, INC., <br><br> Defendants. | Case No. 1:21-cv-00040 (CJN) |

## PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

Under Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation ("Dominion"), by and through their undersigned counsel, hereby serve the following Requests for Production of Documents (the "Requests") on Defendant Sidney Powell.

Your responses to these Requests should be provided in accordance with the Federal Rules of Civil Procedure, which are fully incorporated herein, and shall be served together with all responsive documents within thirty (30) days of service. All documents requested shall be produced via electronic file transfer or as otherwise agreed by the parties.

## DEFINITIONS

The following terms shall have the meanings set forth below whenever used in any Request.

1. "2020 PRESIDENTIAL ELECTION" means and refers to the U.S. Presidential Election that occurred on November 3, 2020, and includes but is not limited to the voting process

surrounding the election (including early voting and mail in voting); the election itself; the electoral college, the certification by the electoral college and any discussions or disputes about the electoral college or around the certification of Joseph Biden as President (including those incidents arising on January 6, 2021), up to and through the departure of President Trump from office on January 20, 2021 and the inauguration of Joseph Biden; and any disputes arising out of the election and/or its aftermath and related issues, such as certification and allegations of election irregularities and/or fraud, irregularities, vote switching, voting machine algorithms flipping, inserting, or dumping votes, or other issues that occurred either before the 2020 Presidential Election or after, and any allegations or continued discussions or disputes about the 2020 election.

2. "ACTION" refers to the case captioned *US Dominion, Inc., et al. v. Sidney Powell, et al.*, Case No. 21-cv-00040-CJN (D.D.C.).

3. "COMPLAINT" means the Complaint filed on January 8, 2021 in this ACTION and any subsequently filed amended complaint.

4. "Communication" or "Communications" means a communication in any form, including, without limitation, notes, complaints, diaries, journals, datebooks, reports, calendars, telephone messages, letters, email messages, instant messages (such as, but not limited to, Signal, Cisco Jabber, IBM Sametime, Wickr, ICQ, Kik, BBM, Gchat, iMessage, Telegram, WhatsApp, Slack, and similar types of messages), cell phone text messages (SMS messages and MMS messages), voicemail messages, Slack messages or other internal messaging system communications, social media communications or posting on sites including but not limited to Facebook, Twitter, YouTube, Instagram, Gab, or Parler (including any direct messages), website postings, internet chat-room postings, lists, correspondence, drawings, designs, telegrams, manuals, summaries or records of personal conversations, logs, minutes or records of meetings,

minutes of any other type, transcripts of oral testimony or statements, affidavits, or summaries of investigations. For avoidance of doubt, the term "Communications" includes internal communications with any entity that employs or is affiliated with Sidney Powell, as well as communications with third parties.

5. "Concerning" means without limitation, containing, reflecting, referring to, discussing, relating to, describing, evidencing, supporting, or constituting.

6. "DEFAMATORY STATEMENTS" means and refers to the statements in Paragraph 181 of the COMPLAINT filed in this ACTION.

7. "DEFENDING THE REPUBLIC" means and refers to Defending the Republic, Inc., including any officers, directors, employees, contractors, agents, or others purporting to work on behalf of DEFENDING THE REPUBLIC.

8. "Document" means any printed, written, typed, recorded, transcribed, taped, photographic, or graphic matter, however produced or reproduced, including, but not limited to: any letter, correspondence, or communication of any sort; electronic mail, either sent or received; file, print, negative, or photograph; sound or video recording; note, notebook, diary, calendar, minutes, memorandum, contract, agreement, or any amendment thereto; telex, telegram, or cable; summary, report, or record of any telephone conversation, personal conversation, discussion, interview, meeting, conference, investigation, negotiation, act, or activity; projection, work paper or draft; computer output or input; data processing card; opinion or report of any consultant; request, order, invoice, or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping; press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of account, bank statement, checkbook, check stubs or

register, canceled check, deposit slip, charge slip, tax return, or requisition; file, study, graph, or tabulation; and all other writings and recordings of whatever nature, whether signed, unsigned or transcribed, and any other data compilation from which information can be obtained or translated. The term "document" also shall mean: the original and/or any non-identical original or copy, including those with any marginal note or comment or showing additions, deletions, or substitutions; drafts; attachments to or enclosures with any document; and any other documents referred to or incorporated by reference in the document. The term "document" also specifically includes all electronic documents, electronic Communications, and other "electronically stored information" (whether stored electronically or in the form of a hard-copy, print-out, or otherwise) and all attachments thereto.

9.  "DOMINION" means and refers to US Dominion, Inc., and its subsidiaries Dominion Voting Systems, Inc. and Dominion Voting Systems, and any and all representatives or individuals YOU understood to be acting on DOMINION's behalf.

10.  "Electronically stored information" or "ESI" refers to any portion of data available on a computer or other device capable of storing electronic data. "Electronically stored information" includes, but is not limited to, e-mail, spreadsheets, databases, word processing documents, images, presentations, application files, executable files, log files, and all other files present on any type of device capable of storing electronic data. Devices capable of storing electronically stored information include, but are not limited to: servers, desktop computers, portable computers, handheld computers, flash memory devices, wireless communication devices, pagers, workstations, minicomputers, mainframes, and any other forms of online or offline storage, whether on or off company premises. ESI includes instant messages (such as but not limited to Signal, Cisco Jabber, IBM Sametime, Wickr, ICQ, Kik, BBM, Gchat, iMessage,

Telegram, WhatsApp, Slack, and similar types of messages), cell phone text messages (SMS messages and MMS messages), voicemail messages, and similar types of messages. ESI includes any records of such communications or messages, including phone records. ESI includes any social media communication (such as but not limited to Twitter, Facebook, Instagram, YouTube, Parler, Gab, and Periscope), including any direct messages.  For any document kept in electronic form, the term "document" includes any metadata associated with the document.

11.     "KRAKEN LAWSUITS" means and refers to any litigation filed by Sidney Powell concerning the 2020 PRESIDENTIAL ELECTION, including *Bowyer v. Ducey*, Case No. 2:20-cv-02321-DJH (D. Ariz.), *Pearson v. Kemp*, Case No. 1:20-cv-04809-TCB (N.D. Ga.), *Feehan v. Wisconsin Elections Commission*, Case No. 2:20-cv-1771 (E.D. Wis.), *Timothy King et al. v. Gretchen Whitmer et al.*, 2:20-cv-13134 (E.D. Mich.).

12.     "THE SELECT COMMITTEE TO INVESTIGATE THE JANUARY 6TH ATTACK ON THE UNITED STATES CAPITOL" means and refers to the United States Congressional Committee chaired by Representative Bennie Thompson and vice-chaired by Representative Liz Cheney to investigate the attack on the U.S. Capitol on January 6, 2021, and/or any of its agents, staff members, appointees, employees, advisors, or attorneys.

13.     "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14.     "SIDNEY POWELL, P.C." means and refers to Sidney Powell, P.C., including any partners, of counsel, officers, directors, employees, contractors, lawyers, agents, or others purporting to work on behalf of SIDNEY POWELL, P.C.

15.     The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and

all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neutral form shall include every gender.

16. "YOU" and "YOUR" means Sidney Powell, and any persons or entities purporting to act on Your behalf.

## INSTRUCTIONS

1. The Requests set forth below are continuing in nature. If, after responding, YOU obtain or become aware of any additional Documents responsive to these Requests, production of such additional Documents shall be made forthwith as required by Rule 34 of the Federal Rules of Civil Procedure.

2. Each Request herein requires the production of all responsive Documents in the possession, custody, or control of YOU, or of any of YOUR respective attorneys, agents and any other persons acting or purporting to act on behalf of any of them, or of any other Person from whom YOU have the right to obtain Documents, whether in hard-copy or electronic form or in any other form or from any other source, wherever located and however managed, and whether active, in storage, or otherwise.

3. Each Document is to be produced (together with all drafts thereof) in its entirety, without redaction or expurgation of any kind or nature whatsoever.

4. All Documents are to be produced as kept in the usual course of business or organized and labeled to correspond to the specific Requests set forth below.

5. If a Request seeks the identification or production of Documents that are not within YOUR actual or constructive possession, custody or control, YOU shall so state and shall answer the Request based on the best information presently available. If YOU have knowledge or belief as to other Persons who have possession, custody or control of such Documents, YOU

shall so identify, to the extent known and based on the best information presently available, such Persons.

6. If any Documents requested herein are withheld under claim of privilege, YOU must provide a privilege log in conformity with the Federal Rules of Civil Procedure and the parties' agreed upon ESI Stipulation & Order.

7. If any Documents requested herein are withheld or are not produced for whatever reason other than privilege, YOU are requested at the time of responding to these Requests to separately state in writing and with specificity for each Document withheld from production (i) the reason asserted for withholding each such Document, and (ii) all information supporting the withholding asserted as to each such Document, including without limitation the type or nature of the Document withheld (e.g., letter, memorandum, email, etc.), its author and all recipients (including any and all addressees and Persons to whom the Document was copied or blind copied, as well as Persons to whom the Document was distributed or given or shown though not reflected on the Document as a recipient), the date of the Document, and a description of the substance of the Document, all in a manner sufficient to allow each Document to be described to the Court in order for the Court to rule on the reason asserted for withholding it from production.

8. YOU are further requested to provide all requested information that is not subject to a claim of privilege, or other reason for nonproduction, by excising or otherwise protecting the portions for which a privilege or other basis for withholding is asserted, if such a technique does not result in disclosing the contents of the portions for which some privilege is asserted.

9. Each of these definitions and instructions shall be fully applicable to each

Request, notwithstanding that a definition or instruction above may, in whole or in part, be reiterated in a particular Request or that a particular Request may incorporate supplemental instructions or definitions.

10. ESI shall be produced pursuant to the parties' agreed ESI Stipulation & Order.

11. Non-Responsive family members must be produced together with the Responsive Family Members. In instances where YOU do not assert a privilege with respect to the entire family of documents, the producing party should replace any subset of privileged documents within the family for which it is claiming a privilege with slipsheets stating "Document Withheld as Privileged." The slipsheet shall contain the "Document Withheld as Privileged" language in the center of the page, with any branding of the documents as confidential on the bottom left, and the bates number on the bottom right of the page. Each slipsheet should be re-OCR'd at time of production to remove any extracted text.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 51:** All documents produced by YOU in *Smartmatic USA Corp., et al. v. Fox Corporation, et al.*, Case No. 151136/2021, Supreme Court, New York.

**REQUEST FOR PRODUCTION NO. 52:** All deposition transcripts, exhibits, and the deposition transcripts' corresponding audiovisual recordings from *Smartmatic USA Corp., et al. v. Fox Corporation, et al.*, Case No. 151136/2021, Supreme Court, New York.

**REQUEST FOR PRODUCTION NO. 53:** All expert reports, including appendices and other attachments, exchanged by any party in *Smartmatic USA Corp., et al. v. Fox Corporation, et al.*, Case No. 151136/2021, Supreme Court, New York.

**REQUEST FOR PRODUCTION NO. 54:** All exhibit lists exchanged in *Smartmatic USA Corp., et al. v. Fox Corporation, et al.*, Case No. 151136/2021, Supreme Court, New York.

**REQUEST FOR PRODUCTION NO. 55:** All documents produced by YOU in *Eric Coomer, PhD. v. Donald J. Trump for President, Inc., et al.*, Case No. 2020-CV-034319, District Court, Denver County, Colorado.

**REQUEST FOR PRODUCTION NO. 56:** All deposition transcripts, exhibits, and the deposition transcripts' corresponding audiovisual recordings from *Eric Coomer, PhD. v. Donald J. Trump for President, Inc., et al.*, Case No. 2020-CV-034319, District Court, Denver County, Colorado.

**REQUEST FOR PRODUCTION NO. 57:** All expert reports, including appendices and other attachments, exchanged by any party in *Eric Coomer, PhD. v. Donald J. Trump for President, Inc., et al.*, Case No. 2020-CV-034319, District Court, Denver County, Colorado.

**REQUEST FOR PRODUCTION NO. 58:** All exhibit lists exchanged in *Eric Coomer, PhD. v. Donald J. Trump for President, Inc., et al.*, Case No. 2020-CV-034319, District Court, Denver County, Colorado.

**REQUEST FOR PRODUCTION NO. 59:** All filings concerning YOUR appeal in *Timothy King v. Gretchen Whitmer*, Case No. 21-1786 (6th Cir.).

**REQUEST FOR PRODUCTION NO. 60:** All documents produced or otherwise provided by YOU to THE SELECT COMMITTEE TO INVESTIGATE THE JANUARY 6TH ATTACK ON THE UNITED STATES CAPITOL.

**REQUEST FOR PRODUCTION NO. 61:** All formal or informal deposition or interview transcripts, exhibits, and the deposition or interview transcripts' corresponding audiovisual recordings of YOU to THE SELECT COMMITTEE TO INVESTIGATE THE JANUARY 6TH ATTACK ON THE UNITED STATES CAPITOL.

**REQUEST FOR PRODUCTION NO. 62:** All documents or notes prepared by YOU in connection with THE SELECT COMMITTEE TO INVESTIGATE THE JANUARY 6TH ATTACK ON THE UNITED STATES CAPITOL.

**REQUEST FOR PRODUCTION NO. 63:** All documents produced or provided by YOU to the State Bar of Texas or any other body in *Commission for Lawyer Discipline v. Sidney Powell*, Case No. DC-22-02562, 116th Judicial District, Dallas County, Texas.

**REQUEST FOR PRODUCTION NO. 64:** All communications made to or received by YOU from the State Bar of Texas or any other body in connection with *Commission for Lawyer Discipline v. Sidney Powell*, Case No. DC-22-02562, 116th Judicial District, Dallas County, Texas.

**REQUEST FOR PRODUCTION NO. 65:** All deposition transcripts, exhibits, and the deposition transcripts' corresponding audiovisual recordings from *Commission for Lawyer Discipline v. Sidney Powell*, Case No. DC-22-02562, 116th Judicial District, Dallas County, Texas.

**REQUEST FOR PRODUCTION NO. 66:** All documents produced or provided by YOU to the Michigan Attorney Discipline Board or any other body in *Michigan Attorney Grievance Commission v. Sidney Powell*, Case No. 23-34-GA, Attorney Discipline Board, Michigan.

**REQUEST FOR PRODUCTION NO. 67:** All communications made to or received by YOU from the Michigan Attorney Discipline Board or any other body in connection with *Michigan*

9

*Attorney Grievance Commission v. Sidney Powell*, Case No. 23-34-GA, Attorney Discipline Board, Michigan.

**REQUEST FOR PRODUCTION NO. 68:** All deposition transcripts, exhibits, and the deposition transcripts' corresponding audiovisual recordings from *Michigan Attorney Grievance Commission v. Sidney Powell*, Case No. 23-34-GA, Attorney Discipline Board, Michigan.

**REQUEST FOR PRODUCTION NO. 69:** To the extent not captured in the above requests, any other documents produced by YOU in the KRAKEN LAWSUITS or in any other litigation, governmental investigation, grand jury proceeding, or disciplinary action involving claims about DOMINION; its current or former employees; alleged, actual, or potential fraud in the 2020 PRESIDENTIAL ELECTION; or allegations that voting systems had deleted, lost, changed, or compromised votes.

**REQUEST FOR PRODUCTION NO. 70:** To the extent not captured in the above requests, any other deposition transcripts, exhibits, and the deposition transcripts' corresponding audiovisual recordings from the KRAKEN LAWSUITS or in any other litigation, governmental investigation, grand jury proceeding, or disciplinary action involving claims about DOMINION; its current or former employees; alleged, actual, or potential fraud in the 2020 PRESIDENTIAL ELECTION; or allegations that voting systems had deleted, lost, changed, or compromised votes.

**REQUEST FOR PRODUCTION NO. 71:** To the extent not captured in the above requests, any other expert reports, including appendices and other attachments, exchanged in the KRAKEN LAWSUITS or in any other litigation, governmental investigation, grand jury proceeding, or disciplinary action involving claims about DOMINION; its current or former employees; alleged, actual, or potential fraud in the 2020 PRESIDENTIAL ELECTION; or allegations that voting systems had deleted, lost, changed, or compromised votes.

**REQUEST FOR PRODUCTION NO. 72:** To the extent not captured in the above requests, any other exhibit lists exchanged in the KRAKEN LAWSUITS or in any litigation, governmental investigation, grand jury proceeding, or disciplinary action involving claims about DOMINION; its current or former employees; alleged, actual, or potential fraud in the 2020 PRESIDENTIAL ELECTION; or allegations that voting systems had deleted, lost, changed, or compromised votes.

**REQUEST FOR PRODUCTION NO. 73:** To the extent not captured in the above requests, any documents produced or provided by YOU concerning sanctions, discipline, or other orders concerning YOUR conduct in the KRAKEN LAWSUITS or in any other litigation, or formal governmental investigation, grand jury proceeding, or disciplinary action involving claims about DOMINION; or its current or former employees; alleged, actual, or potential fraud in the 2020 PRESIDENTIAL ELECTION; or any allegations that voting systems had deleted, lost, changed, or compromised votes.

**REQUEST FOR PRODUCTION NO. 74:** All documents and communications concerning financial contributions made by or to DEFENDING THE REPUBLIC.

**REQUEST FOR PRODUCTION NO. 75:** All documents and communications concerning financial contributions made by or to YOU, DEFENDING THE REPUBLIC, SIDNEY POWELL, P.C., or any other for- or non-profit organization in which you hold a title or control, in whole or in part, in connection with litigation involving claims about DOMINION; its current or former employees; alleged, actual, or potential fraud in the 2020 PRESIDENTIAL ELECTION; allegations that voting systems had deleted, lost, changed, or compromised votes; or any defamation lawsuits concerning your statements about Dominion or Smartmatic.

Dated: August 24, 2023

Thomas A. Clare, P.C. (D.C. Bar No. 461964)
**CLARE LOCKE LLP**
10 Prince Street Alexandria, VA 22314 Tel: (202) 628-7400
tom@clarelocke.com

*/s/ Laranda Walker*
Laranda Walker (D.C. Bar No. TX0028)
Mary K. Sammons (D.C. Bar No. TX0030)
Jonathan Ross (D.C. Bar No. TX0027)
Elizabeth Hadaway (*Admitted pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana St., Suite 5100
Houston, TX 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
lwalker@susmangodfrey.com
ksammons@susmangodfrey.com
jross@susmangodfrey.com
ehadaway@susmangodfrey.com

Stephen Shackelford, Jr. (D.C. Bar No. NY0443)
Eve Levin (D.C. Bar No. 1672808)
Mark Hatch-Miller (*Admitted pro hac vice*)
Christina Dieckmann (*Admitted pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Fl. New York, NY 10019
Tel: (212) 336-8330
sshackelford@susmangodfrey.com
elevin@susmangodfrey.com
mhatch-miller@susmangodfrey.com
cdieckmann@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400 Los Angeles, CA 90067
Tel: (310) 789-3100

dbrook@susmangodfrey.com

Edgar Sargent (*Admitted pro hac vice*)
Katherine Peaslee (*Admitted pro hac vice*)
**SUSMAN GODFREY L.L.P**.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 516-3880
esargent@susmangodfrey.com
kpeaslee@susmangodfrey.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Elizabeth Hadaway, hereby certify that on August 24, 2023, true and correct copies of Plaintiffs' Second Set of Requests for Production were served via email on counsel of record for every party in *US Dominion, Inc., et al. v. Powell, et al.*, No. 1:21-cv-000040 (CJN).

/s/ *Elizabeth Hadaway*
Elizabeth Hadaway (*Admitted Pro Hac Vice*)
SUSMAN GODFREY LLP
1000 Louisiana St., Suite 1400
Houston, TX 77002
(713) 653-7856
ehadaway@susmangodfrey.com

13