**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION, | ) ) ) ) | |
| | ) | |
| *Plaintiffs*, | ) ) | Case No. 1:21-cv-00040-CJN |
| v. | ) ) | |
| SIDNEY POWELL, SIDNEY POWELL, P.C., and DEFENDING THE REPUBLIC, INC., | ) ) ) ) | |
| *Defendants*. | ) ) | |

**DOMINION'S RESPONSE TO POWELL AND POWELL P.C.'S
MOTION FOR PARTIAL STAY AND FOR PROTECTIVE ORDER**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ iii

INDEX OF EXHIBITS ................................................................................................... iv

INTRODUCTION ............................................................................................................1

BACKGROUND ..............................................................................................................3

    A.    Ms. Powell Promises Documents and a Privilege Log, Then Fails to Deliver...................................................................................................................3

    B.    Ms. Powell Proposes a Stay, Then Does Not Seek One For Over a Month ...................................................................................................................5

    C.    Meanwhile, Ms. Powell Does Not Respond to Discovery Requests ......................6

LEGAL STANDARD .......................................................................................................7

ARGUMENT ...................................................................................................................7

I.    The Court Should Enter Dominion's Proposed Order on Ms. Powell's Motion to Stay ............................................................................................................8

    A.    The Balance of Party Interests Weights Against Ms. Powell's Proposed Stay ......................................................................................................................8

        1.    Ms. Powell's Proposal Prejudices Dominion and All Non-Powell Parties.....................................................................................................8

        2.    Ms. Powell Will Not Suffer Harm From Dominion's Proposal ...............10

    B.    Dominion's Proposal Will Benefit, Not Burden the Court....................................12

    C.    The Duration of the Stay Should Be as Short as Possible .....................................13

II.    This Court Should Deny Ms. Powell's Motion for a Protective Order .............................14

CONCLUSION...............................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barry Farm Resident Council, Inc. v. U.S. Dep't of Navy*,
No. 96-cv-1450, 1997 WL 118412 (D.D.C. Feb. 18, 1997)....................................................12

*District Title v. Warren*,
265 F. Supp. 3d 17 (D.D.C. 2017) ..........................................................................................11

*Doe v. D.C.*,
No. 19-cv-1173, 2021 WL 11132750 (D.D.C. Aug. 19, 2021) ..............................................11

*Horn v. D.C.*,
210 F.R.D. 13 (D.D.C. 2002)...............................................................................................1, 7

*S.E.C. v. Dresser Indus., Inc.*,
628 F.2d 1368 (D.C. Cir. 1980) ...............................................................................................7

**Constitional Provisions**

Fifth Amendment ................................................................................................... *passim*

U.S. Constitution.......................................................................................................................7

## INDEX OF EXHIBITS

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 1 | L. Walker June 2, 2023 Email |
| 2 | K. Farley August 24, 2023 Email |
| 3 | D. Marvin August 7, 2023 Email |
| 4 | D. Marvin August 24, 2023 Email |
| 5 | D. Marvin October 2, 2023 Email |

## INTRODUCTION

In the face of Dominion's continued efforts to restore its reputation and fight the lies Ms. Powell helped spread about Dominion, Ms. Powell has repeatedly sought to delay. Nonetheless, Dominion agrees to an appropriately tailored stay for Ms. Powell to attend her criminal trial, so long as reasonable conditions are in place to ensure that Ms. Powell fulfills her long overdue discovery obligations and to safeguard against delay of the other cases that this Court has coordinated for the purposes of discovery. Dominion asks the Court to order Ms. Powell and Powell, P.C. to (1) provide past due document productions and a privilege log, (2) answer past due discovery and produce the requested documents, and (3) participate in efforts to resolve discovery disputes. Dominion also asks that the Court lift the stay at the conclusion of Ms. Powell's trial or after 60-days, whichever comes sooner. *See* Dominion's Proposed Order, filed herewith.

\*\*\*

Dominion agrees that Ms. Powell's criminal trial may address conduct relevant to this case and does not oppose a reasonably tailored stay of discovery, but Dominion's proposal is more appropriate and more just than Ms. Powell's proposal, under the factors courts in this District consider when fashioning stays. *See Horn v. D.C.*, 210 F.R.D. 13, 15 (D.D.C. 2002).

***First***, the balance of hardships favors Dominion's proposal. Dominion and all other non-Powell parties in the consolidated cases will suffer hardship if the Court stays all of Ms. Powell's discovery obligations. As the Court is aware, the parties are at a critical moment, after months of negotiations about productions and a global stipulation on discovery procedures. Ms. Powell's document productions and discovery responses are relevant across the cases, and her participation in discovery dispute resolution is needed for efficient administration of the cases.

On the other hand, Ms. Powell will suffer no harm from complying with overdue discovery obligations because (a) Dominion seeks only documents that Ms. Powell already promised to

1

produce or has produced or exchanged in other matters; and (b) the discovery Dominion seeks does not burden her Fifth Amendment rights or interfere with her criminal trial.

**Second**, the interests of the Court in advancing the consolidated cases clearly favor Dominion's proposal.  Rather than stay all discovery of Ms. Powell, the Court can require her to fulfill her pending discovery obligations, which will advance discovery across the consolidated cases and enable the parties to complete depositions of other witnesses with the benefit of documents produced by Ms. Powell and Powell, P.C., and to finish issuing document requests against other parties.  Otherwise, a stay would be a roadblock for the whole docket.

**Third**, a duration of 60 days or until the end of her criminal trial, whichever comes first, is more reasonable than Ms. Powell's proposal.  A stay encompassing more than just her trial would invite uncertainty about the purpose of the stay, and Ms. Powell should not be allowed to leverage the cloud of criminal proceedings to cause indefinite delay of these civil cases.

Further, Ms. Powell has not demonstrated good cause for a protective order "providing no responses shall be served to any pending discovery demands." Mot. 1.[1]  Ms. Powell's delay is the reason Dominion now must seek (1) overdue document productions that Ms. Powell promised for document requests served 18 months ago; (2) a privilege log for the production, which she agreed to produce by the end of August (but did not), and then promised to produce within another two or three weeks (but did not); and (3) overdue responses to document requests served on August 24, 2023.  Indeed, Ms. Powell did not respond to the August 24 document requests, put off Dominion's inquiry about the delinquent answers, and then refused to confer to remedy the issue.

---

[1] This Brief refers to Ms. Powell and Powell, P.C.'s Memorandum of Law in Support of Powell's Motion for Partial Stay and for Protective Order (ECF No. 103-3) as "Motion" and cites to "Mot."

To the extent Ms. Powell complains of discovery obligations conflicting with her criminal trial, that situation is of her own making.  Her complaints only further underscore the need for reasonable limitations on the stay.  Dominion therefore asks that the Court enter its proposed order.

## BACKGROUND

### A.  Ms. Powell Promises Documents and a Privilege Log, Then Fails to Deliver

On January 12, 2022, Dominion served its First Set of Requests for Production on Ms. Powell and Powell, P.C.  Ms. Powell and Powell, P.C. responded in April 2022, making a small production of 1,099 documents, and then making no other document production in this case in response to the discovery requests for a year.

Over many months in 2023, the parties negotiated the scope of document productions.  On June 2, 2023, Dominion proposed custodians and search terms for Ms. Powell and Powell, P.C., as well as Defending the Republic, Mike Lindell / My Pillow, Rudolph Giuliani, and Patrick Byrne. Ex. 1 (L. Walker June 2, 2023 Email).  On June 30, counsel for Ms. Powell, Defending the Republic ("DTR"), and Mr. Lindell / My Pillow met with counsel for Dominion and discussed search terms and document requests, including Ms. Powell's Second Set of Requests for Production Nos. 1, 2, and 4, which sought document productions and other litigation materials (i.e., deposition transcripts and expert reports) from the *Fox* case, as well as My Pillow's requests for litigation materials from the *Fox* case (i.e., deposition transcripts, expert reports, trial exhibits, etc.).  During the call, Dominion asked Ms. Powell and Mr. Lindell to similarly produce such materials from their other 2020 Presidential Election lawsuits.  But they demanded written requests.

In the weeks that followed, Ms. Powell and Powell, P.C. repeatedly refused to run Dominion's proposed search terms or even to provide the number of documents on which terms

hit.   On July 24, Ms. Powell made another small production of 4,890 documents based on an undisclosed search and review process.

Dominion proceeded with discovery against all Defendants.[2]  For example, in June 2023, Dominion served one interrogatory on all Defendants (except Byrne, who Dominion served in August).  On August 18, Dominion served Defendants with notices of Dominion's intent to serve subpoenas on Giuliani Partners and Giuliani Communications.  On August 24, Dominion served a second set of document requests (herein "the August 24 document requests") on Defendants Powell, Lindell, Giuliani, and Byrne seeking document productions and other materials (i.e., expert reports, exhibit lists, and deposition transcripts) produced or exchanged by those Defendants in other matters related to the 2020 Presidential Election (as previewed back in June). Ex. 2 (K. Farley August 24, 2023 Email).  The next day, Dominion served a third set of requests specific to Mr. Lindell.  On September 5, Dominion served notices of its intent to serve subpoenas on Defending the Republic associates.

Like most of the other Defendants, Ms. Powell and Powell, P.C. agreed to produce initial privilege logs by August 31, 2023, Ex. 3 (D. Marvin August 7, 2023 Email) ("The Powell defendants should be able to provide our initial log by 8/31.").

Then, on August 24 (after Ms. Powell was indicted and that indictment had been made public), Ms. Powell and Powell, P.C. agreed to produce all non-privileged documents that hit on Dominion's proposed search terms without conducting a relevance review, thus resolving the parties' dispute on that issue.  However, they asserted that they would "need approximately 2-3 weeks to conduct a privilege review of the documents," Ex. 4 (D. Marvin August 24, 2023 Email):

_____

[2] For the purposes of this Brief, references to "all Defendants" mean Ms. Powell / Powell, P.C., DTR, Mr. Lindell / My Pillow, Mr. Giuliani, and Mr. Byrne, except where otherwise noted.

| From: | Daniel S. Marvin <Daniel.Marvin@kennedyslaw.com> |
|---|---|
| Sent: | Thursday, August 24, 2023 6:45 PM |
| To: | Elizabeth Hadaway |
| Cc: | Marc Casarino; Joshua A. Mooney; Marc Eisenstein; David C. Tobin; Driscoll, Robert; Joseph D. Sibley; Joe Pull; Andrew Parker; Jill Thorvig; Carry, Alfred; Katie Sammons; Laranda Walker; Dominion ListserveSusmanGodfrey |
| Subject: | RE: Dominion v. Giuliani / Lindell / Powell: document collection and searching [KEN-LEGAL.FID45724351] |

EXTERNAL Email

Hi Elizabeth,

We have reviewed the amended search terms and agree to produce the resulting documents. While we stand by our position that Dominion is only entitled to the production of documents that are relevant to the claims or defenses at issue in this litigation, we agree, at your request, to produce all non-privileged documents that resulted from the search term hits without a relevancy review. We will need approximately 2-3 weeks to conduct a privilege review of the documents. We reiterate that to the extent that Dominion produced documents without a relevancy review, that was improper and in violation of the Federal Rules. We understand that you disagree.

We will run terms 19 and 21 and advise you of the results next week. We will also confer with our client re: Tricia@federalappeals.

Dan

Ms. Powell and Powell P.C. have not produced the promised documents or any privilege log for any of their productions, despite the passage of more than a year since their initial April 2022 production and despite their agreement to do so, following Ms. Powell's indictment.

## B.   Ms. Powell Proposes a Stay, Then Does Not Seek One For Over a Month

On August 22, 2023, counsel for Ms. Powell and Powell P.C. told Dominion's counsel they intended to seek a stay of Dominion's civil action against Ms. Powell and Powell, P.C. and asked for Dominion's position.  Just three days later, Dominion agreed to a two-month stay, subject to reasonable conditions concerning outstanding document production and discovery requests. Ex. C (L. Walker September 8, 2023 Email), pp. 2-3.[3]

After several weeks passed without any motion being filed, on September 7, 2023, Dominion followed up and asked if Ms. Powell still intended to seek a stay.  Ms. Powell's counsel responded to Dominion proposal, rejecting it and proposing a 60-day stay from September 7.  The

---

[3] References to Exhibits A-E are to the exhibits to Ms. Powell's Motion.

next day, on September 8, Dominion responded and again agreed to a stay subject to certain conditions:

> Dominion is willing to consent to a 60-day stay of this case, provided (1) Defendants continue to work to complete their document productions (all documents responsive to Dominion's outstanding discovery requests), produce a complete and compliant privilege log relative to those productions, and continue to meet and confer with Dominion as necessary to resolve any disputes regarding those productions and privilege logs; (2) for any dispute regarding document productions that the parties can't resolve, Defendants agree that Dominion can move to compel production of the disputed documents in one of other DC cases (since the documents are also relevant to those cases); and (3) the stay will be automatically lifted if the current trial date for the Georgia trial is postponed or otherwise taken off the calendar, or after 60 days, whichever comes earlier, regardless of whether the criminal proceedings against Ms. Powell are still ongoing, unless Dominion and Defendants agree to jointly request a continuance of the stay.

Ex. C, p.1.  For several weeks, Dominion heard nothing further from Ms. Powell's counsel on the matter.

### C.     Meanwhile, Ms. Powell Does Not Respond to Discovery Requests

On September 25, 2023, the document requests Dominion served on August 24 came due. The other Defendants who were served requests timely responded, or sought brief extensions (which were granted) and then responded.  Ms. Powell did not.  On September 27, Dominion asked Ms. Powell about the status of her past due responses.  Ex. 5 (D. Marvin October 2, 2023 Email), p.4.  Receiving no explanation, on September 29, Dominion followed up again about Ms. Powell's failure to respond.  *Id.*  Only then did Ms. Powell's counsel say that they still intended to seek a stay on Ms. Powell's behalf, along with a protective order that, in their view, would cover the overdue document requests.  Dominion replied that same day and asked to confer on October 2. Ms. Powell's counsel did not respond, and only after Dominion's counsel followed up on October 2, replied that "Dominion can address whatever issues it may have in its response" to the motion to stay.  *Id.* at p.1.

6

## LEGAL STANDARD

Whether to grant a stay while criminal proceedings are pending lies within this Court's broad discretion.  *Horn v. D.C.*, 210 F.R.D. 13, 15 (D.D.C. 2002) ("[T]he mere relationship between criminal and civil proceedings, and the resulting prospect that discovery in the civil case could prejudice the criminal proceedings, does not establish the requisite good cause for a stay." (quoting *United States v. Gieger Transfer Serv., Inc.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997)).  A court may fashion a stay in the "interests of justice" and "in light of the particular circumstances of the case."  *S.E.C. v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980).  "Stays can and should be tailored to avoid undue prejudice."  *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 211 (1989) (also nothing that "a general stay of all civil discovery is not by any means the best option available to the court or to the litigants").

## ARGUMENT

The central issue before this Court is the scope of a partial stay of discovery while Ms. Powell attends her criminal trial.  The U.S. Constitution "does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings."  *Dresser*, 628 F.2d at 1375.  Here, Ms. Powell seeks a 60-day "stay of all discovery on her," Mot. 4, and on Powell, P.C.  Dominion does not oppose her request so long as there are reasonable conditions concerning document productions and disputes attached to the stay to minimize prejudice to Dominion and other parties across the consolidated cases.  To the extent Ms. Powell also seeks a protective order absolving her of the obligations she already failed to meet regarding outstanding discovery demands, any such request is unwarranted and should be denied outright.

## I.      The Court Should Enter Dominion's Proposed Order on Ms. Powell's Motion to Stay

This Court should enter Dominion's proposed order on Ms. Powell's request for a partial stay based on the most significant factors that Courts consider in this Circuit.  Ms. Powell's arguments in support of her proposed stay are flawed and unpersuasive for three reasons:

- *First*, Ms. Powell's analysis of the balance of interests between the parties ignores the obvious prejudice her delay will cause to Dominion and the coordinated cases, burdening the parties and the Court.  In turn, she fails to show how Dominion's reasonable conditions on the partial discovery stay will in fact harm her Fifth Amendment rights or interfere with her criminal case.  Indeed, Dominion's proposal will not.

- *Second*, Ms. Powell's proposed stay will in no way advance judicial efficiency, as the documents Dominion seeks as part of its proposal are those Ms. Powell has either already promised to produce or has already produced in other matters, and delay caused by Ms. Powell's desired stay will hold up the coordinated cases.

- *Third*, the duration of Ms. Powell's proposed stay introduces uncertainty, which weighs against her proposal.  An indefinite stay of this civil proceeding is not justified.

Each point is addressed below in turn.

### A.      The Balance of Party Interests Weights Against Ms. Powell's Proposed Stay

Ms. Powell argues that "the hardships would be minimal for Dominion, and far greater for Ms. Powell."  Mot. 11.  The opposite is true, and Ms. Powell cannot ignore the impact her stay would have on consolidated discovery.

#### 1.      Ms. Powell's Proposal Prejudices Dominion and All Non-Powell Parties

The stay Ms. Powell seeks will prejudice Dominion and all non-Powell parties.  The elephant in the room here is the fact that Ms. Powell's case is consolidated for the purposes of discovery with Dominion's cases against Mr. Lindell / My Pillow, Mr. Giuliani, and OAN, with Mr. Byrne voluntarily coordinating.  *See* ECF Nos. 65 & 97.  These cases share overlapping documents and witnesses.  *See U.S. Dominion. Inc., et al. v. My Pillow, Inc. et al.*, No. 1:21-cv-00045, ECF No. 111 at 17-18 (Joint Meet and Confer Report) & ECF No. 121 (Amended

Scheduling Order); *U.S. Dominion, Inc., et al. v. Herring Networks, Inc., et al.*, No. 1:21-cv-02130-CJN, ECF No. 86 (Dominion's Motion for Entry of a Scheduling Order & Consolidation) & ECF No. 134 (Amended Scheduling Order).  Ms. Powell's documents are relevant across the cases and speak to individuals, events, and other facts significant to each of the other cases.

Ms. Powell's proposal prejudices discovery across the cases.  For example, at depositions taken during the stay, Dominion would be deprived of the ability to question other defendants and third parties about the documents Ms. Powell has not produced (should she be granted a stay and protective order that permit her to halt her document production).  That lack of documents could result in motion practice aimed at obtaining second depositions of witnesses once documents are produced, which is a burden on the deponents, the parties, and the Court.  Ms. Powell's discovery deficiencies likewise hinder Dominion's ability to pursue discovery of parties and third parties based upon what it would learn if it had access to her full production, a point that is particularly acute since the deadline to serve document requests on all parties is October 26, 2023.[4]

Furthermore, as the Court is aware, the parties are at a critical moment, after months of negotiations about productions and a global stipulation on discovery and deposition procedures.  Ms. Powell's participation in discovery dispute resolution is needed for efficient administration of the cases.  This participation should include her participation, at minimum, in the following:

- the Discovery Stipulation (as ordered to be discussed and briefed by the Court at *US Dominion, Inc. et al. v. My Pillow et al.*, 1:21-cv-00445-CJN, 9/21/2023 Minute Entry);

- the Deposition Stipulation (as ordered to be discussed and briefed as above); and

---

[4] Dominion does not oppose a stay of future document requests directed to Ms. Powell or Powell, P.C. so long as the Court suspends the October 26, 2023, deadline to serve document requests as to them.  Dominion proposes an extension of that deadline as to Ms. Powell and Powell, P.C. until 30 days after the stay is lifted, as noted in Dominion's Proposed Order.

- resolution of disputes about over Ms. Powell's documents productions, including meet and confers and motion practice where necessary.

    2.    **<u>Ms. Powell Will Not Suffer Harm From Dominion's Proposal</u>**

On the other side of the equation, Ms. Powell identifies only two potential harms: her resources will be diverted if she responds to discovery requests (and presumably produces documents in response thereto) and her Fifth Amendment rights will be impinged. Neither is accurate.

***First***, Ms. Powell has not established that document discovery would interfere with her criminal case. Nor can she. She claims that her "current discovery obligations in this action would also require that she and her criminal defense counsel divert their attention," Mot. 12. But Ms. Powell appears to have different criminal defense counsel defending her in the Fulton County, Georgia criminal case. *See* Ex. B (Demand for Speedy Trial). She offers no explanation of what involvement her criminal counsel has had or would have in this civil case. And in this civil matter, her civil counsel presumably already has the long-awaited document production and privilege log ready to go (given that they promised both long ago). To the extent Ms. Powell's civil counsel may have more work to do, that is due only to her failure to deliver on prior commitments.

There is no reason to think, and certainly not any substantial showing from Ms. Powell, that limited document discovery in this case would encumber her criminal defense team. Her civil counsel can likewise easily prepare responses to the outstanding document requests and make a production of the requested documents, particularly given that Ms. Powell already gathered and produced the documents sought by the August 24 document requests (because the requests seek prior document productions) or should be able to obtain them easily (since the requests seek litigation materials like expert reports, exhibit lists, and deposition transcripts in her or her

counsel's possession).  Mere rhetoric that counsel's attention would be diverted does not satisfy her burden.

***Second***, Ms. Powell has no right to assert a blanket Fifth Amendment privilege against all discovery requests.  "'There is a presumption against blanket assertions of Fifth Amendment privilege,' [citation omitted], and the law is clear that the privilege against self-incrimination must be asserted on a question-by-question basis." *District Title v. Warren*, 265 F. Supp. 3d 17, 21-22 (D.D.C. 2017) (quoting *United States v. McAllister*, 693 F.3d 572, 583 (6th Cir. 2012)).  As this Court has observed, "a witness generally may not make a blanket assertion of his Fifth Amendment right and refuse to answer any questions or produce any documents in civil litigation" because self-incrimination "issues are context specific…." *Doe v. D.C.*, No. 19-cv-1173, 2021 WL 11132750, at *1-3 (D.D.C. Aug. 19, 2021) (Nichols, J.).  "Instead, the privilege must be assessed on a 'question-by-question basis.'" *Id.*

Here, Ms. Powell has not proven that the document discovery Dominion seeks would harm her Fifth Amendment rights at all.  Ms. Powell's motion refers to the "dilemma" of sitting for depositions.  Mot. 11.  But Dominion does not oppose a stay of depositions of Ms. Powell, or even interrogatories or requests for admission directed to her—even though delaying that written discovery will obviously delay Dominion's ability to develop its case.[5]  Indeed, none of the cases Ms. Powell cites stand for a broad ban on all document discovery, nor has Ms. Powell explained how under the circumstances of this case, the limited document discovery Dominion seeks as part of its proposal would harm her Fifth Amendment rights.

---

[5] Ms. Powell has not satisfied her burden to show a stay is needed for Defendant Powell, P.C. Powell, P.C. is not a criminal defendant in Ms. Powell's criminal case, and Ms. Powell's motion makes no arguments concerning Powell, P.C. That said, to the extent it further alleviates any perceived burden on Ms. Powell's resources and attention, Dominion does not oppose application of a stay to Powell, P.C., on the terms outlined in Dominion's proposed order.

Nor did Ms. Powell articulate any Fifth Amendment concerns before filing this motion. To the contrary, in an email dated August 24, 2023, Ms. Powell's counsel assured Dominion's counsel that she would make her long overdue document production and provide a privilege log without raising Fifth Amendment concerns. Ex. 4. August 24 was more than a week after her indictment was made public, and the day after she surrendered to Fulton County authorities.

And as for the August 24 document requests, Ms. Powell offers no explanation for how documents she has already produced or litigation materials she has exchanged in other matters related to the 2020 Election could be validly withheld on the basis of the Fifth Amendment. Such an argument makes no sense, as she has already produced those documents to and exchanged those litigation materials with other litigants (just not yet to Dominion).

Under these circumstances, it strains credulity to accept that document requests would harm Ms. Powell's Fifth Amendment rights. *See Barry Farm Resident Council, Inc. v. U.S. Dep't of Navy*, No. 96-cv-1450, 1997 WL 118412, at *1 (D.D.C. Feb. 18, 1997) ("Nothing in the Constitution or the laws requires a stay of civil proceedings pending the outcome of parallel criminal proceedings.").

## B.     <u>Dominion's Proposal Will Benefit, Not Burden the Court</u>

Ms. Powell argues that the judicial interest factor weighs in favor of her proposed stay because, she claims, a stay "would avoid anticipated discovery disputes, and sought for (or challenged) protective orders." Mot. 11. Her arguments are speculative and unsupported.

Ms. Powell speculates that, "[s]ome of the discovery Dominion seeks may be produced in the criminal litigation, thereby removing disputes over it." Mot. 11. But the overdue document production and privilege log are not in dispute—Ms. Powell already promised to produce the documents that hit on Dominion's search terms. Ex. 4. She already promised the overdue privilege log. Exs. 3, 4. There are no disputes to resolve.

Ms. Powell could be alluding to the August 24 document requests that she never answered. *See* Ex. E (Dominion's Second Set of Requests for Production to Ms. Powell). But those requests are for documents that have already been gathered and produced or exchanged in other lawsuits, investigations, or disciplinary actions. Dominion has already complied with similar requests from Ms. Powell and other Defendants; it should be uncontroversial for Ms. Powell to do the same. Moreover, there is no evidence that production of documents in her criminal trial would alter the parties' position on the issue—since Dominion is already seeking document productions already made to other parties. Therefore, Ms. Powell's assertion that the criminal case will somehow narrow the document production issues in this case is unsupported.

Contrary to Ms. Powell's assertion, the interests of the Court in advancing the consolidated cases clearly favors Dominion's proposal. Rather than stay all discovery of Ms. Powell, requiring Ms. Powell to fulfill her pending discovery obligations will advance discovery across the consolidated cases. It will enable the parties to knowledgeably depose other witnesses with the benefit of documents produced by Ms. Powell and Powell, P.C., finish issuing document requests against other parties, and resolve discovery disputes. *See supra* § I.A.1.

### C.   <u>The Duration of the Stay Should Be as Short as Possible</u>

Ms. Powell argues for a stay of 60 days, irrespective of when her trial ends. She made the same demand for 60 days back on September 7. At this point, much closer to the start date of Ms. Powell's trial, a full 60-day stay may not be needed. Therefore, Dominion's proposal—a 60-day stay or a stay until the end of Ms. Powell's trial, whichever comes sooner—is the more appropriately tailored relief. *See Parallel Civil and Criminal Proceedings*, 129 F.R.D. at 211 ("Stays can and should be tailored to avoid undue prejudice."); *see also* Mot. 5 (citing *Gala Enterprises, Inc. v. Hewlett Packard Co.*, No. 96 Civ. 4864 DC, 1996 WL 732636, at *3 (S.D.N.Y. Dec. 20, 1996) (recognizing the same)).

## II.  **This Court Should Deny Ms. Powell's Motion for a Protective Order**

Ms. Powell has not shown good cause for a "protective order providing no responses shall be served to any pending discovery demands, including plaintiffs' Second Requests for Production of Documents."  Mot. 1.  Her dilatory conduct and refusal to comply with the Federal Rules are inexcusable.  She should be ordered to respond to valid discovery served more than a month before she sought a stay.

As Dominion has shown in this response, its discovery efforts have been diligent and appropriate.  *See supra* pp. 3-6.  Ms. Powell's chief complaint with the August 24 document requests appears to be that "Dominion quickly served its discovery days after Ms. Powell informed Dominion of her intent to seek the stay."  Mot. 10.  Contrary to Ms. Powell's suggestion, she was not "targeted" in some way; indeed, Dominion on that same day served similar discovery requests on other Defendants from three of the other consolidated or voluntarily coordinated cases.  Regardless, the timing of Dominion's service of valid document requests in relation to a meet and confer is no basis for Ms. Powell's failure to answer properly served discovery.

But perhaps more to the point, Ms. Powell's view that the August 24 discovery requests were somehow slipped in under the wire makes no sense.  ***Ms. Powell did not seek a stay until more than a month later***, on October 4.  On Ms. Powell's telling of it, Dominion should have stood idly by for at least a month or more, waiting to see if Ms. Powell would move for a stay, acquiescing in the false notion that her discovery obligations evaporated the moment she told Dominion's counsel she might seek relief.  That position is untenable: Ms. Powell cannot flout the Federal Rules and delay Dominion's discovery because she may at some point file a motion.  Nor can she fail to give any notice that she would refuse to respond to discovery, ignore counsel's email following up about that discovery, refuse to confer to remedy the issue, and then come to court seeking retrospective equitable relief.

14

Ms. Powell's continued delay in producing documents and efforts to evade discovery obligations further underscore the need for the reasonable guardrails Dominion seeks.  Her request for a protective order is thus inappropriate and should be denied.

## CONCLUSION

For the reasons stated above, Dominion asks that the Court enter its proposed order on the proposed stay and deny Ms. Powell's protective order.

Dated:  October 18, 2023

Thomas A. Clare, P.C.
(D.C. Bar No. 461964)
**CLARE LOCKE LLP**
10 Prince Street
Alexandria, VA 22314
Tel: (202) 628-7400
tom@clarelocke.com

Respectfully submitted,

 _/s/ Laranda Walker_
Laranda Walker (D.C. Bar No. TX0028)
Mary K. Sammons (D.C. Bar No. TX0030)
Jonathan Ross (D.C. Bar No. TX0027)
Elizabeth Hadaway (*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana St., Suite 5100
Houston, TX 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
lwalker@susmangodfrey.com
ksammons@susmangodfrey.com
jross@susmangodfrey.com
ehadaway@susmangodfrey.com

Stephen Shackelford, Jr.
(D.C. Bar No. NY0443)
Eve Levin (D.C. Bar No. 1672808)
Mark Hatch-Miller (*pro hac vice*)
Christina Dieckmann (*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
sshackelford@susmangodfrey.com
elevin@susmangodfrey.com
mhatch-miller@susmangodfrey.com
cdieckmann@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
dbrook@susmangodfrey.com

Edgar Sargent  *pro hac vice*)
Katherine Peaslee (*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 516-3880
esargent@susmangodfrey.com
kpeaslee@susmangodfrey.com

*Attorneys for Plaintiffs*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of October 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

*/s/ Elizabeth Hadaway*
Elizabeth Hadaway
