# Exhibit 4

# Elizabeth Hadaway

| | |
|---|---|
| **From:** | Daniel S. Marvin <Daniel.Marvin@kennedyslaw.com> |
| **Sent:** | Thursday, August 24, 2023 6:45 PM |
| **To:** | Elizabeth Hadaway |
| **Cc:** | Marc Casarino; Joshua A. Mooney; Marc Eisenstein; David C. Tobin; Driscoll, Robert; Joseph D. Sibley; Joe Pull; Andrew Parker; Jill Thorvig; Carry, Alfred; Katie Sammons; Laranda Walker; Dominion ListserveSusmanGodfrey |
| **Subject:** | RE: Dominion v. Giuliani / Lindell / Powell: document collection and searching [KEN-LEGAL.FID45724351] |

EXTERNAL Email

Hi Elizabeth,

We have reviewed the amended search terms and agree to produce the resulting documents. While we stand by our position that Dominion is only entitled to the production of documents that are relevant to the claims or defenses at issue in this litigation, we agree, at your request, to produce all non-privileged documents that resulted from the search term hits without a relevancy review. We will need approximately 2-3 weeks to conduct a privilege review of the documents. We reiterate that to the extent that Dominion produced documents without a relevancy review, that was improper and in violation of the Federal Rules. We understand that you disagree.

We will run terms 19 and 21 and advise you of the results next week. We will also confer with our client re: Tricia@federalappeals.

Dan


Daniel S. Marvin
Partner
for Kennedys

## Kennedys

T +1 646 625 4030
M +1 917 523 3034
F +1 212 832 4920
www.kennedyslaw.com

---

**From:** Elizabeth Hadaway <EHadaway@susmangodfrey.com>
**Sent:** Wednesday, August 23, 2023 5:38 PM
**To:** Daniel S. Marvin <Daniel.Marvin@kennedyslaw.com>
**Cc:** Marc Casarino <Marc.Casarino@kennedyslaw.com>; Joshua A. Mooney <Joshua.Mooney@kennedyslaw.com>; Marc Eisenstein <marc@coburngreenbaum.com>; David C. Tobin <dctobin@tobinoconnor.com>; Driscoll, Robert <rdriscoll@mcglinchey.com>; Joseph D. Sibley <sibley@camarasibley.com>; Joe Pull <Pull@parkerdk.com>; Andrew Parker <Parker@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>; Carry, Alfred <acarry@mcglinchey.com>; Katie Sammons <KSAMMONS@SusmanGodfrey.com>; Laranda Walker <LWalker@susmangodfrey.com>; Dominion ListserveSusmanGodfrey <DOMINION@lists.susmangodfrey.com>
**Subject:** RE: Dominion v. Giuliani / Lindell / Powell: document collection and searching [KEN-LEGAL.FID45724351]

Hi Daniel,

1

It appears your latest email responding to my July 27 email started a new thread.  So that we can keep the communications on one thread, I am responding on the prior thread and have placed your last email above my July 27 email, immediately below this email, for ease of reference.

Following up on your statement below that you would revert, could you please tell us if you have reviewed the amended search terms and whether you are willing to review and produce documents based on those searches?  To confirm, we provided amended versions of term nos. 43, 44, 46, 65, and 63.  We continue to request that you run term nos. 19 and 21.  We have dropped term no. 125.

To date, we have received no hit report from Powell or Powell PC, so we kindly reiterate our request that you provide hit counts based on our search terms, so that we can evaluate any alleged burden that you are claiming and so that we can assess the volume of materials that you are withholding on the basis of the "relevance" review that you are conducting, to which we object.

Furthermore, Dominion formally requests that Powell PC make Tricia@federalappeals.com a custodian.  Please advise whether you will accept this custodian and will search all potential locations, as previously identified in Dominion's June 16 Proposed Stipulation, for responsive materials.

Thank you,

Elizabeth

-----Original Message-----
From: Daniel S. Marvin Daniel.Marvin@kennedyslaw.com
Sent: Thursday, July 27, 2023 2:42 AM
To: Elizabeth Hadaway EHadaway@susmangodfrey.com
Cc: Joe Pull Pull@parkerdk.com; sibley@camarasibley.com; Marc Casarino Marc.Casarino@kennedyslaw.com; Andrew Parker Parker@parkerdk.com; Joshua A. Mooney Joshua.Mooney@kennedyslaw.com; Marc Eisenstein marc@coburngreenbaum.com; dctobin@tobinoconnor.com; Katie Sammons KSAMMONS@SusmanGodfrey.com; Laranda Walker LWalker@susmangodfrey.com; Dominion ListserveSusmanGodfrey

DOMINION@lists.susmangodfrey.com

Subject: Re: Dominion v. Giuliani / Lindell / Powell: document collection and searching [KEN-LEGAL.FID45724351]

EXTERNAL Email

Elizabeth,

Our position is as stated in my July 14 email below, which is clear.

We will review your amended search strings and revert.

Daniel S. Marvin
Partner
for Kennedys

Kennedys
T +1 646 625 4030
M +1 917 523 3034
F +1 212 832 4920
www.kennedyslaw.com

**Elizabeth Hadaway | Susman Godfrey LLP**
o.  713.653.7856  |  c.  512.431.7965
ehadaway@susmangodfrey.com
1000 Louisiana St. | Suite 5100 | Houston, Texas 77002
**HOUSTON  •  LOS ANGELES  •  SEATTLE  •  NEW YORK**

**From:** Elizabeth Hadaway
**Sent:** Thursday, July 27, 2023 12:15 AM
**To:** Daniel S. Marvin <Daniel.Marvin@kennedyslaw.com>; Joe Pull <Pull@parkerdk.com>; sibley@camarasibley.com; Marc Casarino <Marc.Casarino@kennedyslaw.com>; Andrew Parker <parker@parkerdk.com>; Joshua A. Mooney <Joshua.Mooney@kennedyslaw.com>; Marc Eisenstein <marc@coburngreenbaum.com>; dctobin@tobinoconnor.com
**Cc:** Katie Sammons <KSAMMONS@SusmanGodfrey.com>; Laranda Walker <LWalker@susmangodfrey.com>; Dominion ListserveSusmanGodfrey <DOMINION@lists.susmangodfrey.com>
**Subject:** RE: Dominion v. Giuliani / Lindell / Powell: document collection and searching [KEN-LEGAL.FID45724351]

Daniel,

3

Thank you for your email. Please confirm that your position is that Powell will not produce documents that hit on the 8 search terms you identified based on burden, and that you refuse to provide a hit count to substantiate that there would be an undue burden on Powell. To date, you have provided us with no hit counts whatsoever.

As to the particular terms you identified, we have analyzed each, despite the absence of a hit report, and made a good faith effort to accommodate the long syntax in several terms, as well as the Powell-specific nature of term 125.

First, we can amend terms 43, 44, and 65 in the same manner we did for Giuliani. Please see proposed modifications below, which should enable the searches for these terms to run properly:

| New No. | Term |
|---|---|
| 43.a | (Elect* OR vot* OR ballot* OR software* OR machine* OR server* OR glitch* OR evidence* OR algorithm* OR ta… fraud OR count) W/25 (fraud* OR rig* OR fix* OR fake* OR corrupt* OR integrity OR steal* OR stol* OR hijack* … |
| 43.b | (Elect* OR vot* OR ballot* OR software* OR machine* OR server* OR glitch* OR evidence* OR algorithm* OR ta… fraud OR count) W/25 (defam* OR libel* OR slander* OR chang* OR secur* OR problem* OR anomal* OR alter* … |
| 44.a | (elect* OR fraud* OR vot* OR conspir*) AND ("fact check*" OR "fact-check" OR false OR wrong OR lie* OR lying … OR laugh* OR unhinged OR evidence* OR affidavit* OR whistleblower* OR software* OR glitch* OR hack* OR ma… |
| 44.b | (elect* OR fraud* OR vot* OR conspir*) AND (flip* OR cyber* OR secure* OR accura* OR "source code*" OR Mur… OR WSJ* OR "New York Post*" OR "News Corp*" OR "Dow Jones*" OR hoax* OR insan* OR "Truth Social") |
| 65.a | (elect* OR fraud* OR retract* OR Biden* OR president* OR "mail-in" OR vot* OR rating* OR compet* OR fall* … America*" OR Newsmax OR Hannity* OR Bartiromo* OR Pirro* OR Tucker* OR Carlson* OR Dobbs* OR Murdoch… Rechenberg* OR Childers* OR Spicer* OR Gorka* OR Hamill*) |
| 65.b | (elect* OR fraud* OR retract* OR Biden* OR president* OR "mail-in" OR vot* OR rating* OR compet* OR fall* OR a… OR Sellers* OR Schmitt* OR Lindell* OR Bannon* OR Rion* OR Ball* OR "Weekly Briefing" OR "Absolute Proof" … Kerik* OR Eastman* OR Paxton* OR rally* OR rallies*) |

Second, we propose modifications to the below terms as follows:

No. 46a: (POTUS* OR DJT* OR WH* OR campaign* OR president* OR MAGA) AND (fraud* OR rig* OR fix* OR machine* OR conspir* OR flip* OR server* OR hack* OR lawsuit* OR legal* OR craz* OR ridiculous* OR unhinged OR overthrow* OR glitch*)

No. 46b: (POTUS* OR DJT* OR WH* OR campaign* OR president* OR MAGA) AND (defam* OR libel* OR software* OR hardware* OR audit* OR coup OR case* OR suit* OR corrupt* OR manipulat* OR algorithm* OR tabulat* OR code* OR shav* OR cyber* OR delete* OR hoax* OR insan* OR lie* OR lying OR true OR truth)

| | |
|---|---|
| No. 63a: | (POTUS* OR DJT* OR "WH" OR campaign* OR president* OR MAGA OR Fox OR OAN* OR One America* OR Newsmax*) AND (rating* OR revenue* OR advert* OR traffic* OR stock* OR viewer* OR reaction* OR fallout OR freefall* OR compet* OR improv* OR Nielsen) |
| No. 63b: | (POTUS* OR DJT* OR "WH" OR campaign* OR president* OR MAGA OR Fox OR OAN* OR One America* OR Newsmax*) AND (engage OR trend OR angry OR anger OR backlash OR loyal* OR betray* OR abandon*) |

We agree to drop Term No. 125 for Powell and Powell PC, subject to potential re-inclusion in the future.

We do not agree to modifications of term No. 19 and term No.21 absent receipt of a hit report:

    No. 19: Ivanka or Eric or Melania or Donald or Junior or "Jason Miller"

    No. 21: Trump*

Should you produce a hit report for all terms we proposed in our June 2, 2023 proposal that substantiates concerns about burden, we will consider additional modification of these terms to address those concerns.  Please let us know your view.

Thank you,

**Elizabeth Hadaway | Susman Godfrey LLP**
o.  713.653.7856  |  c.  512.431.7965
ehadaway@susmangodfrey.com
1000 Louisiana St. | Suite 5100 | Houston, Texas 77002
HOUSTON  •  LOS ANGELES  •  SEATTLE  •  NEW YORK

---

**From:** Daniel S. Marvin <Daniel.Marvin@kennedyslaw.com>
**Sent:** Thursday, July 20, 2023 10:56 AM
**To:** Laranda Walker <LWalker@susmangodfrey.com>; Joe Pull <Pull@parkerdk.com>; sibley@camarasibley.com; Marc Casarino <Marc.Casarino@kennedyslaw.com>; Andrew Parker <parker@parkerdk.com>; Joshua A. Mooney <Joshua.Mooney@kennedyslaw.com>; Marc Eisenstein <marc@coburngreenbaum.com>; dctobin@tobinoconnor.com
**Cc:** Katie Sammons <KSAMMONS@SusmanGodfrey.com>; Elizabeth Hadaway <EHadaway@susmangodfrey.com>; Bill Dunseth <bdunseth@susmangodfrey.com>; Christopher Maldonado <CMaldonado@susmangodfrey.com>; Brooke Behrens <BBehrens@susmangodfrey.com>; Davida Brook <DBrook@susmangodfrey.com>
**Subject:** RE: Dominion v. Giuliani / Lindell / Powell: document collection and searching [KEN-LEGAL.FID45724351]

==EXTERNAL Email==
Laranda,

Please see embedded responses below.

Dan

Daniel S. Marvin
Partner
for Kennedys

# Kennedys
T +1 646 625 4030
M +1 917 523 3034
F +1 212 832 4920
www.kennedyslaw.com

---

**From:** Laranda Walker <LWalker@susmangodfrey.com>
**Sent:** Thursday, July 20, 2023 11:18 AM
**To:** Daniel S. Marvin <Daniel.Marvin@kennedyslaw.com>; Joe Pull <Pull@parkerdk.com>; sibley@camarasibley.com; Marc Casarino <Marc.Casarino@kennedyslaw.com>; Andrew Parker <parker@parkerdk.com>; Joshua A. Mooney <Joshua.Mooney@kennedyslaw.com>; Marc Eisenstein <marc@coburngreenbaum.com>; dctobin@tobinoconnor.com
**Cc:** Katie Sammons <KSAMMONS@SusmanGodfrey.com>; Elizabeth Hadaway <EHadaway@susmangodfrey.com>; Bill Dunseth <bdunseth@susmangodfrey.com>; Christopher Maldonado <CMaldonado@susmangodfrey.com>; Brooke Behrens <BBehrens@susmangodfrey.com>; Davida Brook <DBrook@susmangodfrey.com>
**Subject:** Re: Dominion v. Giuliani / Lindell / Powell: document collection and searching [KEN-LEGAL.FID45724351]

Dan,

Thank you for your response. A few follow ups:

1. You all indicated during our July 11 meet and confer and in your July 12 email that you would be serving amended responses and objections to clarify what you agree to produce in response to some of Dominion's RFPs. Do you still intend to do that? Yes. Probably this week, but no later than Monday, we will be serving those amended responses together with a substantial production of documents.

2. You state in your email below that you are agreeing to review the results of 146 of Dominion's 152 requested search terms but then say that the results of 8 of Dominion's search terms are too voluminous to reasonably perform a review. Did you mean that you are agreeing to review the results of 144 (rather than 146) of Dominion's requested search terms? If not, would you please clarify? Yes, 144.

3. As for the number of documents resulting from Dominion's proposed search terms, we asked you all to provide hit counts for the search terms we proposed, and so far, we have not received those hit counts. We are happy to work with you all to modify Dominion's proposed search terms to reduce the burden of high-hit-count search terms, and we again ask you to provide hit counts so that we can engage in that process. We will not be providing hit counts but will work with you to narrow the search terms for the 8 referenced terms.

4. Finally, please confirm by COB Friday whether the custodians we proposed on June 2 are employees of Sidney Powell, P.C. so that Dominion can move forward with third-party discovery as necessary. Understood.

Regards,
Laranda

---

**From:** "Daniel S. Marvin" <Daniel.Marvin@kennedyslaw.com>
**Date:** Friday, July 14, 2023 at 4:12 PM
**To:** Laranda Walker <LWalker@susmangodfrey.com>, Joe Pull <Pull@parkerdk.com>,

6

"sibley@camarasibley.com" <sibley@camarasibley.com>, Marc Casarino <Marc.Casarino@kennedyslaw.com>, Andrew Parker <parker@parkerdk.com>, "Joshua A. Mooney" <Joshua.Mooney@kennedyslaw.com>, Marc Eisenstein <marc@coburngreenbaum.com>, "dctobin@tobinoconnor.com" <dctobin@tobinoconnor.com>
**Cc:** Katie Sammons <KSAMMONS@SusmanGodfrey.com>, Elizabeth Hadaway <EHadaway@susmangodfrey.com>, Billy Dunseth <bdunseth@susmangodfrey.com>, Christopher Maldonado <CMaldonado@susmangodfrey.com>, Brooke Behrens <BBehrens@susmangodfrey.com>
**Subject:** RE: Dominion v. Giuliani / Lindell / Powell: document collection and searching [KEN-LEGAL.FID45724351]

EXTERNAL Email
Hi Laranda,

We like to follow up on our discussion from last week and provide you the information we promised, as well as outline the review we are undertaking with respect to those RTPs that are objectionable.

Just to clarify, the Powell Defendants object to RTPS 1-9, 18-20, 28, 31-32, 34-37 and 50 as all-encompassing demands that do not meet FRCP 34(b)(1)(a)'s requirement that the contents of a request describe with reasonable particularity each item or category of items to be inspected. In particular, those demands seek all documents and/or all communications with respect to certain areas of inquiry, irrespective of relevancy to the claims in the litigation. While you may disagree, that is our position. And as you know, requests that seek "All Documents" or "All Communications" without tailoring to the issues in a litigation are *per se* violative of the 2015 Amendments to the FRCP.

That being said, and without waving our objections or any rights thereto, we have been undertaking, for some time, a reasonable and good-faith search for documents that are responsive to those requests and relevant to the parties' claims or defenses and will produce the resulting non-privileged documents to Dominion.

In addition, in order to move things forward in good faith, we are agreeing to review the results of a search terms query for 146 of Dominion's 152 requested search terms, notwithstanding that many appear irrelevant to this matter. The documents from the search terms will be reviewed by us, and those relevant to any claims or defenses will be produced, subject to privilege.

With respect the remaining 8 Dominion search terms (19, 21, 43, 44, 46, 63, 65 and 125), which are mostly search strings, the results are too voluminous for us to reasonably perform a review pursuant to Rules 26 and 34. We will work with Dominion to try to narrow those queries to something more reasonable.

To answer a few of your questions.

1. Confirm the locations where potentially responsive custodial and non-custodial documents are kept and whether they have been/will be searched. Please also provide a description of how you went about determining these locations. Please also indicate whether the search will rely on search terms or other means.

    We conferred with our client in order to determine the location of potentially responsive documents, which are contained on computer/mobile devices.

2. Confirm you did not (and will not) use any form of technology assisted review in searching for and reviewing documents for production in this litigation.

    Confirmed.

3. Confirm whether you have used search terms in gathering documents in response to Dominion's RFPs and, if so, which search terms you used.

    Search terms were used by us to gather documents. We will compare those against the 152 search terms provided by Dominion and advise of any additional terms that were used.

4. Identify the custodians from whom you have collected documents in connection with this litigation.

   We collected Documents from Sidney Powell and Sidney Powell, P.C. As discussed, we don't believe the custodial names you provided were employees of Sidney Powell, P.C. but are confirming.

Finally, while we appreciate that you believe that you have been "very forthcoming" and provided a vast amount of information regarding Dominion's document collection and production, we disagree. While there are several reasons, we will just note that your claim is belied by the fact that Dominion is responding to our document requests by doing little more than a search term query and document dump of the results, without any due consideration to the requirements of the Federal Rules. We reiterate that production in that manner is unacceptable to us and is going to result in unnecessary motion practice.

Please let us know if you have any questions.

Dan


Daniel S. Marvin
Partner
for Kennedys

**Kennedys**
T +1 646 625 4030
M +1 917 523 3034
F +1 212 832 4920
www.kennedyslaw.com

---

**From:** Laranda Walker <LWalker@susmangodfrey.com>
**Sent:** Friday, July 14, 2023 9:51 AM
**To:** Joe Pull <Pull@parkerdk.com>; sibley@camarasibley.com; Marc Casarino <Marc.Casarino@kennedyslaw.com>; Andrew Parker <parker@parkerdk.com>; Joshua A. Mooney <Joshua.Mooney@kennedyslaw.com>; Daniel S. Marvin <Daniel.Marvin@kennedyslaw.com>; Marc Eisenstein <marc@coburngreenbaum.com>; dctobin@tobinoconnor.com
**Cc:** Katie Sammons <KSAMMONS@SusmanGodfrey.com>; Elizabeth Hadaway <EHadaway@susmangodfrey.com>; Bill Dunseth <bdunseth@susmangodfrey.com>; Christopher Maldonado <CMaldonado@susmangodfrey.com>; Brooke Behrens <BBehrens@susmangodfrey.com>
**Subject:** Dominion v. Giuliani / Lindell / Powell: document collection and searching

Counsel,

I write to follow up on one of the issues discussed during our June 28 meet and confer regarding Dominion's proposed discovery stipulation. Dominion proposed in Section 5 of the draft stipulation that the parties conduct 30(b)(6) depositions and custodial interviews to ensure transparency and understanding as to the locations of responsive custodial and non-custodial documents and methods used to gather and search for responsive documents. Our understanding from the meet and confer is that neither the MyPillow/Lindell defendants nor the Powell/Powell PC defendants agree to participate in the process as outlined in Dominion's draft stipulation. Nevertheless, we remain hopeful that, even if outside the context of Dominion's proposed stipulation, the parties can agree to transparency.

You will recall that on March 22, we asked the defendants in each of these three cases to provide certain information so that we could better understand who the potential custodians are and how documents are being searched for and produced in these cases. I don't recall ever receiving a response from defendants in the *Powell* or *Giuliani* cases. The MyPillow/Lindell defendants indicated on April 24 and May 18 that they:

1. Gathered documents for review and production by running search terms against the entire MyPillow email archive, without regard to custodian, for the period after January 1, 2020
2. Searched the individual computers for responsive documents and conducted a check for physical documents with respect to the following employees:
    a. Dawn Curtis-Dollerschell
    b. Kim Rasmussen
    c. Katelyn Gamlin
    d. Shannon Smith
    e. Nick Dressen
    f. Todd Carter
3. Searched the corporate phone issued to Katelyn Gamlin (but none of the phones belonging or issued to the other 5 custodians listed above)
4. Used the six search terms listed below to (1) collect documents from the hard drives of the individuals listed in #2 (a-f), above, and (2) initially collect documents for review from the MyPillow email archive:
    a. (machine OR machines OR machinery) AND (vote OR voting OR votes OR voter) AFTER January 1, 2020
    b. ES&S OR Dominion OR Gems OR Hart OR Diebold OR Intercivic OR "Election Systems & Software" AFTER January 1, 2020
    c. (cover-up OR "fraud! OR corrupt!) AND (election or machine or vote or voting or ballot) AFTER January 1, 2020
    d. Algorithm AFTER January 1, 2020
    e. elect!  AND (hack! OR stol!  OR steal!) AFTER January 1, 2020
    f. China AFTER January 1, 2020 AND (elect! OR Vot! OR Machine!) but NOT MyStore OR My Store AFTER January 1, 2020
5. Collected from the MyPillow email archive, without regard to custodian, using the search terms listed in the attachment to their May 18 email
6. Collected the entire image of Michael Lindell's cell phone, without the use of search terms, and are reviewing for production any documents that hit on any of the search terms listed in the attachment to their May 18 email
7. Intend to produce Michael Lindell's Twitter account communications
8. Are not limiting their production to emails and app data and will produce, for example, income statements (2018-2022), balance sheets (2018-2022), and Form 1120S tax returns (2018-2021)
9. Will not produce Signal messages because Michael Lindell cannot access his Signal account

Unless you tell us otherwise, we will assume the above accurately reflects what the MyPillow/Lindell defendants have done/are doing with respect to their document productions. **We ask that the MyPillow/Lindell defendants please provide the following additional information:**
1. Confirm the locations where potentially responsive custodial and non-custodial documents are kept and whether they have been/will be searched. Please also provide a description of how MyPillow/Lindell went about determining these locations.  Please also indicate whether the search will rely on search terms or other means.
2. Confirm you did not (and will not) use any form of technology assisted review in searching for and reviewing documents for production in this litigation.
3. Confirm which of the individuals listed on page 1 of Exhibit 3 to Dominion's proposed stipulation you are **not** agreeing to accept as a custodian.

4. For any of the individuals you **do** agree to treat as a custodian, please confirm that you have inquired as to whether they used any personal device, personal email, texts or other non-email messaging forms to communicate with anyone about information relevant to this litigation (including the topics of inquiry outlined on pages 5-6 of the draft stipulation) and whether you specifically asked about each application listed on Exhibit 4 to Dominion's proposed stipulation.  If you are not willing to inquire about any of the topics of inquiry outlined on pages 5-6 of the draft stipulation, or any of the applications listed on Exhibit 4, please identify which ones. And to the extent the answer is yes to any of the above, please confirm that you will collect and produce all non-duplicative, non-privileged information.
5. For any individuals you **do** agree to treat as a custodian, please confirm that you have inquired as to whether they used any work email, work desktop computer, work laptop, network files, Dropbox, OneDrive, paper, personal desktop, personal laptop, etc. for information relevant to this litigation (including the topics of inquiry outlined on pages 5-6 of the draft stipulation).  And to the extent the answer is yes, you will collect and produce all non-duplicative, non-privileged information.

**We ask that defendants in the *Powell* and *Giuliani* cases please provide the following information:**
1. Confirm the locations where potentially responsive custodial and non-custodial documents are kept and whether they have been/will be searched.  Please also provide a description of how you went about determining these locations.  Please also indicate whether the search will rely on search terms or other means.
2. Confirm you did not (and will not) use any form of technology assisted review in searching for and reviewing documents for production in this litigation.
3. Confirm whether you have used search terms in gathering documents in response to Dominion's RFPs and, if so, which search terms you used.
4. Identify the custodians from whom you have collected documents in connection with this litigation.
5. Confirm which of Dominion's proposed custodians for your case (see Exhibit 3 to Dominion's proposed stipulation) you are **not** agreeing to accept as a custodian.
6. For any of the individuals you **do** agree to treat as a custodian, please confirm that you have inquired as to whether they used any personal device, personal email, texts or other non-email messaging forms to communicate with anyone about information relevant to this litigation (including the topics of inquiry outlined on pages 5-6 of the draft stipulation) and whether you specifically asked about each application listed on Exhibit 4 to Dominion's proposed stipulation.  If you are not willing to inquire about any of the topics of inquiry outlined on pages 5-6 of the draft stipulation, or any of the applications listed on Exhibit 4, please identify which ones. And to the extent the answer is yes to any of the above, please confirm that you will collect and produce all non-duplicative, non-privileged information.
7. For any individuals you **do** agree to treat as a custodian, please confirm that you have inquired as to whether they used any work email, work desktop computer, work laptop, network files, Dropbox, OneDrive, paper, personal desktop, personal laptop, etc. for information relevant to this litigation (including the topics of inquiry outlined on pages 5-6 of the draft stipulation).  And to the extent the answer is yes, you will collect and produce all non-duplicative, non-privileged information.

We have been very forthcoming and provided a vast amount of information regarding Dominion's document collection and production, and we remain willing to answer additional questions. We ask that defendants be equally transparent.

Regards,
Laranda

**Laranda Moffett Walker | Partner**
**Susman Godfrey LLP**
1000 Louisiana St. | Suite 5100 | Houston, Texas 77002
**HOUSTON  •  LOS ANGELES  •  SEATTLE  •  NEW YORK**
Office:  713.653.7842
Mobile:  225.485.4533

My Bio

This email has been scanned for viruses and malicious content by Kennedys email security service provided by Mimecast. For more information on email security, visit http://www.mimecast.com

**General Data Protection Regulations** - From 25 May 2018 to the extent that we are currently in a contract with you or are intending to enter into a contract that involves processing the data of individuals in the EU, we would ask you to note the terms of our GDPR Privacy Policy, also our Client Terms of Business to the extent that we have not already agreed GDPR variations with you and, if you supply any products or services to us, our Supplier Terms of Business each of which will apply to all existing and future dealings between us as appropriate.

Please be aware of the increase in cybercrime and fraud. If you receive an email purporting to be from someone at Kennedys which seeks to direct a payment to bank details which differ from those which we have already given you (in our retainer letter and on our invoices) it is unlikely to be genuine. Please do not reply to the email or act on any information contained in it but contact us immediately.

Kennedys is a trading name of Kennedys CMK LLP, a limited liability partnership with registration number 045017416. Our registered office is at 120 Mountain View Boulevard, Basking Ridge, New Jersey 07920. The information contained in this transmission may be privileged and confidential and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. If you have received this transmission in error, please immediately notify the sender and then delete it.

This email has been scanned for viruses and malicious content by Kennedys email security service provided by Mimecast. For more information on email security, visit http://www.mimecast.com/