IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

US DOMINION, INC., DOMINION VOTING )
SYSTEMS, INC., and DOMINION VOTING )
SYSTEMS CORPORATION, )
)
   *Plaintiffs*, ) No. 1:21-cv-00040 (CJN)
)
   v. )
)
SIDNEY POWELL, SIDNEY POWELL, )
P.C., and DEFENDING THE REPUBLIC, INC., )
)
   *Defendants.* )

**POWELL DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR ORDER ADOPTING DISCOVERY PROTOCOL
JOINTLY PROPOSED BY ALL DEFENDANTS**

**KENNEDYS CMK LLP**

Joshua A. Mooney DC Bar No. 471866
1600 Market Street, Suite 1410
Philadelphia, PA 19103
Tel: 267-479-6700
Joshua.Mooney@kennedyslaw.com

Marc Casarino, pro hac vice
919 N. Market Street, Suite 1550
Wilmington, DE 19801
Tel: 302-308-6647
Email: marc.casarino@kennedyslaw.com

Michael J. Tricarico, pro hac vice
570 Lexington Avenue, 8th Floor
New York, New York 10022
Tel: (646) 625-3952
Email: Michael.tricarico@kennedyslaw.com

*Attorneys for Defendant Sidney Powell and
Sidney Powell, P.C.*

**TABLE OF CONTENTS**

SUMMARY ............................................................................................................................. 1

BACKGROUND .................................................................................................................... 3

GOVERNING STANDARDS ................................................................................................ 6

ARGUMENT .......................................................................................................................... 7

    I.   DOMINION'S PRODUCTION OF "HITS" VIOLATES RULES 26 AND 34 .................. 7

        A.  Courts Prohibit Document Dumps. ............................................................................ 7

        B.  Rules 26 and 34 Require Documents to be Relevant, Responsive, and Produced in an Organized Manner. ................................................................................................. 8

    II.  HIT REPORTS OR MICROMANAGED INTERVIEWS ARE UNNECESSARY ......... 12

        A.  Hit Reports Further Manifest Dominion's Flawed Discovery Process. .................... 12

        B.  Dominion's Proscribed Custodian Interviews are Unnecessary and Burdensome. ....... 12

CONCLUSION ..................................................................................................................... 13

# TABLE OF AUTHORITIES

Pages

*Barnes v. D.C.*,
   289 F.R.D. 1 (D.D.C. 2012) ................................................................................................ 9

*Bombardier Recreational Prod., Inc. v. Arctic Cat, Inc.*,
   2014 WL 10714011 (D. Minn. Dec. 5, 2014) ................................................................ 9, 12

*Breunlin v. Vill. of Oak Park*,
   2008 WL 2787473 (N.D. Ill. July 17, 2008) ..................................................................... 11

*Burnett v. United States*,
   2016 WL 3392263 (C.D. Cal. June 14, 2016) ..................................................................... 9

*City of Colton v. Amer. Promotional Events., Inc.*,
   277 F.R.D. 578 (C.D. Cal. 2011) ...................................................................................... 10

*DL v. D.C.*,
   274 F.R.D. 320 (D.D.C. 2011) ............................................................................................ 6

*DR Distributors, LLC v. 21 Century Smoking, Inc.*,
   513 F. Supp. 3d 839 (N.D. Ill. 2021) ................................................................................ 12

*Excellent Home Care Servs., LLC v. FGA, Inc.*,
   2017 WL 9732082 (E.D.N.Y. June 5, 2017) .................................................................... 10

*Franco–Gonzalez v. Holder*,
   2013 WL 8116823 (C.D. Cal. May 3, 2013) .................................................................... 10

*Graske v. Auto–Owners Ins. Co.*,
   647 F. Supp. 2d 1105 (D. Neb. 2009) ................................................................................. 7

*Haddad v. Sears Roebuck & Co.*,
   2005 WL 8154529 (E.D. Mich. Feb. 7, 2005) .................................................................. 10

*Haughton v. D.C.*,
   315 F.R.D. 424 (D.D.C. 2014) .................................................................................... 10, 11

*Haughton v. District of Columbia*,
   161 F. Supp. 3d 100 (D.D.C. 2014) ............................................................................. 7, 11

*HIRECounsel D.C., LLC v. Thuemmler*,
   2008 WL 11504116 (D.D.C. Jan. 29, 2008) ....................................................................... 7

*Jewish War Veterans of the U.S. of Am., Inc. v. Gates*,
   506 F. Supp. 2d 30 (D.D.C. 2007) ...................................................................................... 9

*Kline v. Berry*,
   287 F.R.D. 75 (D.D.C. 2012) ............................................................................................... 7

*Lexington Luminance LLC v. Feit Elec. Co., Inc.*,
   2020 WL 10052403 (C.D. Cal. July 8, 2020) ................................................................... 11

*Minter v. Wells Fargo Bank, N.A.*,
   286 F.R.D. 273 (D. Md. 2012) .......................................................................................... 11

*Perkins v. City of Modesto*,
   2020 WL 1333109 (E.D. Cal. Mar. 23, 2020) ................................................................... 10

*S.E.C. v. Collins & Aikman Corp.*,
   256 F.R.D. 403 (S.D.N.Y. Jan. 13, 2009) ......................................................................... 10

*Stooksbury v. Ross*,
   528 Fed. App'x 547 (6th Cir. 2013) ................................................................................ 7, 8

*Swan Glob. Invs., LLC v. Young*,
   2020 WL 5204293 (D. Colo. June 5, 2020), *report and rec. adopted*,
   2020 WL 9432880 (D. Colo. Dec. 10, 2020) ..................................................................... 8

*Westfall v. Ass'n of Universities for Rsch. in Astronomy*,
   2023 WL 1782120 (D. Ariz. Feb. 6, 2023) .................................................................. 9, 11

*Wonderland Switzerland AG v. Britax Child Safety, Inc.*,
   2020 WL 6365382 (D.S.C. Oct. 29, 2020) ......................................................................... 7

*Youngevity Int'l Corp. v. Smith*,
   2017 WL 6541106 (S.D. Cal. Dec. 21, 2017)................................................................... 12

**Rules**

Fed. R. Civ. Pro. 26 .................................................................................................... *passim*

Fed. R. Civ. Pro. 34 .................................................................................................... *passim*

## SUMMARY

Defendants Sidney Powell and Sidney Powell, PC (collectively, Powell), move the Court to adopt Defendants' proposed Discovery Protocol. Ex. A. It *alone* tracks the Federal Rules of Civil Procedure.

While the parties reached agreement on some issues, they disagreed where Dominion's "Stipulation" strips away bedrock principles and guardrails under Fed. R. Civ Pro. 26 and 34 to facilitate data dumps, and needles in haystacks. As described in its own emails, Dominion seeks to rewrite the rules of discovery whereby search queries are run and any non-privileged "*hit*" must be produced regardless of the document's relevancy to the lawsuit or responsiveness to a request.

> *"Dominion agreed to produce responsive documents if they are located (i.e., "hit") using search terms we gave you."*     -- 7/18/2023 email (Exhibit B).

> *"[A]s stated in our responses and confirmed in past conferences, Dominion is not affirmatively searching for documents responsive to those requests. Dominion will not specifically search for responsive documents."*

> *"... We did not, nor do we intend to, limit search terms only to allegations of the complaint. Nor are we engaging in a second-level manual responsiveness review. If the document hits on search terms and is non-privileged, we are producing it."*     -- both 7/10/2023 email (Exhibit B).

The results have been ***an unmitigated data dump.*** Dominion has produced over 8,400,000 pages of documents. Out of the first 678,195 documents reviewed to date by Powell, ***only 3.5%*** are relevant and responsive under Rule 26(b). Nor does the production comply with Rule 34.

The sheer absurdity of Dominion's productions so far, and which it seeks to continue, is illustrated by its response to Powell's basic request for "any documents that mention or refer to the Powell Defendants." Rather than conduct a search pursuant to Rule 26 for relevant documents that are responsive to the request, Dominion advised that it would "not specifically search for responsive documents," and instead ***dumped nearly 1 million pages*** on Powell **having <u>nothing</u> to**

1

*do with Powell or the lawsuit.* The documents were produced because they "hit" the surname "Powell," including voter rolls with voters named "Powell," election ballots for candidates named "Powell," and polling stations with the surname "Powell," like "Powell Middle School."

This is just one example.

Dominion claims that Powell's demands for documents that are both relevant and responsive is unjust and burdensome. The claim is misleading and disingenuous. First, it ignores the express language of Rules 26 and 34, which limit discovery to "relevant" information and require the production of documents in an organized manner. Second, Dominion's proposed "Stipulation" shifts the burden of locating relevant and responsive discovery to Powell (and other Defendants), forcing them to wade through the very marsh of documents Dominion's process creates and which Dominion refuses to sift. Third, *as Dominion concedes it has conducted a privilege review, Dominion can determine if documents are relevant and responsive during that same review*. This third point bears repeating – as Dominion already is reviewing documents for privilege, its refusal to review for relevancy and responsiveness reveals that its failure to adhere to Rule 26 is not the result of burden, but the product of deliberate strategy. Dominion's refusal to produce documents under Rule 34 reflects the same strategy by enabling Dominion to build a mountain of irrelevant material that each Defendants must scale to locate the relatively few documents that are relevant to the particular litigation and responsive to the particular request.

Dominion's demands for "hit" counts and micromanaged custodian interviews also should be rejected. The "hit" reports have no basis in the Federal Rules of Civil Procedure. Nor are they informative, as they are an extension of Dominion's misguided view that a "hit" means that a document is relevant and responsive. Provisions for custodian reports with dictated questions are unneeded. The Federal Rules of Civil Procedure and caselaw establish requirements. Dominion

2

need not micromanage the law. Dominion's position is further jarring when it insists (absurdly) that third parties over whom Powell has no control be labeled as Powell custodians.

Powell advocates nothing that is complicated or controversial. The Federal Rules of Civil Procedure should govern. The parties should be bound by the same requirements that have governed litigants for the last 50-plus years. Powell joins the motion filed by Herring Defendants, and respectfully requests the Court to adopt Defendants' proposed Discovery Protocol.

## BACKGROUND

Dominion has sued Powell for defamation from several statements made by Ms. Powell. Defamation is not a complicated tort. Nor should the discovery of this lawsuit be complicated. Defendants' proposed Discovery Protocol adheres to this principle.[1]

Fed. R. Civ. Pro. 26(b) states in part that a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" It contemplates a two-part filter: (i) identification of documents that are relevant to any party's claim or defense and (ii) within that sub-universe of documents, those that are responsive to the request itself. Fed. R. Civ. Pro. 34(b) states that "[u]nless otherwise stipulated or ordered by the court," a party "must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."

The Discovery Protocol adheres to these bedrock principles. For instance, Section 6 of the Protocol states that "[a] producing party is obligated to produce only those documents or ESI that *are responsive and relevant to a pending discovery request in accordance with FRCP 26 and 34.*" Further, while the use of search queries can be a tool agreed to by the partis to assist with the

---

[1] Exhibit A is a true and correct copy of Defendants' proposed Discovery Protocol.

conduct of discovery, search queries are *"not a substitute for such responsiveness and relevancy review, or any other requirement in the Federal Rules of Civil Procedure."*

Section 8(a) of the Protocol states that *"[a] party's [ESI and document] production must comply with FRCP 34(b)(2)(E)(i),* meaning a producing party must produce responsive documents and ESI as they are kept in the usual course of business or must organize and label them to correspond to the categories in the requesting party's pending discovery requests." Section 8(c) states that any supplemental discovery responses are *governed by Fed. R. Civ. Pro. 26(e).*

Dominion objected to these fundamental protocols, and its self-titled "Stipulation"[2] strips them away. In Dominion's world, if a document "hits" on a search query, it is "responsive" and Dominion may produce it, no matter how absurd the results. As a result, document dumps have grinded the lawsuit down and incurred significant costs upon Powell (and other Defendants). Here is one example of the absurdity of Dominion's proposed discovery.

In response to the very basic request for "documents that mention or refer to the Powell Defendants," Dominion dumped nearly 1 million pages on Powell having nothing to do with Powell or the lawsuit. *See* Ex. D.[3] When trying to fully ascertain Dominion's position to raise the issue with the Court, Dominion's counsel advised in part:

> Thank you for your email. I believe you are referring to Request Nos. 6, 7, 10, 11, 13, 15, 32, and 34 from Powell's Second Requests for Production. With that understanding, I can confirm that Dominion is not withholding documents responsive to those requests. ***Nonetheless, as stated in our responses and confirmed in past conferences, Dominion is not affirmatively searching for documents responsive to those requests: "Dominion will not specifically search for responsive documents.*** However, to the

---

[2] To be clear, it is not a "Stipulation." Powell did not agree to it.

[3] Exhibit D is a true and correct list of "Powell" documents produced by Dominion to date.

4

> extent Dominion locates such documents in response to search terms properly focused on *uncovering relevant information*, Dominion will not withhold the documents from production." Dominion Responses to Powell 2nd RFPs, 6, 7, 10, 11, 13, 15, 32, 34.
>
> Turning to your second paragraph, your understanding is not consistent with Dominion's document collection and production process. Dominion is producing documents responsive to your requests without the limitation you described. Specifically, Dominion is using search terms broad enough to cover the vast majority of the documents that would be responsive to the requests you served. ***We did not, nor do we intend to, limit search terms only to allegations of the complaint. Nor are we engaging in a second-level manual responsiveness review. If the document hits on search terms and is non-privileged, we are producing it.***

Exhibit B (bold/italics added).[4] No agreement was reached by the parties. Indeed, although the email conceded – perhaps inadvertently – that Dominion was in fact reviewing documents (for privilege) and that relevancy is an essential component of discovery, Dominion remained steadfast in its position of discovery by hits.

When Powell sought further clarity regarding the incredulous position that "Dominion is not affirmatively searching for documents responsive [to Powell's discovery requests]," Dominion dug in. Perhaps sensing the absurdity of the position, Dominion further contended that there was "no issue" for the Court, citing its self-serving and self-styled "Stipulation":

> … We don't understand what "issue" you think is ripe for the Court's review. As far as we are concerned, there isn't one.
>
> For the requests being discussed (from Powell's Second requests), ***Dominion agreed to produce responsive documents if they are located (i.e., "hit") using the search terms we gave you.*** We did not agree to add search terms beyond what we're running that would be designed specifically to capture those documents. We said, though,

---

[4] Exhibit B is a true and correct copy of the email chain with the July 18, 2023 email of Katie Sammons and the July 10, 2023 email of Elizabeth Hadaway, counsel for Dominion.

> that if you disagree that our terms are adequate to locate those documents, you should propose additional terms. You refused. After much back and forth, though, we then reached this agreement: Dominion would produce documents that hit on the search terms we told you we were running ***and, if you conclude that you haven't received documents you asked for, you tell us and we'll discuss with you whether additional terms should be run***. Given all of this, can you please explain where you see an issue?
>
> Also, your sentence about RFP 9 is unintelligible. We have not refused to produce documents responsive to this request. ***See Dominion's Proposed Stipulation.*** So what are you saying?
>
> In any case, we don't agree that there's anything to raise with the Court.

Exhibit B (bold/italics added).

Dominion's counsel then followed up, representing that "*[a]ll the documents Dominion has produced in Vols. 001-009 are responsive to Powell's Requests for Production*" (approximately 678,195 documents). Ex. C.[5] That production, however, includes hundreds of thousands of pages of voter rolls with voters named "Powell"; election ballots with candidates named "Powell"; and polling stations with the surname "Powell," like "Powell Middle School." Ex. C; Ex. D.

This is just one example. This is the discovery Dominion advocates.

## GOVERNING STANDARDS

Rule 26 governs the scope of discovery. *DL v. D.C.*, 274 F.R.D. 320, 324 (D.D.C. 2011). "Rule 34 governs document production and provides that a party may request that any other party produce documents within the scope of Rule 26(b)." *Id.*

---

[5] Exhibit C is a true and correct copy of the July 25, 2023 email of Elizabeth Hadaway.
6

## ARGUMENT

### I. DOMINION'S PRODUCTION OF "HITS" VIOLATES RULES 26 AND 34

"The term 'document dump' is often used to refer to the production of voluminous and mostly unresponsive documents without identification of specific pages or portions of documents which are responsive to the discovery requests." *Wonderland Switzerland AG v. Britax Child Safety, Inc.*, 2020 WL 6365382, at *5 n.1 (D.S.C. Oct. 29, 2020) (citing *Stooksbury v. Ross*, 528 Fed. App'x 547, 550 (6th Cir. 2013)). That is quintessentially what Dominion already has done here. Under Dominion's "Stipulation," Dominion has and will continue to bury Powell with impermissible document dumps.

#### A. Courts Prohibit Document Dumps.

As a general matter, this Court and other federal districts have long prohibited document dumps, recognizing them as a means to obscure and weaponize discovery. *E.g., Haughton v. District of Columbia*, 161 F. Supp. 3d 100, 102-03 (D.D.C. 2014) ("even if the burden were the same ... the responding party still must 'specify [ ] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could'") (*Haughton II*); *Kline v. Berry*, 287 F.R.D. 75, 80 (D.D.C. 2012) (requiring plaintiff to specify documents within EEOC investigative report rather than refer to entire report); *HIRECounsel D.C., LLC v. Thuemmler*, 2008 WL 11504116, at *4 (D.D.C. Jan. 29, 2008) (producing 56,000 pages without identifying responsive documents or road map to responsive documents was "classic" document dump); *Graske v. Auto–Owners Ins. Co.*, 647 F. Supp. 2d 1105, 1108–1109 (D. Neb. 2009) ("It is not sufficient for a responding party to simply direct the interrogating party to a mass of business records.").

Under the guardrails of the Federal Rules of Civil Procedure, especially Rules 26 and 34, a party must contain its production to documents that are both relevant and proportional to the litigation matter and responsive to the request, and in an organized manner through which a party may locate those documents.[6] *Swan Glob. Invs., LLC v. Young*, 2020 WL 5204293, at *7 (D. Colo. June 5, 2020), *report and rec. adopted*, 2020 WL 9432880 (D. Colo. Dec. 10, 2020) ("And Swan Global's 'document dump' of thousands of unreviewed pages of material, without any categorization or indication as to how the documents relate to Mr. Young's requests for production or were relevant to the case, was inexcusable.").[7]

Dominion's "Stipulation" was designed to create document dumps. For this reason alone, the search query and "hit" processes advocated by Dominion should be rejected in favor of Defendants' proposed Discovery Protocol.

### B. Rules 26 and 34 Require Documents to be Relevant, Responsive, and Produced in an Organized Manner.

Dominion's contention that document "relevancy" is a secondary "responsive" review neither warranted nor mandated under the Federal Rules of Civil Procedure is a complete fallacy. The claim is further undermined by Dominion's own words. Its counsel admitted that Dominion is already reviewing the documents (but apparently only for privilege) – and therefore, may

---

[6] Fed. R. Civ. Pro. 26(b)(1) identifies six factors for determining appropriate proportionality: "(1) the importance of the issues at stake in this action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit."

[7] *See also Stooksbury v. Ross*, 528 Fed. App'x 547, 553 (6th Cir. 2013) (affirming default judgment sanction in part for party's 40,000-page "document dump of mostly unresponsive information").

8

conduct a relevancy review at the same time. Ex. B. In the same email, counsel also admitted that document relevancy is a necessary component of discovery, noting that search queries should be "properly focused on uncovering *relevant* information." *Id.* (emphasis added).

To prevent document dumps, Fed. R. Civ. Pro. 26(b) requires discovery responses, including document productions, to be both relevant to the lawsuit in question and responsive to the discovery requests in question. *See* Fed. R. Civ. Pro. 26(b) (discovery may be had "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action ... if the information sought appears reasonably calculated to the discovery of admissible evidence"); *Jewish War Veterans of the U.S. of Am., Inc. v. Gates*, 506 F. Supp. 2d 30, 50 (D.D.C. 2007) (holding documents both relevant under discovery standards *and* responsive to the requests at hand); *Barnes v. D.C.*, 289 F.R.D. 1, 25 (D.D.C. 2012) (holding documents sought were "clearly relevant under Rule 26(b)(1) *and* responsive to plaintiffs' prior document requests") (emphasis added); *Bombardier Recreational Prod., Inc. v. Arctic Cat, Inc.*, 2014 WL 10714011, at *14 (D. Minn. Dec. 5, 2014) ("the law encourages relevancy screening in an effort to avoid large, largely nonresponsive document dumps meant to obscure and cloak relevant documents").

A party may serve document requests within the scope of Rule 26(b), and the responding party "has a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production." *Westfall v. Ass'n of Universities for Rsch. in Astronomy*, 2023 WL 1782120, at *2 (D. Ariz. Feb. 6, 2023) (citing *Burnett v. United States*, 2016 WL 3392263, at *6 (C.D. Cal. June 14, 2016)).

"A party producing documents in response to a request for production must produce those records as they are kept in the normal course of business or must "organize and label them to correspond to the categories in the request." *Id;* Fed. R. Civ. Pro. 34(b)(2)(E). "Rule 34 is generally

designed to facilitate discovery of relevant information by preventing attempts to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents." *Franco–Gonzalez v. Holder*, 2013 WL 8116823, at *4 (C.D. Cal. May 3, 2013); *S.E.C. v. Collins & Aikman Corp.*, 256 F.R.D. 403, 409–10 (S.D.N.Y. Jan. 13, 2009) ("In most cases, documents produced pursuant to Rule 34 will be organized by subject matter or category. The provision prohibits 'simply dumping large quantities of unrequested materials onto the discovering party along with the items actually sought.").[8]

"Interpreting the Federal Rules to require ESI productions to be organized in such a way as to facilitate, not hinder, the usefulness of the information produced also makes common sense." *City of Colton v. Amer. Promotional Events., Inc.*, 277 F.R.D. 578, 584 (C.D. Cal. 2011). "Rule 34(b)(2)(E)(i) is meant to prevent a party from obscuring the significance of documents by giving some structure to the production." *Id.*; *Perkins v. City of Modesto*, 2020 WL 1333109, at *8 (E.D. Cal. Mar. 23, 2020) (failure to produce documents "as kept in the usual course of business" or organized and labelled to correspond to the categories of the request was impermissible document dump); *Excellent Home Care Servs., LLC v. FGA, Inc.*, 2017 WL 9732082, at *4 (E.D.N.Y. June 5, 2017) (failing to indicate which documents were responsive to which requests violated Rule 34); *Cf. Haughton v. D.C.*, 315 F.R.D. 424, 427 (D.D.C.) (Fed. R. Civ. Pro. 33(d) "not intended to permit parties to respond by 'directing the interrogating party to a mass of business records or by

---

[8] *See also Haddad v. Sears Roebuck & Co.*, 2005 WL 8154529, at *5 (E.D. Mich. Feb. 7, 2005) ("Defendant must specifically identify and/or mark those documents responsive to RFP No. 2. The Court does not look kindly upon Defendant's document dump.").

offering to make all of their records available.'") (*Haughton I*), *objections overruled*, 161 F. Supp. 3d 100 (D.D.C. 2014).[9]

Further, there should be no mistake that a party may *not* obfuscate a production under Fed. R. Civ. Pro. 34 by producing additional, non-responsive documents, thereby creating "unnecessary work" for the opposing party, "simply because they keep these documents in the same place as part of their usual course of business." *Haughton I*, 315 F.R.D. at 428 (D.D.C.). "Where a party or the court is unable to 'discern exactly which documents go to which requests because [a party] has not organized and labeled his production,' the problem must be remedied." *Westfall*, 2023 WL 1782120 at *2.

Dominion's "Stipulation" eschews these requirements. Its past productions and representations prove it. Dominion opts to produce "volumes" of document based on search "hits" and nothing else. It then produces the resulting hits in a manner that relevant and responsive documents are disorganized and co-mingled with vast amounts of documents that have **nothing** to do with Powell or the litigation. These are the very results Rules 26 and 34 seek to avoid. While Powell recognizes that search terms may be helpful, as noted in the Discovery Protocol, they are "a means by which the universe of documents needing responsiveness and relevancy review can be reduced, but it is not a substitute for such responsiveness and relevancy review, or any other requirement in the Federal Rules of Civil Procedure." Ex. A § 6. "Search terms do not, however, replace a party's requests for production" and it is inappropriate to "conflate[] a hit on the parties'

---

[9] *Lexington Luminance LLC v. Feit Elec. Co., Inc.*, 2020 WL 10052403, at *4 (C.D. Cal. July 8, 2020) (production of disorganized documents violated Rule 34(b)(2)(E)); *Minter v. Wells Fargo Bank, N.A.*, 286 F.R.D. 273, 278-79 (D. Md. 2012) ("A document dump of thousands of documents will not suffice."); *Breunlin v. Vill. of Oak Park*, 2008 WL 2787473, at *4 (N.D. Ill. July 17, 2008) ("Rule 34(b) is an anti-sabotage provision: a party may not dump its files into a mail cart, stir well, then wheel it to opposing counsel.").

proposed search terms with responsiveness. The two are not synonymous." *Youngevity Int'l Corp. v. Smith*, 2017 WL 6541106, at *10 (S.D. Cal. Dec. 21, 2017). For these reasons too, Defendants' proposed Discovery Protocol should be accepted.

## II.       HIT REPORTS OR MICROMANAGED INTERVIEWS ARE UNNECESSARY

The Federal Rules of Civil Procedure do not call for hit reports. Nor do Dominion's "custodian interview" proposals fall within the rules. Both are broad overreaches.

### A. Hit Reports Further Manifest Dominion's Flawed Discovery Process.

Dominion seeks "hit" reports – i.e., identification of documents (or numbers of documents) that are neither relevant to the litigation nor responsive to a document request. By their description, the hit reports do not have information relevant to the litigation or responsive to the discovery propounded. By definition, they fall outside the scope of Fed. R. Civ. Pro. 26(b) as non-relevant and non-responsive. *Cf. Bombardier Recreational Prod., Inc. v. Arctic Cat, Inc.*, 2014 WL 10714011, at *14 (D. Minn. Dec. 5, 2014) ("Arctic Cat bears no legal obligation to produce non-responsive, irrelevant, outside–of–the–scope–of–Rule–26 ESI"). Dominion has no right to them.

### B. Dominion's Proscribed Custodian Interviews are Unnecessary and Burdensome.

Dominion's proscribed custodian interviews are unnecessary. Custodian interviews already are governed and required by the Federal Rules, and have been deemed "a modern outgrowth of a client interview." *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 963-64 (N.D. Ill. 2021) ("With regard to ESI, reasonable inquiry necessitates a proper custodian interview."). The purpose of the interviews is to ensure an "understanding of the client's information systems [that] allows counsel to create a systematic process and plan for responding to discovery requests." *Id.* There is no need to have this process micromanaged by Dominion's "Stipulation."

12

Dominion's insistence that Defendant Sidney Powell, P.C., include as custodians four third parties whom the law firm does not employ and has no control over further illustrates Dominion's efforts to weaponize discovery.[10] Ex. A. Under the "Stipulation," the law firm would be required to conduct mandatory interviews and be responsible for their preservation of documents. There are no requirements that even come close to this under the Federal Rules of Civil Procedure. Powell asks the Court to reject these proposed custodians. Ms. Powell, the sole principal of the firm, should be the law firm's custodian.

Defendants' proposed Discovery Protocol stay within the lanes of the Federal Rules of Civil Procedure. For these reasons too, their proposed Discovery Protocol should be accepted.

## CONCLUSION

Powell joins the motion filed by Herring Defendants. For the reasons therein and discussed herein, Powell respectfully requests that the Court adopt Defendants' proposed Discovery Protocol.

---

[10] They are Julia Haller, Brandan Johnson, Emily Newman, and Tricia Dale. Ex. 3 of Ex. A.

Dated: October 20, 2023

**KENNEDYS CMK LLP**

By: */s Joshua A. Mooney*

Joshua A. Mooney DC Bar No. 471866
1600 Market Street, Suite 1410
Philadelphia, PA 19103
Tel: 267-479-6700
Joshua.Mooney@kennedyslaw.com

Marc Casarino, pro hac vice
919 N. Market Street, Suite 1550
Wilmington, DE 19801
Tel: 302-308-6647
Email: marc.casarino@kennedyslaw.com

Michael J. Tricarico, pro hac vice
570 Lexington Avenue, 8th Floor
New York, New York 10022
Tel: (646) 625-3952
Email: Michael.tricarico@kennedyslaw.com

*Attorneys for Defendant Sidney Powell and Sidney Powell, PC*