**EXHIBIT B**

**From:** Daniel S. Marvin
**Sent:** Tuesday, July 18, 2023 7:23 PM
**To:** Katie Sammons <KSAMMONS@SusmanGodfrey.com>; Elizabeth Hadaway <EHadaway@susmangodfrey.com>
**Cc:** Marc Casarino <Marc.Casarino@kennedyslaw.com>; Joshua A. Mooney <Joshua.Mooney@kennedyslaw.com>; Laranda Walker <LWalker@susmangodfrey.com>; Michael J. Tricarico <Michael.Tricarico@kennedyslaw.com>
**Subject:** RE: Dominion - Powell - Document Requests [KEN-LEGAL.FID45724351]

Hi Katie,

Sorry if you are confused; my email is in fact related to the thread, but I will try to clarify for you.

Dominion's position, just stated again by you, that it will not use search terms "that would be designed specifically to capture" documents responsive to specific requests, is in fact, the issue. If Dominion is not "affirmatively searching for documents responsive" to those requests, as it has said, then there is an issue for the court. We do not believe production in that matter conforms with the Federal Rules.

As we have repeatedly stated, we have no way of knowing what search terms may be "adequate" to capture relevant and responsive documents with respect to certain requests. For example, Second RTP 13 asks for "any correspondence sent by Dominion to any person or entity other than the Powell Defendants concerning allegedly defamatory statements made by such persons or entities since November 1, 2020." You cannot credibly expect us to know who those people or entities are. That is information known only to Dominion and it is Dominion's burden to perform a good faith search for responsive documents specific to that request and produce them. You have indicated in writing (now twice) that Dominion will not do so. So again, there is an issue for the court.

As for Second RTP 9, your interpretation of my sentence as "unintelligible" is likely grounded in the fact that you weren't on the RFA meet and confer last week where your colleagues indicated that information "concerning any Vulnerabilities in Dominion's Election Machines and/or Election Software," is not relevant to this matter." We disagree, and any documents concerning those issues should be produced. Dominion's response to Second RTP 9 does not agree to do so. If you are now saying that you will produce those documents, there is no issue. And if that's the case, there should also be no issue amending Dominion's deficient RFA responses that are grounded in the same relevancy objection. Please chose a consistent position and advise. I am happy to confer if needed.

Dan

**From:** Katie Sammons <KSAMMONS@SusmanGodfrey.com>
**Sent:** Tuesday, July 18, 2023 6:21 PM
**To:** Daniel S. Marvin <Daniel.Marvin@kennedyslaw.com>; Elizabeth Hadaway <EHadaway@susmangodfrey.com>
**Cc:** Marc Casarino <Marc.Casarino@kennedyslaw.com>; Joshua A. Mooney <Joshua.Mooney@kennedyslaw.com>; Laranda Walker <LWalker@susmangodfrey.com>; Michael J. Tricarico <Michael.Tricarico@kennedyslaw.com>
**Subject:** RE: Dominion - Powell - Document Requests [KEN-LEGAL.FID45724351]

Daniel,

We are confused. Your email below seems unrelated to the thread that came before. We don't understand what "issue" you think is ripe for the Court's review. As far as we are concerned, there isn't one.

For the requests being discussed (from Powell's Second requests), Dominion agreed to produce responsive documents if they are located (i.e., "hit") using the search terms we gave you. We did not agree to add search terms beyond what we're running that would be designed specifically to capture those documents. We said, though, that if you disagree that our terms are adequate to locate those documents, you should propose additional terms. You refused. After much back and forth, though, we then reached this agreement: Dominion would produce documents that hit on the search terms we told you we were running and, if you conclude that you haven't received documents you asked for, you tell us and we'll discuss with you whether additional terms should be run. Given all of this, can you please explain where you see an issue?

Also, your sentence about RFP 9 is unintelligible. We have not refused to produce documents responsive to this request. *See* Dominion's Proposed Stipulation. So what are you saying?

In any case, we don't agree that there's anything to raise with the Court.

Thanks,
Katie

**Mary Kathryn Sammons**
**ksammons@susmangodfrey.com**
**1000 Louisiana, Suite 5100**
**Houston, TX 77002**
**Direct: 713.653.7864**
**Cell: 713.515.0745**

**PARTNER**
**SUSMAN GODFREY LLP**
**Houston | New York | Los Angeles | Seattle**

**From:** Daniel S. Marvin <Daniel.Marvin@kennedyslaw.com>
**Sent:** Tuesday, July 18, 2023 10:23 AM
**To:** Elizabeth Hadaway <EHadaway@susmangodfrey.com>
**Cc:** Marc Casarino <Marc.Casarino@kennedyslaw.com>; Joshua A. Mooney <Joshua.Mooney@kennedyslaw.com>; Katie Sammons <KSAMMONS@SusmanGodfrey.com>; Laranda Walker <LWalker@susmangodfrey.com>; Michael J. Tricarico <Michael.Tricarico@kennedyslaw.com>
**Subject:** RE: Dominion - Powell - Document Requests [KEN-LEGAL.FID45724351]

EXTERNAL Email

Thanks for this clarification, Elizabeth. Based on your email, we think its best to bring this issue to the court. You indicated that "Dominion is not affirmatively searching for documents responsive" to the subject requests. We believe that Dominion has as obligation to do so. We can let the court decide.

In addition, RTP 9 seeks "Any documents concerning any Vulnerabilities in Dominion's Election Machines and/or Election Software." This request mirrors the subject matter of the RFAs which we have a dispute about (we assume you will have a similar relevancy objection), so we are going to bring this to the Court as well.

Dan


Daniel S. Marvin
Partner
for Kennedys

**Kennedys**
T +1 646 625 4030
M +1 917 523 3034
F +1 212 832 4920
www.kennedyslaw.com

**From:** Daniel S. Marvin <Daniel.Marvin@kennedyslaw.com>
**Sent:** Monday, July 10, 2023 8:52 PM
**To:** Elizabeth Hadaway <EHadaway@susmangodfrey.com>
**Cc:** Marc Casarino <Marc.Casarino@kennedyslaw.com>; Joshua A. Mooney <Joshua.Mooney@kennedyslaw.com>; Katie Sammons <KSAMMONS@susmangodfrey.com>; Laranda Walker <LWalker@susmangodfrey.com>
**Subject:** Re: Dominion - Powell - Document Requests [KEN-LEGAL.FID45724351]

Thanks Elizabeth.

Dan

On Jul 10, 2023, at 8:43 PM, Elizabeth Hadaway <EHadaway@susmangodfrey.com> wrote:


Hi Dan,

Thank you for your email. I believe you are referring to Request Nos. 6, 7, 10, 11, 13, 15, 32, and 34 from Powell's Second Requests for Production. With that understanding, I can confirm that Dominion is not withholding documents responsive to those requests. Nonetheless, as stated in our responses and confirmed in past conferences, Dominion is not affirmatively searching for documents responsive to those requests: "Dominion will not specifically search for responsive documents. However, to the extent Dominion locates such documents in response to search terms properly focused on uncovering relevant information, Dominion will not withhold the documents from

production." Dominion Responses to Powell 2nd RFPs, 6, 7, 10, 11, 13, 15, 32, 34.

Turning to your second paragraph, your understanding is not consistent with Dominion's document collection and production process. Dominion is producing documents responsive to your requests without the limitation you described. Specifically, Dominion is using search terms broad enough to cover the vast majority of the documents that would be responsive to the requests you served. We did not, nor do we intend to, limit search terms only to allegations of the complaint. Nor are we engaging in a second-level manual responsiveness review. If the document hits on search terms and is non-privileged, we are producing it.

We have previously provided you with the search terms that we have agreed to run. We asked for your input as to them and you declined to provide any. My understanding based on our last conference, however, is that you are now agreeing with our proposal that we produce documents using these search terms, you will review the documents we produce, and then based upon your review, you will let us know if of any particular deficiencies you believe exist in the production.

Thank you,

**Elizabeth Hadaway | Susman Godfrey LLP**
o. 713.653.7856 | c. 512.431.7965
ehadaway@susmangodfrey.com
1000 Louisiana St. | Suite 5100 | Houston, Texas 77002
**HOUSTON · LOS ANGELES · SEATTLE · NEW YORK**

**From:** Daniel S. Marvin <Daniel.Marvin@kennedyslaw.com>
**Sent:** Thursday, July 6, 2023 11:11 AM
**To:** Elizabeth Hadaway <EHadaway@susmangodfrey.com>; Marc Casarino <Marc.Casarino@kennedyslaw.com>; Joshua A. Mooney <Joshua.Mooney@kennedyslaw.com>
**Cc:** Katie Sammons <KSAMMONS@SusmanGodfrey.com>; Laranda Walker <LWalker@susmangodfrey.com>
**Subject:** RE: Dominion - Powell - Document Requests [KEN-LEGAL.FID45724351]

EXTERNAL Email
Hi Elizabeth,

We would just like to confirm where we landed with respect to the Powell Defendants' RTPs 6, 7, 10, 11, 13, 15, 32 and 34, which Dominion responded to by indicating that it "will not specifically search for responsive documents" unless it "locates such documents in response to search terms properly focused on uncovering relevant information."

Based on our call, it is our understanding that Dominion would use search terms (or whatever other procedures and methods it deems appropriate) in order to identify documents that relate to the

subject matter of the Complaint. Those documents would then be produced, at which time we would review them and address issues, if any, regarding the sufficiency of production.

Please let us know if the above is accurate, or if not, Dominion's position regarding responding to those requests.

Dan


Daniel S. Marvin
Partner
for Kennedys

**Kennedys**
T +1 646 625 4030
M +1 917 523 3034
F +1 212 832 4920
www.kennedyslaw.com

**From:** Daniel S. Marvin
**Sent:** Wednesday, July 5, 2023 2:46 PM
**To:** Elizabeth Hadaway <EHadaway@susmangodfrey.com>; Marc Casarino <Marc.Casarino@kennedyslaw.com>; Joshua A. Mooney <Joshua.Mooney@kennedyslaw.com>
**Cc:** Katie Sammons <KSAMMONS@SusmanGodfrey.com>; Laranda Walker <LWalker@susmangodfrey.com>
**Subject:** RE: Dominion - Powell - Document Requests [KEN-LEGAL.FID45724351]

Hi Elizabeth,

Thanks, and same to you.

If a document is responsive to a request and relates to the subject matter of the complaint, or a defense, it will be produced, subject to any applicable privileges. Contrary to your email, we are not excluding documents that are "not relevant to allegations in this case." That is a mischaracterization what was stated on the call. As noted, if a document relates to the subject matter of the complaint, it will be produced. Dominion can then determine if the document is relevant to its claims.

In addition, our review is being undertaken within the context of Dominion's RTPs, which are impermissibly broad (and objectional on numerous other grounds), as raised by our predecessor counsel in his April 2022 Responses and Objections. Although Dominion did not narrow its requests in the face of those objections, we are undertaking a good-faith and reasonable review of documents as required by Rules 26 and 34, and it is our intention to work collaboratively with you in order to produce all of the documents which you seek and are entitled to.

Please let us know if you have any other questions.

Dan

**From:** Elizabeth Hadaway <EHadaway@susmangodfrey.com>
**Sent:** Wednesday, July 5, 2023 11:59 AM
**To:** Daniel S. Marvin <Daniel.Marvin@kennedyslaw.com>; Marc Casarino

<Marc.Casarino@kennedyslaw.com>; Joshua A. Mooney <Joshua.Mooney@kennedyslaw.com>
**Cc:** Katie Sammons <KSAMMONS@SusmanGodfrey.com>; Laranda Walker <LWalker@susmangodfrey.com>
**Subject:** Dominion - Powell - Document Requests

Daniel, Marc, and Joshua,

Hope all are well. During our meet and confer on June 30, 2023, you stated that in reviewing documents for production in response to Dominion's requests for production, Powell and Powell PC are engaging in two steps of review, the first involving collecting all documents that you believe are responsive to the request, and then a second step in which you make a subjective determination about whether in your view the requests are related to the allegations in the complaint.

So, for example, if the request asks for all communications between Ms. Powell and Mr. Giuliani, you stated that in the second step you would exclude communications that, in your view, where not relevant to allegations in this case—such as a communication about what Mr. Giuliani had for breakfast.

Please confirm that the above is correct or otherwise explain what criteria you used for the second step relevance review that you applied to limit documents responsive to Dominion's requests for production. Please let us know on which requests you applied this restriction, confirm that you are withholding documents on the basis of your determination that those documents are not related to the allegations in the complaint, and let us know the number of documents that are being withheld on that basis.

Thank you,

**Elizabeth Hadaway | Susman Godfrey LLP**
o. 713.653.7856 | c. 512.431.7965
ehadaway@susmangodfrey.com
1000 Louisiana St. | Suite 5100 | Houston, Texas 77002
**HOUSTON · LOS ANGELES · SEATTLE · NEW YORK**