# Exhibit 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| US DOMINION, INC., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 1:21-cv-02131-CJN |
| | ) |
| PATRICK BYRNE, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**DEFENDANT PATRICK BYRNE'S
SECOND SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and applicable local rules, Defendant Patrick Byrne ("Byrne"), by counsel, hereby requests that Plaintiffs US Dominion Inc., Dominion Voting Systems Inc., and Dominion Voting Systems Corporation (collectively, "Plaintiffs") produce for inspection and copying the documents and things requested herein in accordance with all applicable rules and the Instructions and Definitions set forth below, within 30 days of their service upon Plaintiffs.

**INSTRUCTIONS**

These requests for production are subject to the following instructions.

A.  These requests call for the production of all responsive documents, information, or objects that are in your possession, custody or control, whether held by you or your past or present agent, employee, or representative acting on your behalf. These requests for production also call for all responsive documents, information, or objects that you have a legal right to obtain, that you have a right to copy, or to which you have access, as well as documents, information, or objects that you have placed in the temporary possession, custody, or control of any third party.

B.  These requests are continuing in nature. Any document not produced because it has not been located or discovered by the return date shall be provided immediately upon location or discovery subsequent thereto, as Plaintiffs' response to these requests must be promptly supplemented in accordance with Federal Rule of Civil Procedure 26(e) and applicable local rules.

1

C.      No documents or information requested herein should be destroyed, modified, removed, transferred, or otherwise made inaccessible. If you have knowledge that any document or information requested herein has been destroyed, discarded, or lost, please identify the document or information requested and provide an explanation of the destruction, discarding, loss, or disposal, and the date at which the document or information was destroyed, discarded, or lost.

D.      All responsive documents and information are to be produced as they are kept in the usual course of business, including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories of documents requested herein.

E.      If there are no documents or information in response to a particular request, please state so in writing. If you withhold any responsive documents or information or categories of documents or information based on any objection or claim of protection, please state so in writing.

F.      If your response is that any document was but no longer is in your possession, custody or control, please include a statement (1) identifying the document; (2) describing where the document is now; (3) identifying who has control of the document; (4) describing how the document became lost or destroyed or was transferred; and (5) identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

G.      Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

H.      Examples of responsive items set out in any request should not be construed to limit the scope of the request.

I.      If you object to any document request on any ground other than privilege, you must specify: (1) the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and (2) whether any responsive materials are being withheld on the basis of an objection.

J.      To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "REDACTED" on the document in an appropriate location that does not obscure the remaining text.

K.      If you consider any responsive document to be protected by a privilege, please provide a privilege log that includes: (1) the reason for withholding the document; (2) a statement of the basis for the claim of privilege, work product or other

ground of nondisclosure; and (3) a brief description of the document, including: (a) the date of the document; (b) number of pages, attachments, and appendices; (c) the names of its author, authors or preparers and an identification by employment and title of each such person; (d) the name of each person who was sent, shown or blind or carbon copied the document, or has had access to or custody of the document, together with an identification of each such person; (e) the present custodian; and (f) the subject matter of the document, and in the case of any document relating or referring to a meeting or conversation, identification of such meeting or conversation.

L.     With respect to Electronically Stored Information ("**ESI**"), such electronic discovery should be produced pursuant to the same ESI protocols that were specified in Paragraph L of the Instructions in Byrne's First Set of Requests for Production dated August 10, 2023, unless otherwise stipulated and agreed.

## DEFINITIONS

A.     Unless otherwise stated herein, these requests seek the production of documents, records, objects, or information created, modified, or in any way related to the period from January 1, 2018 to present.

B.     "**2020 presidential election**" shall mean the U.S. Presidential Election that occurred on November 3, 2020 and all voting by any means (including in-person, or mail-in voting) for that election.

C.     The word "**action**" refers to the instant case captioned *US Dominion Inc., et al. v. Patrick Byrne*, pending before the US District Court for the District of Columbia as Case No. 1:21-cv-02131-CJN.

D.     The words "**and**" and "**or**" shall mean shall be construed disjunctively or conjunctively to bring within the scope of each request all responses which otherwise might be construed to be outside the scope of a request.

E.     The word "**any**" shall be construed to include "**all**" and vice versa.

F.     "**Byrne**" refers to Defendant Patrick Byrne.

G.     "**Communication**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including without limitation, written, oral, or electronic transmissions.

H.     The term "**Complaint**" refers to the original and any amended complaint or petition filed by Plaintiffs in this action.

I.     "**Concerning**" shall mean referring, relating to, discussing, describing, depicting, reflecting, regarding, containing, analyzing, studying, reporting, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

3

J.      The term "**document**" shall be given the broadest interpretation permitted, and it shall mean all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including without limitation correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, certificates, drawings, plans, interoffice and intra-office communications, or offers, notations in any form made of conversations, telephone calls, meetings or other communications; bulletins, printed matter (including newspapers, magazines and other publications, and articles and clippings therefrom), press releases, computer printouts, teletypes, telecopies, invoices, ledgers, worksheets (and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation photographs, charts, graphs, and microfiche, microfilm, videotape, or film recordings) and electronic, mechanical or electrical records or representations of any kind (including without limitation tapes, cassettes, discs, recordings), or transcriptions thereof. Documents also include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. Any copy containing thereon or having attached thereto any alterations, notes, comments or other written material not included in the originals or copies referred to in the preceding sentence shall be deemed a separate document within the foregoing definition. A document includes all appendices, schedules, exhibits, and other attachments.

K.      "**Dominion**" refers to each or any of the following named entities in this suit: US Dominion Inc., Dominion Voting Systems Inc., and/or Dominion Voting Systems Corporation, as well as any officers, directors, partners, employees, attorneys, accountants, representatives, or agents acting on behalf of these entities, and/or all others who have purported to act on their behalf or obtained information on their behalf.

L.      "**Donald Trump**" means and refers to the 45th President of the United States.

M.     The word "**each**" shall be construed to include "**every**" and vice versa.

N.     "**Fox Corp.**" means and refers to Fox Corporation, and its past or present subsidiaries, affiliates, attorneys, agents, representatives, officers, directors, employees, or other persons acting on its behalf, including any regional affiliates or contributors, whether paid or unpaid.

O.   "**Fox News**" means and refers to Fox News Network, LLC, and its past or present subsidiaries, affiliates, attorneys, agents, representatives, officers, directors, employees, or other persons acting on its behalf, including any regional affiliates or contributors, whether paid or unpaid, and including the Fox News Channel, the Fox Business Channel, Fox News Radio, Fox News Digital, which includes the fox.com, foxnews.com, and foxbusiness.com websites, Fox's social media accounts, and Fox's digital subscription services, including but not limited to Fox Nation.

P.   To "**identify**" means the following.

1.   To identify, when used in reference to a person, means to state: (a) a person's name; (b) the person's present or last known address and telephone number; (c) if a business, governmental entity, or association, the nature of the organization; and (d) if an individual, the person's place of employment and position.

2.   To identify, when used in reference to a document, means to specify the document in sufficient detail to permit the undersigned to locate, identify and retrieve the record, which may include, but is not necessarily limited to, stating: (a) its date, or if it bears no date, the date when it was prepared; (b) the name and address of the person or persons who prepared it; and (c) the present location of the document and the name, address, and telephone number of its custodian.

3.   To identify, with respect to communications, means to give, to the extent known, (a) a description of the substance of the communication; (b) the form of the communication (e.g., telephone, facsimile, email, text message, etc.); (c) the identity of all parties to and/or present at the time of the communication, as well as the full name, present or last known address, and the current or last known place of employment of each person; (d) the identity of the person whom you contend initiated the communication; and (e) the time, date, and place of the communication.

Q.   The term "**including**" shall mean "including, but not limited to."

R.   "**Other News Organization**" means and refers to other news organizations, whether print, radio, online, or television, including but not limited to the ABC News, NBC News, Newsmax, One America News Network, New York Times, Wall Street Journal, Washington Post, and any and all news organizations or publications referenced in the Complaint.

S.   The term "**person**" where used herein includes human beings, corporations, limited liability companies, partnerships, associations, joint ventures, government agencies (federal, state, or local), or any other organization cognizable at law; and where an employee, contractor, or worker performs some task about which an

5

inquiry is made in these discovery requests, as part of his or her employment or work, "person(s)" includes both the employing and employed person(s).

T.     To "**state**" or "**describe**" means to set forth all facts discoverable under Federal Rule of Civil Procedure 26 that are known to Plaintiffs. When you are requested to describe or to explain something, please state all relevant circumstances, including identification of persons and dates.

U.     "**Trump Administration**" means and refers to Donald Trump, and/or any of his agents, staff members, appointees, employees, members of the cabinet, or officials within any executive department or agency, including but not limited to advisors, attorneys, and family members.

V.     "**Trump Campaign**" means and refers to the entity Donald Trump for President Inc. and any individual who you understood to be speaking on behalf of the campaign to re-elect Donald Trump to a second term as President of the United States, and/or any of its agents, staff members, employees, advisors, or attorneys at or during the time period referenced in any individual requests, including but not limited to Jared Kushner, Ivanka Trump, Bill Stepien, Jason Miller, Stephen Miller, Justin Clark, Matt Morgan, Donald Trump Jr., Eric Trump, Lara Trump, Kimberly Guilfoyle, Katrina Pierson, Boris Epshteyn, Michael Roman, Kayleigh McEnany, Gary Michael Brown, and Katherine Friess.

W.     The pronouns "**you**," "**your**," "**yours**," or "**yourself**" and the like, refers to Plaintiffs US Dominion Inc., Dominion Voting Systems Inc., and/or Dominion Voting Systems Corporation. You and the like also refer to others acting on your behalf.

X.     Any word in the singular form shall also be construed as plural and vice versa.

Y.     The masculine form shall also be construed to include the feminine and vice versa.

## REQUESTS FOR PRODUCTION

69.     Copies of all deposition transcripts and corresponding exhibits from the litigation styled *US Dominion, Inc. et al. v. Fox News Network, LLC*, commenced in the Delaware Superior Court in New Castle County as Case Number N21C-03-257. This request includes deposition transcripts and corresponding exhibits of your designated expert witnesses in the foregoing litigation.

70.     Copies of all deposition transcripts and corresponding exhibits from the litigation styled *US Dominion, Inc. et al. v. Fox Corporation et al.*, commenced in the Delaware Superior

Court in New Castle County as Case Number N21C-11-082. This request includes deposition transcripts and corresponding exhibits of your designated expert witnesses in the foregoing litigation.

71.     To the extent not produced already, a copy of any other deposition transcript and corresponding exhibit from any other litigation, governmental investigation, administrative hearing, transcribed interview, or other proceeding involving: (a) Dominion; (b) the 2020 presidential election; (c) election security; or (d) allegations of potential or known exploited risks or vulnerabilities, errors, discrepancies, inconsistencies, or anomalies in Dominion's software or voting machines in the county, state, or federal elections from January 1, 2018 to present.

72.     Copies of all expert reports, including appendices and other attachments, exchanged by you in the litigation styled *US Dominion, Inc. et al. v. Fox News Network, LLC* that was commenced in the Delaware Superior Court in New Castle County as Case Number N21C-03-257.

73.     A copy of all expert reports, including appendices and other attachments, exchanged by you in the litigation styled *US Dominion, Inc. et al. v. Fox Corporation et al.* that was commenced in the Delaware Superior Court in New Castle County as Case Number N21C-11-082.

74.     A copy of all exhibit lists prepared, submitted, and exchanged by you in the litigation styled *US Dominion, Inc. et al. v. Fox News Network, LLC* that was commenced in the Delaware Superior Court in New Castle County as Case Number N21C-03-257.

75.     A copy of all exhibit lists prepared, submitted, and exchanged by you in the litigation styled *US Dominion, Inc. et al. v. Fox Corporation et al.* that was commenced in the Delaware Superior Court in New Castle County as Case Number N21C-11-082.

76.     A copy of all witness lists prepared, submitted, and exchanged by you in the litigation styled *US Dominion, Inc. et al. v. Fox News Network, LLC* that was commenced in the Delaware Superior Court in New Castle County as Case Number N21C-03-257.

77.     A copy of all witness lists prepared, submitted, and exchanged by you in the litigation styled *US Dominion, Inc. et al. v. Fox Corporation et al.* that was commenced in the Delaware Superior Court in New Castle County as Case Number N21C-11-082.

78.     Documents or communications concerning any alleged bribes, kickbacks, or public corruption involving any election officials or political entities and Dominion's products, operations, or business (to include any subsidiary, affiliate, or related corporate entity of Dominion).

79.     Documents tending to prove or substantiate your claim that Byrne had a "financial or personal interest in the success of blockchain voting technology" as alleged in paragraph 125 of the Complaint.

80.     Documents tending to prove or substantiate your claim that the following screenshots of tweets were caused by Byrne, as alleged in paragraphs 127 through 130 of the Complaint.





81.    Documents tending to prove or substantiate your claim that the purported "text messages," message on "Dominion's customer support line," "email," and "message on Dominion's main office line" referenced in paragraphs 131 through 134 of the Complaint were caused by Byrne.

82.    Documents tending to prove or substantiate your claim that "Byrne's viral disinformation campaign about Dominion reached millions of people worldwide" as alleged in paragraph 162 of the Complaint.

83.    Documents and communications concerning an alleged voting machine anomaly reported to the US Election Assistance Commission by the State of Tennessee that occurred in Williamson County, Tennessee during a local election on or about October 26, 2021.

84.    Documents and communications concerning the alleged voting computer programming errors or miscount in the county-level board of commissioners race in DeKalb County, Georgia on or about May 24, 2022.

85.     Documents and communications concerning Michelle Long Spears, a former candidate for county office and now commissioner on the Board of Commissioners in DeKalb County, Georgia.

86.     Documents showing the Dominion products and their locations of use during the 2020 presidential election.

87.     A copy of the user or operating manuals for the Dominion products used during the 2020 presidential election.

88.     Copies of any training materials prepared by you and provided to Antrim County Michigan prior to the 2020 presidential election, whether or not such materials were prepared specifically for said county.

89.     Copies of any training materials prepared by you and provided to Williamson County, Tennessee prior to its local election on or about October 26, 2021, whether or not such materials were prepared specifically for said county.

90.     Copies of any training materials prepared by you and provided to DeKalb County Georgia prior to the county-level board of commissioners race in DeKalb County, Georgia on or about May 24, 2022.

Dated: October 6, 2023                          Respectfully submitted,


/s/Alfred D. Carry
Robert N. Driscoll (DC Bar #486451)
Alfred D. Carry (DC Bar #1011877)
McGlinchey Stafford PLLC
1275 Pennsylvania Avenue NW, Suite 420
Washington, DC 20004
Tel: (202) 802-9999
Fax: (202) 330-5897
rdriscoll@mcglinchey.com
acarry@mcglinchey.com

Daniel Thomas Plunkett (admitted *pro hac vice*)
McGlinchey Stafford PLLC
601 Poydras Street, Suite 1200
New Orleans, LA 70130
Tel: (504) 596-2778
Fax: (504) 910-9542
dplunkett@mcglinchey.com

*Counsel for Defendant Patrick Byrne*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served this 6th day of October, 2023 by

email to all counsel of record at:

Jonathan J. Ross
Mary Kathryn Sammons
Laranda Walker
SUSMAN GODFREY LLP
1000 Louisiana Street, #5100
Houston, TX 77002
jross@susmangodfrey.com
ksammons@susmangodfrey.com
lwalker@susmangodfrey.com

Eve Levin
Zachary Savage
Stephen Shackelford, Jr.
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
elevin@susmangodfrey.com
zsavage@susmangodfrey.com
sshackelford@susmangodfrey.com

Davida Brook
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
dbrook@susmangodfrey.com

Thomas A. Clare
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
tom@clarelocke.com

*Counsel for Plaintiffs*

/s/Alfred D. Carry
Alfred D. Carry
*Counsel for Defendant Patrick Byrne*