# Exhibit 16

### IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>NEWSMAX MEDIA INC.,<br><br>Defendant. | Case No. N21C-08-063 EMD<br><br>JURY TRIAL DEMANDED |

### [PROPOSED] NON-STIPULATED ORDER GRANTING IN PART DOMINION'S FIRST MOTION TO COMPEL AGAINST NEWSMAX

Having reviewed the parties' submissions, and reserving the parties' respective arguments and objections as explained in the parties' written submissions and on the record at the August 30, 2023, and September 19, 2023, hearings before the Special Master, expressly including the parties' right to appeal this or any other Order issued on the topics addressed herein, the Special Master enters the following Order governing certain aspects of discovery:

1. Defendant Newsmax Media, Inc. ("Newsmax") shall promptly take steps to collect from those current Newsmax employees who are agreed custodians, all electronically stored information ("ESI"), including but not limited to instant messages (such as, but not limited to, Signal, Cisco Jabber, IBM Sametime, Wickr, ICQ, Kik, BBM, Gchat, iMessage, Telegram, WhatsApp, Slack, Teams, Facebook

1

Messenger, and Hangouts), cell phone text messages (SMS messages and MMS messages), voicemail messages, and other similar types of messages, as well as social media communications (such as, but not limited to, Twitter now known as "X", Facebook, Instagram, Gab, and Periscope), from any sources the custodians used to communicate with anyone about information related to this case during the relevant time period. Newsmax shall collect that information regardless of whether the information is stored on a device belonging to or paid for by the custodian or Newsmax, and regardless of whether any of the stored data consists of communications that Newsmax considers to be in furtherance of Newsmax business.

2. Newsmax must then produce all responsive, non-privileged messages to Dominion using custodial interviews, search terms, and time frames as a guide to determine what, if any, responsive material may exist, by October 11, 2023, if the respective custodian appears on Dominion's September 18, 2023, list of initial deponents, and October 20, 2023, for all other custodians.

3. Newsmax may conduct a responsiveness review, a privacy review, and a privilege review, and may withhold non-responsive records from production only to the extent that such review does not impede compliance with the above deadline. All documents withheld on the basis of privacy or privilege must be logged consistent with the Case Management Order, the ESI Protocol, and any other applicable orders, agreements, or local rules, on or before November 3, 2023.

4. For the avoidance of doubt, said responsiveness shall not be keyed off the recipient of the message or whether—in Newsmax's view—it is in furtherance of Newsmax's business. Rather, Newsmax shall produce all messages responsive to Dominions RFPs commensurate with the parties' prior agreement as to the scope of production from other data sources. The topics set forth in Exhibit 1 to this Order are intended as guides, but they do not contract or expand the scope of Dominion's requests for production, subject to the parties' written agreements as to the scope of production.

5. Any 24-hour day (meaning from 12:00 am to 11:59 pm) message thread deemed to contain responsive information, and not between the custodian on the one hand and his or her current (as of the time of the communication) spouse, romantic partner, domestic partner, or other family member(s) on the other hand, shall be produced in full with the following exceptions:

   a. Newsmax may review for privilege. Any messages not produced or redacted due to privilege shall be logged in a timely fashion on a privilege log;

   b. Newsmax may redact unresponsive information that falls into the following categories: (1) Personal medical/health information; (2) Personal financial information, other than compensation; (3) Personal marital, sexual, romantic relationship, or identity/orientation information;

(4) Personal familial information unrelated to the 2020 Presidential Election or issues in dispute in this case, such as unresponsive conversations with spouses or minor children about private family affairs; and (5) Personal religious affiliation information. Any data redacted due to privacy shall be logged in a timely fashion on a privacy log;

6. Any 24-hour day (meaning from 12:00 am to 11:59 pm) message thread deemed to contain responsive information, and between the custodian on the one hand and his or her current (as of the time of the communication) romantic partner, domestic partner or other family member(s) on the other hand, shall be produced in accordance with paragraph 6 above, except that in lieu of producing the entire 24-hour thread Newsmax, may elect to produce the responsive portion of the text plus any messages sent or received in the preceding or subsequent 2-hour period (meaning, a responsive message sent or received at 12:00 pm, would be produced along with any messages sent or received between 10:00 am and 2:00 pm), subject to the privacy and privilege exceptions discussed in paragraph 5 *supra*. Newsmax shall, along with any production, provide Dominion with a list of individuals that fall into any of the categories enumerated in this paragraph.

7. Newsmax shall in good faith provide additional context for a conversation that appears to be cut-off. The parties shall likewise work together in good faith to identify any text message threads that should be reviewed without the

4

exclusive reliance on search terms. Disputes over any such requests may be brought to the Special Master for resolution.

8. To the extent Newsmax limited its previous production of emails or other custodial or non-custodial documents based on its objection to producing documents Newsmax deemed to be not "in furtherance of Newsmax business," the objection is hereby overruled, and those productions should be supplemented in accordance with this Order by the deadlines set out in Paragraph 2 of this Order to include all responsive, non-privileged documents, whether or not Newsmax deemed those documents to be not "in furtherance of Newsmax business."

9. Newsmax shall ask each of its custodians the following question(s), and shall (1) disclose the responses to Dominion no later than October 6, 2023, and (2) use any such responses in conducting reasonable searches for documents responsive to Dominion's requests for production of Newsmax's communications with the Trump Administration during the relevant time period.

    a. Were you in communication, in any form, between January 1, 2020, and August 10, 2021, with any of President Trump's staff members, appointees, campaign members, advisors, attorneys, or anyone you knew or believed to be working for President Trump? The following are examples of people who would qualify.

        i. Donald Trump
       ii. Mike Pence

      iii. Mark Meadows
      iv. Kayleigh McEnany
      v. Hope Hicks
      vi. Jared Kushner
      vii. Ivanka Trump
      viii. Mike Pompeo
      ix. Steven Mnuchin
      x. Mark Esper
      xi. Christopher Miller
      xii. David Bernhardt
      xiii. Sonny Perdue
      xiv. Wilbur Ross
      xv. Eugene Scalia
      xvi. Alex Azar
      xvii. Ben Carson
      xviii. Elaine Chao
      xix. Dan Brouillette
      xx. Betsy Devos
      xxi. Robert Wilkie
      xxii. Chad Wolf
      xxiii. Willian "Bill" Barr

    b. If so, who?

    10. This Order shall be construed to assure compliance with the deadlines in the Court's Case Management Order.

IT IS SO ORDERED this __13__ day of __October__, 20__23__.

_____
John A. Elzufon, Special Master