# Exhibit 17

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>FOX NEWS NETWORK, LLC,<br><br>　　　　　Defendants. | )<br>)<br>)　C.A. No. N21C-03-257 EMD<br>)<br>)<br>)　JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER OF SPECIAL MASTER WITH REFERENCE TO THE CONTENTIONS BY THE PARTIES THAT PRODUCTION IN RESPONSE TO THE SPECIAL MASTER'S ORDER OF MARCH 8, 2022 HAS BEEN DEFICIENT

Before me are the following submissions:

- Dominion's Report on Fox News Network, LLC's April 29, 2022 Production with Exhibits 1-16[1];

- Fox News Network, LLC's Report to the Special Master Regarding Certain Deficiencies in Plaintiffs' Production with Exhibits[2];

- Defendant Fox News Network, LLC's Response to Dominion's Report to the Special Master with Exhibits[3];

- Supplemental Submission in Support of Dominion's Report on Fox's Production with Exhibits[4].

- Dominion's Response to Fox's Discovery Submission[5];

- Defendant Fox News Network, LLC's Response to Plaintiffs' Supplemental Submission[6];

---

[1] (D.I. 281)
[2] (D.I. 285)
[3] (D.I. 288)
[4] (D.I. 289)
[5] (D.I. 293)
[6] (D.I. 294)

1

- Fox's "hit report" forwarded May 11, 2022 in response to a request made during oral argument on May 10, 2022. If this is not of record Fox should consider lodging it with the Prothonotary.

- Dominion's Supplemental Submission Regarding Document Production[7].

- Numerous emails with attachments, forwarded at the request of the Special Master, which the parties are encouraged, if they choose to do so, to lodge with the Prothonotary to make their respective records.

1. The positions of the Dominion Plaintiffs (Dominion) and Defendant Fox News Network, LLC (Fox) are well stated in their submissions, oral argument relevant to these submissions, which was held on May 10, 2022 and subsequent submissions to the Special Master and will not be repeated here in full.

2. As Special Master I am charged with the responsibility to work with Counsel and move this case as expeditiously as possible toward resolution by either Motion or by the finder of fact.

3. With the entry of a Case Management Order (CMO) by the Court on May 3, 2022,[8] the Special Master's focused task now is to enter those Orders necessary to ensure discovery is completed consistent with the CMO.

4. All decisions and comments reflected in this Order assume that at all times both parties and all counsel acted in good faith and any argument made or position taken was done in good faith.

---

[7] (D.I. 309)
[8] (D.I. 275)

5.     The purpose of this Order is to set in place a mechanism moving forward for full production of documents that were ordered produced by the Special Master's Order of March 8, 2022[9]. This Order shall be interpreted by the parties in a manner consistent with its purpose.

6.     As the Special Master reviewed the various documents that were submitted to him, pointing out the parties' claims of deficiency in production, and keeping in mind the tight time frame for the CMO, it was the thought of the Special Master that given the tight time frame for completion of Discovery and the numerous depositions that needed to be taken an Order covering all documents might, in the long run, save time.

7.     As part of that process, on May 23, 2022, the Special Master conferred with Counsel by phone. During that call Counsel for Dominion urged that the Special Master focus first on the claimed deficits of the production that was ordered by the Special Master on March 8, 2022[10].

8.     The Special Master does not recall whether Fox agreed with that approach although he does not recall any objection. Regardless, the Special Master agrees that this is the best approach to be taken now and this Order reflects this focused approach.

9.     While neither Dominion nor Fox categorized their initial submissions as Motions to Compel but rather as a "Report" commenting on deficiencies of the other side's production response, the Special Master is interpreting them as Motions to Compel.

10.    These Reports and subsequent Submissions refer to documents involving Staple Street and Hamilton Place Strategies. This Order does not address these documents as the Special Master is under the impression that the parties are conferring to resolve differences. As to Staple

---

[9] (D.I. 215)
[10] (Id.)

Street and Hamilton Place Strategies, all rights of both sides are preserved. The Special Master remains available upon request to assist.

## DOMINION'S ARGUMENTS AS TO FOX

11. Dominion argues that Fox's Production has been inadequate in that there have been over 1,000,000,000 Fox hits and, at least at the time of the oral argument of May 10, 2022, Fox had produced a total of 14,228 documents (or just over 1%).

12. In Dominion's Supplemental submission[11] Dominion sets forth further examples of what it contends are inadequate production. Two merit discussion.

13. Dominion argues that the agreed upon search for documents hitting on various words that describe "President Trump" that also hit on various words that describe voter fraud yielded 518,213 documents expanding to 555,945 documents with the inclusion of families, yet as of the date of April 29th only 13,257 custodial documents were produced. Dominion characterized this as follows: "*Something is very wrong here.*" [12]

14. Dominion's Supplement Submission also notes that of the 38,556 hits, expanding to 49,060 with families, that involve "Dominion", only 5,913 custodial documents were produced.[13]

15. Without passing judgment on whether something is or is not "very wrong" the fact remains that these disparities caught the attention of the Special Master.

16. As the Special Master understands it, the documents which Dominion contends need to be produced are the Total Documents Hit by Term, Including Families, which is found in the second column after Search Terms in Exhibit A of Dominion's Supplemental Submission[14].

---

[11] (D.I. 289)
[12] (Id. at 2-3)
[13] (Id. at 5)
[14] (Id.)

4

17. The Special Master finds that Fox is deficient in the production that was due on April 29, 2022 and FOX is ORDERED to produce the documents reflected in the search terms in the column titled Total Documents Hit by Term Including Families is found in Exhibit "A" of Dominion's Supplement Submission[15] no later than June 24, 2022 or identify them in a privilege log as will be discussed herein.

## FOX'S ARGUMENTS AS TO DOMINION

18. As to Dominion, Fox contends that there are numerous documents which it has not received as set forth in its report to Special Master[16].

19. In its response Fox contends that Dominion did not conduct a responsiveness review or a confidentiality review and that Dominion's production amounted to a "dump."

20. While it may be the case that as of the time that Dominion produced its documents, there should have been a pre-production confidentiality review, the Special Master notes that the May 13, 2022 Order amending Paragraph 4 of the Order Governing the Production and Exchange of Confidential Information[17] does permit the Court or Special Master to relieve a party from making a pre-production confidentiality review. Accordingly, the Special Master does not intend to take any further action regarding Fox's "document dump" argument.

21. As to responsiveness and, without judging the merits of Fox's argument or the proprietary of what Dominion did in not doing a responsiveness review, and assuming that was the case, the Special Master does not intend to take any further action regarding responsiveness review because this Order will make clear it will not be necessary to a responsiveness review to comply with the requirements of this Order.

---

[15] (Id.)
[16] (D.I. 285)
[17] (D.I. 299)

5

22. During oral argument on May 10th Fox noted that the 880,000 documents identified by Dominion, 416,000 had yet to be produced.

23. The Special Master finds that Dominion is deficient in the production that was due on April 29, 2022 and that Dominion is ORDERED to produce, no later than June 24, 2022, the remaining 416,000 documents or identify them in a privilege log which will be discussed shortly.

### PRE-PRODUCTION DOCUMENT REVIEW FOR ISSUES OTHER THAN PRIVILEGE

24. Responsiveness: any document subject to this Order does need to be matched up with any pending Request for Production and to the extent that a document which would otherwise be covered by this Order but has not been produced based on a previously filed objection, then unless that objection is based on privilege it is OVERRULED and the document is Ordered produced.

25. Relevancy: to be able to meet the deadline in this Order, the parties are relieved from the requirement to do a pre-production relevancy review.

26. Confidentiality: to be able to meet the deadline in this Order, the parties are relieved from the requirement to do a pre-production confidentiality review.

27. It is the Special Master's understanding that this covers all Objections except that of privilege.

### PRIVILEGE

28. Both Dominion and Fox argue that many of the documents that were originally due to be produced by April 29, 2022 are privileged.

29. Notwithstanding the fact that there is a "claw back" provision in the Case Management Order of May 3, 2022[18] the Special Master considers "claw back" provisions best suited for inadvertent production of an occasional document as opposed to documents which may be massive in number.

30. For example it is the Special Master's understanding that Dominion is of the position that most of its unproduced documents are covered by the attorney-client privilege and that Fox contends many non-produced documents are subject to a reporter's privilege.

31. Since the Amendment to Case Management Order Paragraph III A.2.[19], gives the Special Master the authority to set earlier deadlines for a specific privilege log, the Special Master offers the following options to adhere to this Order.

## DEADLINES

32. The deadline for the production of all documents subject to this Order is June 24, 2022.

33. Each side has the option of producing all documents subject to "claw back" or submitting, no later than June 24, 2022, a privilege log as to the documents that are not being produced.

34. The Special Master emphasizes that the privilege log due date of June 24, 2022, set forth in this Order is specific as to documents subject to this Order. The overall privilege log date of August 15, 2022 in paragraph III A.2. provision of CMO[20] is not changed by this Order.

---

[18] (D.I. 275)
[19] (D.I. 311)
[20] (D.I. 275)

## ADDRESSING ONE OF FOX'S ARGUMENTS AS TO PRIVILEGE

35.    At Page 10 of Defendant Fox News Network, LLC's response to Dominion's report to the Special Master[21] Fox notes:

> "Unlike the type of attorney-client privilege or work-product screening presumably undertaken by Dominion, FNN would be required to do much more than conduct a blanket screen for counsels' names, lawsuits, or specific transactions – it would also need to review documents for the journalist's privilege. <u>That review would take many months."</u> (emphasis supplied).

36.    The Special Master is extremely concerned about the above underlined assertion.

37.    The Special Master Orders Fox to do what needs to be done to comply within the time frame set forth in this Order.  If Dominion is of like position as to the documents it has been ordered to produce then the provisions of this paragraph apply to it as well.

## SUMMARY OF THIS ORDER

38.    The Special Master understands that this Order is not as detailed as the ones that each party attached to it's initial Report nor any of the follow up Orders that were furnished.  It is the Special Master's intent to focus on the "end result" and not the process.  If either party contends that a detailed Order is needed then the Special Master will consider that party's position but

---

[21] (D.I. 288)

8

would prefer and in fact requires the parties to meet and confer on the manner in which this Order will be carried out.

39. As noted above, the Special Master's approach here is intended to be straight forward and at the risk of repetition, summarizes this Order as follows.

40. Neither side has produced what the other side contends is covered by the Special Master's Order of March 8, 2022.

41. Both sides are now Ordered to produce documents in accordance with this Order.

42. Neither side needs to conduct a pre-production review for responsiveness.

43. Neither side needs to conduct a pre-production review for relevancy.

44. Neither side needs to conduct a pre-production review for confidentiality.

45. All objections not based on a legally recognized privilege are deemed preserved.

46. The only documents that may be withheld are those covered by a legally recognized privilege.

47. However, any document not produced because of a legally recognized privilege must be described in a privilege log.

48. Document production is due no later than June 24, 2022.

49. Privilege Logs should be produced no later than June 24, 2022.

50. The parties are encouraged to produce documents and/or privilege logs on a "rolling basis" and to meet and confer as often as necessary.

51. To the extent that the parties wish to stipulate to a production procedure or a production date other than that set forth in this Order, then the Special Master will approve it.

52. The Special Master finds that without an Order requiring document production in the manner set forth herein, the CMO dates may be in jeopardy of not being met.

IT IS SO ORDERED this 26th day of May, 2022.

_____
JOHN A. ELZUFON, ESQUIRE
SPECIAL MASTER

G:\Docs\CLIENT\131889\32629\PLEADING\01717166.DOCX