IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> SIDNEY POWELL, SIDNEY POWELL, P.C., and DEFENDING THE REPUBLIC, INC., <br><br> Defendants. | Case No. 1:21-cv-00040-CJN |

**DEFENDANT DEFENDING THE REPUBLIC, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR ENTRY OF ORDER ON DISCOVERY MATTERS**

Defendant Defending the Republic, Inc. ("DTR"), through counsel, respectfully submits its response to Plaintiffs' motion for entry of order on discovery matters. ECF Dkt. No. 107. The cornerstone of discovery in civil litigation in federal court is proportionality. What Plaintiffs are asking the Court to impose on the parties, particularly on DTR, specifically undermines that requirement. DTR, a 501(c)(4) that existed for less than two months before it was sued in this matter, simply cannot afford to abide by the onerous and unnecessary requirements Plaintiffs seek to impose. While costs and fees seem not to be an issue for Plaintiffs given their recent recovery of $787 million in a related matter in Delaware[1], the Court should reject Plaintiffs' attempt to use their newly founded war chest to force DTR into submission. DTR is not asking the Court to excuse it from its obligations under the Federal Rules of Civil Procedure and its discovery obligations. DTR will continue to engage in discovery but seeks to do so in a manner that does

---

[1] *See* David Bauder, Randall Chase, Geoff Mulvihill *Fox, Dominion reach $787M settlement over election claims,* Apnews.com (April 18, 2023), https://apnews.com/article/fox-news-dominion-lawsuit-trial-trump-2020-0ac71f75acfacc52ea80b3e747fb0afe.

not unnecessarily drain the resources and threaten the existence of a non-profit. We respectfully ask the Court to reject these efforts by Plaintiffs and instead enter an order that properly accounts for the inequities between the parties.

**1)** <u>**The Court Should Reject Plaintiffs' Attempt to Condone Their Document Dump.**</u>

Plaintiffs cannot comply with their discovery obligations by dumping millions of pages in discovery and asking DTR, a defendant in a case where Plaintiff seeks more than $1 billion in damages, to find what it needs in the wasteland they created. Plaintiffs note that they have produced more than 800,000 documents to date, a majority of them coming from discovery in a recently resolved case between Plaintiffs and Foxin state court in Delaware. Mot. at 6. It is key to note that these documents were simply dropped on DTR and were not in response to any request propounded by DTR. While other defendants may have served requests that called for millions of pages of documents, DTR did not, and should not be asked to suffer as a result. DTR only recently served specific and tailored discovery requests seeking documents from Plaintiffs. While we do not know how Plaintiffs will respond, we suspect that the Plaintiffs will simply point to the production of more than 4,000,000 pages of documents and tell DTR that the answers can be found within. The Court should reject Plaintiffs' attempt to excuse this conduct through the proposed discovery protocol and related requested documents.

To date, DTR has not incurred the significant expense that comes with simply hosting the millions of pages produced by Plaintiffs in their 18 productions. Based on a preliminary estimate from DTR's e-discovery vendor, the monthly hosting costs alone will be around $9,000.00. This is before the required project management time to make any use of the material and run searches. If DTR is required to try to find documents responsive to its requests in the sea of documents created by Plaintiffs, it will undoubtedly cost tens of thousands of dollars to run and then evaluate

searches. Instead, the Court should require Plaintiffs to produce responses to the discovery propounded by DTR. If Plaintiffs contend that responsive documents are in the millions of pages produced in their 18 productions, they should be required to specify their location.

Regarding the ESI protocol, DTR joins in the positions stated by the other defendants. The point DTR's counsel made to Plaintiffs was that there must be a proportionality aspect to the obligations imposed. With respect to documents, DTR has been conducting a manual review for documents responsive to Plaintiffs discovery requests. DTR is then able to prepare the documents for production to Plaintiffs. The ESI protocol imposes an additional burden on DTR to take the material, which is ready for production, and then have it processed by an e-discovery vendor. The purported reason for this step is to make it easier for Plaintiffs to review. Convenience of a party is not sufficient justification to require DTR to incur the expense of an e-discovery vendor, especially where Plaintiffs are seeking to require DTR to pay thousands of dollars per month to simply host data. DTR will continue to meet and confer with Plaintiffs to try to resolve this issue.

**2) DTR Has Identified Appropriate Custodians.**

It is unclear what relief, if any, Plaintiffs seek from the Court regarding the custodians they have identified. Plaintiffs have identified 19 purported DTR custodians they believe may have relevant documents related to this matter. Two of the proposed custodians, Sidney Powell and Patrick Byrne, are themselves individual parties in the matters consolidated before the Court for discovery. Most of the remainder of those identified by Plaintiffs are individuals over whom DTR has no control whatsoever. In response, DTR has identified three individuals who can appropriately be considered custodians because they have documents within DTR's control. Notably, two of the custodians are only on the list because DTR suggested them. The remainder of the individuals are no longer affiliated with DTR and are not under the entity's custody or

control. Further, there has been no proffer by Plaintiffs regarding why they believe these individuals are appropriate custodians. Two of the individuals identified by Plaintiffs are members of the DTR board that joined months after Plaintiffs filed this lawsuit. DTR respectfully submits that the Court should allow the parties, who are in the best position to identify individuals with relevant knowledge and documents, to identify appropriate custodians.

### 3) The Appropriate Time Period For Searches is November 3, 2020 Until January 8, 2021.

Plaintiffs admit, as they must, that DTR did not exist in January 2020. In fact, DTR was not formed until after the 2020 Presidential Election. Notwithstanding, Plaintiffs ask this Court to require DTR to search for documents going back well before the entity was formed. To the extent Plaintiffs seek to capture communications from Sidney Powell, she is a party to this lawsuit, and they can obtain documents directly from her. Ms. Powell did not have a DTR-issued e-mail address until 2021. No documents within the possession, custody, and control of DTR could exist before the entity was formed. It appears that Plaintiffs are attempting to impose obligations on non-parties that were affiliated with DTR at some point. Plaintiffs note in their filings " . . . to the extent [DTR's] custodians have responsive information or documents from [January 2020], that are in DTR's possession, they should be produced." Mot. at 37. Plaintiffs are attempting to seek authority to force DTR to conduct their third-party discovery. If Plaintiffs want documents dated before the formation of DTR from individuals they believe have discoverable information or documents, they should issue third-party subpoenas. DTR respectfully submits that the appropriate time period for searches is November 3, 2020 until January 8, 2021, the date Plaintiffs filed this action.

4

Dated: October 31, 2023	Respectfully submitted,

*Marc Eisenstein*

_____
Marc J. Eisenstein (DC Bar No. 1007208)
COBURN & GREENBAUM, PLLC
1710 Rhode Island Avenue, NW
Second Floor
Washington, DC  20036
Telephone: (703) 963-7164
Facsimile: (866) 561-9712
marc@coburngreenbaum.com

*Counsel for Defendant Defending the Republic, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2023, a copy of the foregoing was filed with the Clerk of the Court and served on all counsel of record via ECF.

*/s/ Marc Eisenstein*

Marc Eisenstein