# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>Defendant. | Case No. 1:21-cv-00213-CJN |

**GIULIANI'S FIRST SET OF REQUESTS FOR PRODUCTION**

Under Rule 34 of the Federal Rules of Civil Procedure, Defendant Rudolph W. Giuliani ("Giuliani") hereby propounds to Plaintiffs US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation ("Dominion"), by and through their undersigned counsel, the following Requests for Production of Documents (the "Requests").

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All documents that Dominion has produced in response to any subpoena, disclosure obligation, or in response to any request for production in any litigation or proceeding. This request is limited to any litigation where a material issue, claim, or defense involves or involved election and/or voting technology or services.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify the organizational and ownership structure of Dominion.

**RESPONSE:**

1

**REQUEST FOR PRODUCTION NO. 3:**

All correspondence Dominion (or its attorneys or agents) have ever sent to any third-party making claims or accusations of defamation, libel, or slander by a third party.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

All documents, information, or correspondence given in response to any media inquiry regarding any election and/or voting services or technology offered by Dominion.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

All manuals, brochures, or other documents demonstrating the functionality, operations, and/or security of any Dominion machinery or software that was utilized in the 2020 Election.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

All documents Dominion has submitted to any state or local government in the last 10 years in connection to an application by Dominion to provide election or voting services or technology to a state or local government.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

All documents Dominion from any state or local government in the last 10 years in connection to an application by Dominion to provide election or voting services or technology to a state or local government.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

All of Dominion's employment files on Eric Coomer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

All communications between Dominion and any state or federal government agency or elected official.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

All contracts or agreements between Dominion and any other party regarding voting or election services or software.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

Any documents or communications concerning any contracts or agreements between Dominion and any other party regarding voting or election services or software.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications concerning any connection or lack thereof between Smartmatic U.S.A. (or any affiliated company such as Sequoia Voting Systems) and Dominion. There is no time limit on this Request.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

All documents evidencing damages you have claimed in this lawsuit including, but not limited to, financial projections.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

All documents on which Dominion intends to rely at any hearing or trial of this action. There is notime limit on this Request.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

All Documents referenced in, identified by, responsive to, or relied upon in preparing Dominion's Complaint, responses to any party's Interrogatories to Dominion in this litigation, and/or Dominion's Responses to anyother discovery requests, including but not limited to a 30(b)(6) request. There is no time limit on this Request.

4

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

Any joint defense or similar agreement between Dominion and any other party or non-party to any lawsuit, arbitration, or other proceeding concerning Dominion, the Election, or election fraud. There is no time limit on this Request.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

All communications, correspondence, or documents referring or relating to Defendant Giuliani (other than documents filed in this case).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

All communications, correspondence, or documents evidencing Dominion's communications or business ventures with any non-United States governmental agency or non-United States government official.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

All documents and communications mentioning fraud, rigging, or any other manipulation of votes in any election anywhere in the world. There is no time limit on this Request.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

Any settlement agreements between Dominion and any party relating to election or voting software or relating to claims or libel, defamation, or slander

**RESPONSE:**

                                    Respectfully submitted,

                              By: */s/ Joseph D. Sibley IV*

                              CAMARA & SIBLEY L.L.P.

                                Joseph D. Sibley IV
                                DC Bar ID: TX0202
                                1108 Lavaca St.
                                Suite 110263
                                Austin, TX 78701
                                Telephone:  (713) 966-6789
                                Fax:  (713) 583-1131
                                Email:  sibley@camarasibley.com

                        **ATTORNEYS FOR RUDOLPH W. GIULIANI**

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 18th day of July, 2022, I served the foregoing document via email to all counsel of record by agreement.

                                */s/ Joseph D. Sibley IV*
                                Joseph D. Sibley IV