IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION,<br><br>    *Plaintiffs,*<br><br>  v.<br><br>SIDNEY POWELL, SIDNEY POWELL, P.C., and DEFENDING THE REPUBLIC, INC.,<br><br>    *Defendants.* | No. 1:21-cv-00040 (CJN) |

### POWELL DEFENDANTS' MOTION & MEMORANDUM OF LAW FOR ORDER ADOPTING DEPOSITION PROTOCOL JOINTLY PROPOSED BY DEFENDANTS

Defendants Sidney Powell and Sidney Powell, PC (collectively, Powell), move the Court to adopt Defendants' jointly proposed Deposition Protocol. Powell seeks to follow the Federal Rules of Civil Procedure. Dominion Plaintiffs look to rewrite them.

The parties have reached significant and substantial agreement. However, one point of disagreement remains, which is fundamental and germane to the Deposition Protocol – the means/location of taking such depositions. Under the Deposition Protocol proposed by Defendants, depositions are to be taken in-person unless otherwise agreed by the noticing/subpoenaing party and the witness or ordered by the Court. For good cause shown, any party may move for the deposition to proceed via zoom. Ex. A.[1] This approach is consistent with FRCP 30(b)(4), which provides:

> (4) ***By Remote Means.*** The parties may stipulate—or the court may on motion order—that a deposition be taken by

---

[1] Exhibit A is a true and correct clean copy of Defendants' proposed Protocol, which adheres to the Federal Rules of Civil Procedure.

>telephone or other remote means. For the purpose of this rule
>and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes
>place where the deponent answers the questions.

FRCP30(b)(4).

Dominion, on the other hand, seeks to flip the requirements of the Federal Rules and make remote depositions the default, and would allow in-person depositions only where good cause is shown. During meet-and-confers, Dominion has provided no explanation for its insisted alternative approach other than counsel's preference and convenience. This approach should be rejected.

*First*, Dominion's approach counteracts fundamental principles of Rule 30(b)(4), which makes in-person deposition the default.

*Second*, It also runs afoul of basic litigation tenets, including that a party who sues in a federal district should expect to conduct depositions there. To expect depositions to be conducted in-person, and likely in this District, is neither unfair, burdensome, nor unreasonable. *Troxel v, Gunite Pros LLC*, 2022 WL 2762905, at *2 (S.D. Ala. Mar. 17, 2022) ("A plaintiff should expect to be deposed in the forum where the action is pending."); *Wei Su v. Sotheby's, Inc.*, 2019 WL 4053917, at *1 (S.D.N.Y. Aug. 28, 2019) ("There is a general presumption that a plaintiff who chooses a particular forum should be prepared to be deposed in that forum."); *see also Guy v. Vilsack*, 293 F.R.D. 8, 12 (D.D.C. 2013) ("[a]s the plaintiff in this matter, Mr. Guy must be present for his deposition in the forum in which he filed suit."). Here, Dominion filed *five* separate lawsuits in this District.

*Third*, Dominion seeks to deprive Powell's (and other Defendants') right to examine witnesses in-person. *E.g., Guy*, 293 F.R.D. at 13 (recognizing that while the Federal Rules allow for remote depositions, it was inappropriate to "deny defendant the benefit and convenience of an in-person deposition"); *see also Wei Su*, 2019 WL 4053917 at *1 ("Additionally, [w]ith resect to

location of a deposition, as a general rule, the party who notices a deposition is entitled to choose its location.") (internal marks and citations omitted); *United States v. Approximately $57,378 in U.S. Currency*, 2010 WL 4347889, at *1 (N.D. Cal. Oct. 27, 2010) (noting in-person deposition provides opportunity to observe witness demeanor); *Deposition by Remote Means*, 3 Bus. & Com. Litig. Fed. Cts., Section 31:13 (5th Ed., American Bar Association, November 2022) (significant limitations of remote depositions include need for questioner to decide documents they will use and their order ahead of time, adverse or hostile witnesses will more readily yield admissions to a live questioner, and remote depositions more suitable to shorter depositions and those of less important witnesses).

This matter should not even be a close call. Powell and Defendants seek to adhere to the principles of the Federal Rules of Civil Procedure, particularly, FRCP 30(b)(4). Dominion – the architect of five separate lawsuits literally seeking billions in damages – seeks to disregard them for their owns means and convenience. For these reasons, Powell respectfully requests that the Court grant their Motion for Order Adopting Deposition Protocol Jointly Proposed By Defendants.

Dated: November 8, 2023                **KENNEDYS CMK LLP**

By:*/s Joshua A. Mooney*_____

Joshua A. Mooney DC Bar No. 471866
1600 Market Street, Suite 1410
Philadelphia, PA 19103
Tel: 267-479-6700
Joshua.Mooney@kennedyslaw.com

Marc Casarino, pro hac vice
919 N. Market Street, Suite 1550
Wilmington, DE 19801
Tel: 302-308-6647
Email: marc.casarino@kennedyslaw.com

Michael J. Tricarico, pro hac vice

570 Lexington Avenue, 8th Floor
New York, New York 10022
Tel: (646) 625-3952
Email: Michael.tricarico@kennedyslaw.com

*Attorneys for Defendant Sidney Powell and Sidney Powell, PC*