# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al.,<br><br>    *Plaintiffs/Counter-Defendants*,<br><br>v.<br><br>SIDNEY POWELL, et al.,<br><br>    *Defendants/Counter-Plaintiffs*. | Civil Action No. 1:21-cv-00040 (CJN) |
| US DOMINION, INC., et al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>    *Defendant*. | Civil Action No. 1:21-cv-00213 (CJN) |
| US DOMINION, INC., et al.,<br><br>    *Plaintiffs/Counter-Defendants*,<br><br>v.<br><br>MY PILLOW, INC., et al.,<br><br>    *Defendants/ Counter- and Third-Party Plaintiffs*,<br><br>v.<br><br>SMARTMATIC USA CORP., et al.,<br><br>    *Third-Party Defendants*. | Civil Action No. 1:21-cv-00445 (CJN) |

| | |
|---|---|
| US DOMINION, INC., et al., *Plaintiffs*, v. PATRICK BYRNE, *Defendant*. | Civil Action No. 1:21-cv-02131 (CJN) |
| US DOMINION, INC., *et al.*, *Plaintiffs/Counter-Defendants*, v. HERRING NETWORKS, INC. *et al.*, *Defendants/ Counter- and Third-Party Plaintiffs*, v. AT&T SERVICES, *et al.*, *Third-Party Defendants*. | Civil Action No. 1:21-cv-02130 (CJN) |

**MEMORANDUM OF LAW IN SUPPORT OF DOMINION'S
<u>MOTION FOR ENTRY OF ORDER ON FACT WITNESS DEPOSITION PROTOCOLS</u>**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................1

FACTUAL BACKGROUND..........................................................................................................1

LEGAL STANDARD.....................................................................................................................4

ARGUMENT..................................................................................................................................5

    1.    Remote Depositions will Promote Efficient Conduct of Discovery in these Coordinated Cases ........................................................................................5

    2.    Remote Depositions will Reduce Costs..................................................7

    3.    Deposition by Videoconference will Promote Safety.............................................9

CONCLUSION.............................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brower v. McDonald's Corp.*,
  No. 2:19-CV-02099-GMN-BNW, 2021 WL 3573633 (D. Nev. May 28, 2021) ......................5

*Chen v. Fed. Bureau of Investigation*,
  No. 22-MC-0074 (CRC), 2022 WL 17851618 (D.D.C. Oct. 18, 2022) ...................................4

*Doe v. Bd. of Regents of Univ. of Nebraska*,
  No. 4:21CV3049, 2022 WL 17343852 (D. Neb. Nov. 30, 2022)........................................8, 10

*H & T Fair Hills, Ltd. v. All. Pipeline L.P.*,
  No. CV 19-1095, 2020 WL 5512517 (D. Minn. Sept. 14, 2020) ..............................................9

*Henry v. Tacoma Police Department*,
  No. 3:22-cv-05523-LK, 2023 WL 5530201 (W.D. Wash. Aug. 28, 2023)................................7

*In re Broiler Chicken Antitrust Litigation*,
  No. 1:16-CV-08637, 2020 WL 3469166 (N.D. Ill. June 25, 2020)...........................................5

*In re Terrorist Attacks on Sept. 11, 2001*,
  337 F.R.D. 575 (S.D.N.Y. 2020) .............................................................................................4

*Merritt v. United States*,
  No. 5:18-CV-200, 2021 WL 8694352 (D. Vt. Aug. 23, 2021).................................................9

*Mosley v. Friauf*,
  No. 3:22-CV-120-TRM-DCP, 2023 WL 3791393 (E.D. Tenn. June 2, 2023) .....................4, 8

*Natural Resources Defense Council, Inc. v. Environmental Protection Agency*,
  No. CV 16-1861 (JDB), 2020 WL 2849624 (D.D.C. June 2, 2020) .......................................7

*PC-41 DOE v. Poly Prep Country Day Sch.*,
  No. 20-CV-03628-DG-SJB, 2022 WL 420619 (E.D.N.Y. Jan. 20, 2022) ...............................7

*Rouviere v. DePuy Orthopaedics, Inc.*,
  471 F. Supp. 3d 571 (S.D.N.Y. 2020)......................................................................................9

*U.S. Dominion, et al. v. Powell, et al.*,
  Case No. 1:21-CV-00040-CJN, ECF No. 107-1 (D.D.C. filed Oct. 20, 2023) .....................3, 8

*U.S. Dominion, Inc., et al. v. Fox Corporation, et al.*,
  C.A. No. N21C-11-082 (Del. Super. Ct.) ................................................................................7

*U.S. Dominion, Inc., et al. v. Fox News Network, LLC*,
    C.A. No. N21-C-03-257 (Del. Super. Court)..................................................................7

*United States v. One Gulfstream G-V Jet Aircraft Displaying Tail No. VPCES*,
    304 F.R.D. 10 (D.D.C. 2014)..........................................................................................4

*Vargas v. Evergreen Professional Recoveries Inc.*,
    No. 2:21-CV-00926-RSL-JRC, 2022 WL 856991 (W.D. Wash. Mar. 23, 2022).............4, 7, 9

**Rules**

Fed. R. Civ. P. 1 ................................................................................................................5

Fed. R. Civ. P. 29 ..............................................................................................................1

Fed. R. Civ. P. 30(b)(4).................................................................................................4, 5

**Other Authorities**

Chris Henry, *Love Them or Hate Them, Remote Depositions are Here to Stay*,
    Boston Bar Association, Nov. 7, 2022..........................................................................2

Mary A. Salamone & Michelle Wells, *Entering a New Era – Taking and
    Defending Remote Depositions*, American Bar Association, Dec. 11, 2020 ..............2

Megan Mineiro, *Judges Tout Covid for Opening Judiciary Up to Technology*,
    Courthouse News Service, June 25, 2020....................................................................2

Sara G. Miller, Marina Kopf & Akshay Syal, M.D., *All signs point to a rise in
    Covid*, NBC News, Sept. 5, 2023...................................................................................9

U.S. Centers for Disease Control and Prevention, *Respiratory Disease Season
    Outlook*, Oct. 24, 2023..................................................................................................9

**INDEX OF EXHIBITS**

| EXHIBIT | DESCRIPTION |
|---|---|
| 1 | Proposed Order on Fact Witness Deposition Protocol |
| 2 | Dominion's Proposed Fact Witness Deposition Protocol Terms with Herring Parties Comments |
| 3 | Affidavit of Lindsey Kurtz |

## INTRODUCTION

On September 21, 2023, the Court directed the parties to meet and confer with the aim of reaching agreement on a protocol for fact witness depositions. Since then, the Dominion Plaintiffs (herein "Dominion") and Defendants Michael Lindell and My Pillow, Inc., Sidney Powell, Powell P.C., Defending the Republic ("DTR"), Rudolph Giuliani, Patrick Byrne, One America News Network ("OAN") et al., and Christina Bobb ("the parties") have engaged in diligent efforts that resulted in an agreed protocol on all but one discrete issue. Dominion requests entry of the undisputed provisions of the deposition protocol for good cause and per the parties' stipulation. *See* Fed. R. Civ. P. 29.

The source of disagreement is the location of depositions provision: Dominion's position is that a default rule in favor of remote depositions will best promote the safe, efficient, and cost-effective conduct of depositions in these matters. Defendants, on the other hand, insist on a default in favor of in-person depositions for all witnesses, a rule that would create unnecessary scheduling barriers as no less than thirteen different parties, represented by eight different law firms (to say nothing of the additional firms that are likely to appear as deponents of corporate defendants who seek personal counsel), try to coordinate travel schedules for dozens of depositions with witnesses located all across the country, impose unnecessary burden and expense, and increase dangers associated with transmissible illness during flu season and a resurgence of COVID-19. Dominion asks the Court to enter Dominion's proposed fact witness deposition protocol, attached hereto as Exhibit 1.

## FACTUAL BACKGROUND

Dominion is an election technology company headquartered in Denver, Colorado, with customers from Georgia to Alaska and 26 other states in the U.S. In the wake of the 2020 Presidential election, Dominion became the center of a defamatory campaign in which Defendants

asserted that Dominion was involved in a well-orchestrated conspiracy to rig the election in favor of President Biden.  As a result, Dominion and its employees became the target of threats, stalking, and harassment by members of the public who heard these lies and were incensed to take action against a company they were led to believe had stolen the election.  *See* OAN Compl. ¶¶ 121, 176, 278-286; Powell Compl. ¶¶ 8-9, 131-138, 189; Lindell Compl. ¶¶ 155, 161, 169-171; Giuliani Compl. ¶¶ 118-127, 184-185; Byrne Compl. ¶¶ 127-135, 161-162. Dominion's business was badly damaged, and its employees—many of whom are agreed custodians and likely deponents in these cases—feared for their lives or the safety of their colleagues and their own families in the face of this barrage of credible threats.

Meanwhile, from the early days of the COVID-19 pandemic, courts across the country began to utilize technology to adapt to the "new normal" of necessary social distancing.  While these changes—such as depositions conducted over Zoom and oral arguments held by teleconference—were first implemented out of necessity, the benefits of efficiency, cost savings, safety, and increased public access were immediately apparent.[1]  Even today, while the world has largely reopened from the worst of the pandemic's closures, courts continue to handle business remotely and depositions are routinely conducted via videoconference.[2]

---

[1] *See* Mary A. Salamone & Michelle Wells, *Entering a New Era – Taking and Defending Remote Depositions*, American Bar Association, Dec. 11, 2020, https://www.americanbar.org/groups/construction_industry/publications/under_construction/2020/winter2020/entering-a-new-era/; Megan Mineiro, *Judges Tout Covid for Opening Judiciary Up to Technology*, Courthouse News Service, June 25, 2020, https://www.courthousenews.com/judges-tout-covid-for-opening-judiciary-up-to-technology/.

[2] *See* Chris Henry, *Love Them or Hate Them, Remote Depositions are Here to Stay*, Boston Bar Association, Nov. 7, 2022, https://bostonbar.org/journal/love-them-or-hate-them-remote-depositions-are-here-to-stay/.

Once the *Powell*, *Lindell*, *Giuliani*, and, later, *OAN*, cases were consolidated for discovery (with *Byrne* coordinating voluntarily), Dominion and the Defendants undertook significant efforts to reach agreement on a discovery stipulation. The process took quite some time, both before and after the Court ordered the parties to propose a stipulation at the September 21, 2023 hearing, as the parties exchanged numerous emails and telephone calls, and met and conferred multiple times. Even what should have been a relatively simple issue of finding an hour during which all of the parties could meet over Zoom often proved time consuming to settle, as the schedules of lawyers from eight different law firms inevitably conflicted with one another. *See U.S. Dominion, et al. v. Powell, et al.*, Case No. 1:21-CV-00040-CJN, ECF No. 107-1, at 15-23 (D.D.C. filed Oct. 20, 2023) (detailing the parties' efforts to reach agreement on a discovery process, between May and October 2023).

It was in this context that the parties began discussions aimed at reaching agreement on a protocol for coordinating the conduct of depositions in this case. The process has been largely successful: there is just one point of disagreement between Dominion's proposed protocol and Defendants' proposal. Regarding the location of depositions, Dominion has proposed the following:

> All depositions will be taken over zoom unless otherwise agreed by the noticing/subpoenaing party and the witness or Ordered by the Court. For good cause shown, any party may move for the deposition to proceed in-person.

Exhibit 1 at 5 (Dominion's Proposed Fact Witness Deposition Protocol). To be clear, nothing in this provision would prohibit the witness from having their counsel present in person with him or her if they so chose. Dominion's provision also allows for a fully in-person deposition upon agreement or for good cause shown. Dominion believes this provision works to the benefit of all

parties and witnesses in this litigation by facilitating what is certain to be a complex scheduling process, reducing costs, and ensuring participant safety.

OAN rejected this provision and suggested the default for all depositions would be in-person. Defendants' final proposal reads as follows:

> All depositions will be taken in-person unless otherwise agreed by the noticing/subpoenaing party or Ordered by the Court. If requested, any in-person deposition will also have a zoom option for counsel to attend remotely. For good cause shown, any party may move for the deposition to proceed by zoom.

Exhibit 2 at 3 (Blaesche proposal dated Oct. 31, 2023). Though this proposal was made by OAN, all Defendants have since indicated their positions are the same. Despite multiple conferences, Defendants have not articulated a reason for the need to have depositions in person, or for why depositions could not be taken effectively over videoconference in this case.

## LEGAL STANDARD

Federal Rule of Civil Procedure 30(b)(4) expressly allows for depositions to "be taken by telephone or other remote means" either by stipulation of the parties or order of the court. *Chen v. Fed. Bureau of Investigation*, No. 22-MC-0074 (CRC), 2022 WL 17851618, at *3 (D.D.C. Oct. 18, 2022) (quoting Fed. R. Civ. P. 30(b)(4)). When deciding a motion pursuant to this Rule, courts must consider whether the moving party has established a legitimate reason for a remote deposition and, if so, whether the opposing party has made a particularized showing of why a remote deposition would be prejudicial. *See Mosley v. Friauf*, No. 3:22-CV-120-TRM-DCP, 2023 WL 3791393, at *2 (E.D. Tenn. June 2, 2023); *Vargas v. Evergreen Professional Recoveries Inc.*, No. 2:21-CV-00926-RSL-JRC, 2022 WL 856991, at *1 (W.D. Wash. Mar. 23, 2022).

The decision to grant an application for remote depositions under Rule 30(b)(4) is entrusted to the sound discretion of the court. *See In re Terrorist Attacks on Sept. 11, 2001*, 337 F.R.D. 575, 578 (S.D.N.Y. 2020); *United States v. One Gulfstream G-V Jet Aircraft Displaying Tail No.*

4

*VPCES*, 304 F.R.D. 10, 12 (D.D.C. 2014) ("Ultimately, when a dispute arises about the location of a deposition, the final determination is within the discretion of the Court."). In light of Rule 1's mandate that the Rules be construed "to secure the just, speedy, and inexpensive determination of this action" before the court, "[l]eave to permit remote depositions should generally be granted liberally." *Brower v. McDonald's Corp.*, No. 2:19-CV-02099-GMN-BNW, 2021 WL 3573633, at *2 (D. Nev. May 28, 2021) (citing Fed. R. Civ. P. 1); *see also In re Broiler Chicken Antitrust Litigation*, No. 1:16-CV-08637, 2020 WL 3469166, at *7 (N.D. Ill. June 25, 2020) ("Courts have long held that leave to take remote depositions pursuant to Rule 30(b)(4) should be granted liberally") (collecting cases).

## ARGUMENT

Dominion asks this court to enter a default rule in favor of remote depositions for several reasons. **First**, deposition over videoconference will promote efficiency by dispensing with the need for multiple parties to travel to a single location, which will save travel time and reduce the likelihood of scheduling conflicts. **Second**, remote depositions will reduce costs associated with travel, hotel accommodations, and securing a space big enough for the potentially large number of people who may appear at any given deposition. **Third**, Zoom depositions promote safety in an environment where COVID-19 remains a concern. Dominion will address these points in greater detail below.

    **1.**    **Remote Depositions will Promote Efficient Conduct of Discovery in these Coordinated Cases**

There are thirteen separate parties to these cases, represented by litigation counsel from at least eight different law firms. Many law firms choose to have two or more attorneys attend a deposition they are taking or defending. Some witnesses and parties may elect to have personal and/or corporate counsel present in addition to litigation counsel. It is not unimaginable that

upwards of two dozen individuals could wish to appear for any deposition in these matters. On top of all this, once depositions begin in these cases, the pace is likely to be hectic as the parties try to fit dozens of depositions into the relatively short window of time before the close of fact discovery in May. Although the precise number of depositions each party will notice is not known, the parties have agreed on a total hours limit of 350 for Dominion and 500 for all Defendants. Even if each side used the maximum hours permitted to them in each deposition (five hours for Dominion; nine hours for Defendants), this would translate to 70 noticed depositions for Dominion and 55 noticed depositions for Defendants, a total of 125 depositions in all. *See* Exhibit 1.

Coordinating dates acceptable to everyone with a right to be present will be complicated under the best of circumstances; the parties' experience with scheduling 60-minute Zoom meet and confers, just for the purpose of reaching agreement on this protocol, demonstrates this point. The process is certain to be vastly simplified—though even still, not simple—if no one has to factor the time and inconvenience of travel into their plans. All parties will benefit from circumstances in which fewer barriers to scheduling exist. Defendants' proposal, on the other hand, is likely to increase scheduling difficulties and cause delay. Defendants' proposal creates another practical problem, as well: physical space. Simply finding rooms large enough to accommodate depositions where 20 or more people may be in attendance will not be easy, and Defendants have articulated no reason why it should be necessary. Particularly when Defendants will not be prejudiced by remote depositions, this point weighs heavily in favor of Dominion's proposal.

In this respect, it is important to note that litigants' experiences during the height of the COVID-19 pandemic have demonstrated that depositions can be effectively taken over zoom. Indeed, improvements in videoconferencing that have occurred over the last several years, and

practitioners' increased facility with the technology, have led some courts to observe that a bias in favor of remote depositions is here to stay. *See, e.g.*, *Vargas v. Evergreen Pro. Recoveries Inc.*, No. 2:21-CV-00926-RSL-JRC, 2022 WL 856991, at *1 (W.D. Wash. Mar. 23, 2022) (observing that remote depositions are "the new normal, as attorneys and litigants have adapted to new ways to practice law") (internal quotation omitted); *PC-41 DOE v. Poly Prep Country Day Sch.*, No. 20-CV-03628-DG-SJB, 2022 WL 420619, at *2 (E.D.N.Y. Jan. 20, 2022) ("Technology has developed, and lawyers are quite capable, two years into the pandemic . . . to conduct depositions remotely without court intervention."); *Natural Resources Defense Council, Inc. v. Environmental Protection Agency*, No. CV 16-1861 (JDB), 2020 WL 2849624, at *5, fn. 5 (D.D.C. June 2, 2020) ("Across the country, attorneys and judges are learning to overcome [logistical] difficulties and conduct remote proceedings with some semblance of normality.").[3]

Moreover, nothing in Dominion's proposal prohibits an attorney from appearing in person with a witness whose deposition they are defending. Nothing prohibits the parties from conducting an in-person deposition when the noticing party and witness agree. And, even if agreement cannot be reached, any party may move the Court to order an in-person deposition for good cause shown. *See* Exhibit 1.

### 2.    Remote Depositions will Reduce Costs

It is proper for courts to consider the costs associated with travel when deciding a motion for remote deposition. *See Henry v. Tacoma Police Department*, No. 3:22-cv-05523-LK, 2023

---

[3] For example, all but a handful of the 128 depositions taken in *U.S. Dominion, Inc., et al. v. Fox News Network, LLC*, C.A. No. N21-C-03-257 (Del. Super. Court) and *U.S. Dominion, Inc., et al. v. Fox Corporation, et al.*, C.A. No. N21C-11-082 (Del. Super. Ct.), were taken via videoconference. Much like Dominion expects will occur here, thousands of exhibits were entered into evidence over the course of hundreds of hours of testimony during these depositions. Technical issues were minimal and in the end no party suffered prejudice as a result of the remote procedure.

WL 5530201, at *2 (W.D. Wash. Aug. 28, 2023); *Mosley v. Friauf*, No. 3:22-CV-120-TRM-DCP, 2023 WL 3791393, at *2 (E.D. Tenn. June 2, 2023); *Doe v. Bd. of Regents of Univ. of Nebraska*, No. 4:21CV3049, 2022 WL 17343852, at *3 (D. Neb. Nov. 30, 2022).  Needless to say, between airfare and hotel accommodations, travel for depositions in these cases will be an enormous expense for all parties.  It is also likely that space will have to be rented to accommodate the anticipated large number of people likely to attend the depositions.  Dominion's proposal eliminates these expenses by allowing witnesses and attorneys to attend depositions from where they already are.

As Dominion understands Defendants' proposal, the burdens would fall disproportionally on Dominion.  If Defendants have their way, Dominion's counsel and its employees would all have to travel significant distances at significant cost, wasting significant time, to sit for deposition. *See U.S. Dominion, et al. v. Powell, et al.*, Case No. 1:21-CV-00040-CJN, ECF No. 113, at 2 (D.D.C. filed Nov. 8, 2023) (suggesting depositions in these cases should take place in the district forum).  Defendants' proposed solution—that Dominion's employees attend in person and its counsel attend virtually—is no solution at all.  Why would Dominion risk allowing Defendants to interrogate Dominion's employees in person, without counsel present to protect against improper off- or on-camera behavior? Moreover, Defendants' proposed solution would not solve the expense problem. Dominion has operations across North America and the globe, and its sixty-three custodians are spread across twenty-one U.S. states, Canada, and Europe. *See* Exhibit 3 (Kurtz Affirmation).

The fact that Dominion filed these lawsuits does not justify imposing disproportionate, unnecessary, and costly burdens on Dominion.  Dominion had an absolute right to sue these Defendants, in this District, for defaming Dominion publicly, knowingly, and repeatedly, with the

8

goal of destroying Dominion's reputation and business.  It is inappropriate to even suggest that Dominion be punished for asserting its rights, especially when a fair and completely appropriate means exists to mitigate the expense.  Requiring Zoom depositions, absent good cause, would minimize the disproportionate financial costs and wasted time of Defendants' proposal.

    **3.**    **Deposition by Videoconference will Promote Safety**

Thankfully, conditions related to the COVID-19 pandemic are much improved from 2020 and 2021.  Nonetheless, the risks of transmissible illness are not behind us.  Covid cases were on the rise again this fall,[4] and the U.S. Centers for Disease Control and Prevention is predicting that, as a result of respiratory viruses such as Covid, flu, and RSV, this winter "the United States most likely will see greater hospitalizations than in seasons before the pandemic."[5]  *See also Vargas v. Evergreen Professional Recoveries Inc.*, No. 2:21-CV-00926-RSL-JRC, 2022 WL 856991, at *1 (W.D. Wash. Mar. 23, 2022) ("the COVID-19 pandemic has improved, but 'improved' is not the same as "over").  This is an especially important consideration in these cases, when so many people are likely to attend each deposition.

Safety concerns, including the risk of transmission of COVID-19, are a valid reason for courts to order remote depositions. *See Merritt v. United States*, No. 5:18-CV-200, 2021 WL 8694352, at *2 (D. Vt. Aug. 23, 2021); *Rouviere v. DePuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571, 574-575 (S.D.N.Y. 2020); *H & T Fair Hills, Ltd. v. All. Pipeline L.P.*, No. CV 19-1095 (JNE/BRT), 2020 WL 5512517, at *1 (D. Minn. Sept. 14, 2020).

---

[4] Sara G. Miller, Marina Kopf & Akshay Syal, M.D., *All signs point to a rise in Covid*, NBC News, Sept. 5, 2023, https://nbcnews.com/health/health-news/signs-point-rise-covid-rcna103439.
[5] U.S. Centers for Disease Control and Prevention, *Respiratory Disease Season Outlook*, Oct. 24, 2023, https://www.cdc.gov/forecast-outbreak-analytics/about/season-outlook.html (last visited Nov. 7, 2023).

9

A final consideration is the ordeal Dominion's witnesses have already been through. They were—and continue to be—the victims of threats, stalking, and harassment as a result of the lies Defendants spread. *See* OAN Compl. ¶¶ 121, 176, 278-286; Powell Compl. ¶¶ 8-9, 131-138, 189; Lindell Compl. ¶¶ 155, 161, 169-171; Giuliani Compl. ¶¶ 118-127, 184-185; Byrne Compl. ¶¶ 127-135, 161-162. Forcing these witness to travel out of state and appear in person to a room full of potentially hostile opposing counsel is entirely unnecessary when an effective means of conducting depositions by videoconference exists. *See, e.g.*, *Doe v. Bd. of Regents of Univ. of Nebraska*, No. 4:21CV3049, 2022 WL 17343852, at *3 (D. Neb. Nov. 30, 2022) (declining to require Plaintiff, a survivor of sexual harassment, to travel to the forum state for her deposition, and ordering deposition by videoconference instead). And, as discussed in Point 2, *supra*, this is why Dominion's attorneys will *always* have to appear in person with Dominion's witnesses at in-person depositions, even if Defendants' proposal technically gives non-noticing attorneys the option to appear remotely.

## CONCLUSION

Dominion has advanced multiple legitimate reasons in support of its proposed default rule in favor of remote depositions. Defendants will not be prejudiced by such an order. The Court should enter Dominion's proposed fact witness deposition protocol in its entirety.

Dated: November 8, 2023

Respectfully submitted,

By: /s/ *Laranda Walker*
Laranda Walker (D.C. Bar No. TX0028)
Mary K. Sammons (D.C. Bar No. TX0030)
Jonathan Ross (D.C. Bar No. TX0027)
Elizabeth Hadaway (*Admitted pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana St., Suite 5100
Houston, TX 77002
Tel: (713) 651-9366

Fax: (713) 654-6666
lwalker@susmangodfrey.com
ksammons@susmangodfrey.com
jross@susmangodfrey.com
ehadaway@susmangodfrey.com

Stephen Shackelford, Jr.
(D.C. Bar No. NY0443)
Eve Levin (D.C. Bar No. 1672808)
Mark Hatch-Miller (*Admitted pro hac vice*)
Christina Dieckmann (*Admitted pro hac vice)*
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
sshackelford@susmangodfrey.com
elevin@susmangodfrey.com
mhatch-miller@susmangodfrey.com
cdieckmann@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
dbrook@susmangodfrey.com

Edgar Sargent (*Admitted pro hac vice*)
Katherine Peaslee (*Admitted pro hac vice*)
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 516-3880
esargent@susmangodfrey.com
kpeaslee@susmangodfrey.com

Thomas A. Clare, P.C. (D.C. Bar No. 461964)
**CLARE LOCKE LLP**
10 Prince Street
Alexandria, VA 22314
Tel: (202) 628-7400
tom@clarelocke.com

*Attorneys for Plaintiffs/Counter-Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 8th day of November, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

                                                  */s/ Christina Dieckmann*
                                                  Christina Dieckmann