# EXHIBIT A

## SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
SUITE 1400
1900 AVENUE OF THE STARS
LOS ANGELES, CALIFORNIA 90067-6029
(310) 789-3100
FAX (310) 789-3150
WWW.SUSMANGODFREY.COM

_____

| SUITE 5100 | SUITE 3000 | ONE MANHATTAN WEST |
| 1000 LOUISIANA STREET | 401 UNION STREET | NEW YORK, NEW YORK 10001-8602 |
| HOUSTON, TEXAS 77002-5096 | SEATTLE, WASHINGTON 98101-2683 | (212) 336-8330 |
| (713) 651-9366 | (206) 516-3880 | |

DAVIDA BROOK
DIRECT DIAL (310) 789-3105

E-MAIL DBROOK@SUSMANGODFREY.COM

August 9, 2024

Hon. Moxila A. Upadhyaya
Magistrate, U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, NW
Washington, DC 20001

Re:   1:21-cv-00040, 00213, 00445, 02131, 02130 – U.S. Dominion Inc. et al Litigations, United States District Court, District of Columbia

Your Honor:

Dominion writes to flag what it believes to be an important gating issue.

As Judge Nichols ordered during a September 21, 2023, telephonic hearing, on October 20, 2023, the parties submitted motions seeking entry of their respective proposed discovery protocols. *See* Case No. 1:21-cv-00040-CJN-MAU, Dkt. 106, 107. Then, on March 18, 2024, Your Honor held a status conference and ordered the parties to submit a Word version of their proposed discovery protocol and update on any previously identified disputes that have been resolved. *See* March 19, 2024, Minute Order, 1:21-cv-00040-CJN-MAU. In accordance with the Court's order, on March 20, 2024, the parties submitted their respective orders by email to Chambers. Many of the provisions in those submissions were agreed (and highlighted for the Court); but certain important issues remain disputed.

Since that time, the parties have further met and conferred in an effort to resolve their discovery concerns. While the parties have made good progress, as flagged in more recent submissions to Your Honor, there remain certain disputes (from both sides). At bottom, Dominion continues to believe that several Defendants have failed to produce responsive documents. In particular, we aren't able to evaluate OAN's production at this point because they have refused for more than a year to

August 9, 2024
Page 2

produce hit reports, which would show what percentage documents hitting on the agreed-upon terms it has produced versus withheld. Yet even without hit reports, we have strong reason to doubt OAN's production to date, for reasons explained in our filing last month.

With the close of fact discovery slated for the end of September, Dominion will be spending the next two months taking offensive depositions—even though it believes Defendants have not produced a significant number of responsive documents. This lack of documents is particularly concerning as Dominion does not have trial subpoena power over all these witnesses, putting it in the untenable situation where Defendants are forcing Dominion to take trial depositions of party and non-party deponents without all the documents.

Again, despite these concerns Dominion believes the Court would want it to proceed with depositions under the currently ordered schedule and so has been doing just that. Dominion also wanted to be transparent and make the appropriate record that to the extent this Court rules that Defendants are required to produce additional documents, it will seek the opportunity to re-depose relevant individuals outside of the current fact discovery cutoff (depending on the volume and materiality of new documents produced for particular custodians).

As always, Dominion is available to appear via zoom or in person for an informal discovery conference with the Court; or whatever other procedure the Court would prefer.

Sincerely,

*/s/ Davida Brook*

Davida Brook