UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., <br><br>*Plaintiffs*, <br><br>v. <br><br>SIDNEY POWELL, et al., <br><br>*Defendants*. | Civil Action No. 1:21-cv-00040 (CJN) |
| US DOMINION, INC., et al., <br><br>*Plaintiffs*, <br><br>v. <br><br>RUDOLPH W. GIULIANI, <br><br>*Defendant*. | Civil Action No. 1:21-cv-00213 (CJN) |
| US DOMINION, INC., et al., <br><br>*Plaintiffs/Counter-Defendants*, <br><br>v. <br><br>MY PILLOW, INC., et al., <br><br>*Defendants/Counter-Plaintiffs, and Third-Party Plaintiffs*, <br><br>v. <br><br>SMARTMATIC USA CORP., et al., <br><br>*Third-Party Defendants*. | Civil Action No. 1:21-cv-00445 (CJN) |

1

| | |
|---|---|
| US DOMINION, INC., et al., *Plaintiffs*, v. PATRICK BYRNE, *Defendant*. | Civil Action No. 1:21-cv-02131 (CJN) |

| | |
|---|---|
| US DOMINION, INC., et al., *Plaintiffs/Counter-Defendants*, v. HERRING NETWORKS, INC., et al., *Defendants/Counter-Plaintiffs*, and *Third-Party Plaintiffs*, v. AT&T SERVICES., et al., *Third-Party Defendants*. | Civil Action No. 1:21-cv-02130 (CJN) |

## ORDER REGARDING DISCOVERY MATTERS

On August 20, 2024, the Court directed the parties[1] in the above-captioned cases to submit a Final Discovery Protocol for the handling of electronic discovery and certain other discovery

---

[1] Plaintiffs US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation ("Dominion"), and Defendants Sidney Powell, Sidney Powell, P.C., Defending the Republic, Inc., Rudolph W. Giuliani, Michael J. Lindell, My Pillow, Inc., Patrick Byrne, Herring Networks, Inc. d/b/a One America News Network, Charles Herring, Robert Herring, Sr., Chanel Rion, and Christina Bobb ("Defendants"), are collectively referred to herein as "the parties." However, Defendant Patrick Byrne was not involved in the preparation of this Order. This Order does not cover any Third-Party Defendant in the captioned cases.

matters incorporating the Court's oral rulings.[2]  It is hereby **ORDERED** as follows:

1. **Protocol for Production of Electronically Stored Information and Paper Documents**

By agreement of the parties, electronically stored information ("ESI") and hard copy paper documents (which may be scanned and produced) shall be produced in accordance with the applicable provisions of the Federal Rules of Civil Procedure and the protocol attached hereto as **Exhibit 1**, with certain exceptions that may be separately negotiated.[3]  This protocol governs the production of all documents and information by the parties in these cases, including both custodial and non-custodial documents and information.

2. **Stipulation Regarding Expert Discovery**

By agreement of the parties, expert discovery shall be conducted in accordance with the applicable provisions of the Federal Rules of Civil Procedure subject to the stipulation attached hereto as **Exhibit 2**.  This stipulation applies to all testifying experts designated by the parties in these cases, including both affirmative and rebuttal experts.

3. **Scope of Discovery**

    (a) **Date Range**

Unless otherwise agreed by the parties or ordered by the Court, the following time periods for the production of communications and documents apply:

- Custodial e-mails and documents: **January 1, 2020 to December 31, 2021**
- Non-email electronic communications: **September 1, 2020 to April 30, 2021\***

---

[2] Pursuant to the Court's direction, the parties met, conferred, and reached agreement on the language that should be included in this Final Discovery Protocol to conform to the Court's August 20, 2024, oral rulings.  However, Plaintiffs respectfully reserve all rights to appeal the substance of this Order to the extent it reflects adverse rulings issued by the Court regarding the Plaintiffs' proposed discovery protocol.

[3] DTR has not agreed to provide load files for non-email documents, which Dominion continues to request.  DTR and Dominion will continue negotiating on this issue.

- o *The time period for document production of non-email electronic communications for OAN and Byrne is **September 1, 2020 to August 31, 2021**
- Noncustodial documents: **January 1, 2020 to December 31, 2021** or as otherwise stated in discovery responses or agreed through the meet and confer process.

The parties are free to work with each other on a case-by-case basis to reach agreement on additional or modified time periods.

**4.      Determining Locations of Responsive Custodial Documents**

**(a)      List of Custodians**

The parties have identified certain individuals who at least one party expects to have generated or maintained discoverable information—whether ESI or in paper form.  These individuals are identified in the list of agreed custodians attached as **Exhibit 3**, along with a specific party.  The inclusion of a custodian in this list does not necessarily mean that the identified party has possession, custody, or control of documents for the individual.  Nor does it mean that the identified party will conduct a custodian interview of the individual or produce his or her documents, or that a party agrees the individual is likely to have generated or maintained discoverable information.  The parties nonetheless agree to reasonably attempt to include said individuals as part of their preservation, collection, and search efforts for likely discoverable information as appropriate and as possible.  Each party reserves the right to seek discovery from other custodians or other sources as discovery develops.

**(b)      Custodian Interview Process**

To the extent such interviews have not already been conducted, all parties must conduct custodian interviews to determine where each custodian may have possession, custody, or control of discoverable information, as understood by FRCP 26(b)(1).  The parties agree to conduct custodian interviews of individuals associated with them in the list of custodians at **Exhibit 3** who

4

are reasonably available for interview by the party (which at minimum includes all current employees). Pursuant to the Federal Rules of Civil Procedure and local rules of the Court, the party will explain what "possession, custody, or control" means and ask each custodian questions calculated to ascertain their knowledge concerning the likely location of any information relevant to the claims and defenses asserted in that party's particular case or cases. The parties' interviews will include asking (1) whether the custodian communicated with anyone about relevant topics on any application, otherwise known as "Apps," that the person regularly used to communicate during the time period identified in Section 3 concerning non-email communications and (2) where the custodian may have stored non-email custodial documents or information relevant to the litigation that would not be duplicated in the party's own documents.

The parties shall complete their respective custodian interviews no later than 21 days after entry of this Order and shall confirm in writing to all parties whether the interviews have been completed. The parties shall also disclose the sources of ESI (including Apps) they are searching for each custodian.

      **(c)**      **Searches Based on Custodian Interviews**

Absent agreement, the parties shall search the Apps identified by the custodian identified in response to (b)(1) for communications related to the litigation. The parties shall also search any locations identified in response to (b)(2) above for any documents related to the litigation.

      **5.**      **Search Methodology**

A producing party shall disclose to the requesting party the method it intends to use to locate the ESI it will review for responsiveness and relevancy. Such disclosure shall occur before the producing party implements its intended method, so that the parties can resolve any disputes regarding the adequacy of the search methodology in advance.

The producing party may locate the potentially responsive ESI using a linear (manual)

5

review or any other method reasonably expected to identify the ESI that is responsive to pending discovery requests. No party is using Technology Assisted Review ("TAR").

As of the date of this Order, some of the parties have exchanged search queries for the producing party's use. Where search queries are used, the parties shall try to reach agreement on appropriate search queries and bring any disagreements to the Court for resolution. Absent agreement on search queries, the producing party shall disclose what search queries, if any, were used to locate ESI, and the parties shall confer in good faith on additional queries as necessary. If search queries are not used, the producing party shall disclose to the requesting party the search methodology used to locate the ESI it will review for responsiveness.

6. **Responsiveness Review**

A producing party is obligated to produce only those documents or ESI that are responsive to a pending discovery request in accordance with FRCP 26 and 34. If queries and custodians are used to locate potentially responsive documents or ESI, a producing party is required to conduct a responsiveness review pursuant to FRCP 26 and 34 before producing documents to ensure that only documents that are actually responsive to a pending request for production are produced. The use of search queries is only a means by which the universe of documents needing responsiveness review can be reduced, but it is not a substitute for such responsiveness review, or any other requirement in the Federal Rules of Civil Procedure. When a party has timely raised a specific objection to a request for production, that party shall not be required to produce any documents or ESI in response to that particular request for production until its specific objections are resolved by agreement or by the Court.

7. **Unique Terms Concerning the Review and Production of Custodial Text Messages and Other Non-Email Communications**

With respect to custodial text messages and other non-email electronic communications,

including but not limited to those sent via instant messenger services, or third-party or other ephemeral messaging applications, the following terms shall apply except as otherwise agreed by the parties:

      (i)      Dominion and Defendants will use the same search methodology as that disclosed by the producing party to the requesting party pursuant to Paragraph 5 to locate ESI it will review for responsiveness per FRCP 26 and 34.

      (ii)      The parties will conduct a responsiveness review pursuant to Paragraph 6.

      (iii)      The time frame for custodial text messages and other non-email communications is set forth above in paragraph 3(a).

      (iv)      If search queries are used by the producing party to locate the custodial text messages and other non-email communications that the producing party will review for responsiveness, such search terms shall be run across the entire agreed-to time period identified above for each applicable custodian likely to have discoverable information, to include, where appropriate and possible, each agreed custodian identified in **Exhibit 3**.

      (v)      If a custodial text message or other non-email communication is identified by a search query, the producing party shall review the remainder of the message chain for a 24-hour period, meaning between 12:00 am and 11:59 pm on the day that the search query appears. And if the content of the 24-hour period communication is responsive to the requesting party's pending discovery request, the producing party shall produce all responsive, nonprivileged and nonprotected portions of that 24-hour period communication.

    (vi) Where necessary, the parties shall work together in good faith to provide additional context for a conversation that appears over multiple days. The parties shall likewise work together in good faith to identify any text message threads that should be reviewed without exclusive reliance on search terms.

**8. Production and Timing**

  **(a) Organizing Documents and ESI for Production**

A party's production must comply with FRCP 34(b)(2)(E)(i), meaning a producing party must produce responsive documents and ESI as they are kept in the usual course of business or must organize and label them to correspond to the categories in the requesting party's pending discovery requests. ESI is considered to be produced in the manner in which it is kept in the usual course of business when the ESI contains or is accompanied by original file path metadata.

  **(b) Rolling Productions**

The parties agree to cooperate with respect to a producing party's request for additional time to produce documents in response to discovery requests and specifically agree that rolling productions are in all parties' best interests. To help save time and cost of related productions, the parties agree that a requesting party may identify a subset of discovery requests that it wishes the producing party to prioritize, and the producing party agrees to make reasonable efforts to focus its production efforts on those higher priority issues first.

  **(c) Supplemental Productions**

The parties shall supplement discovery responses as required by FRCP 26(e).

**9. Post-Production Privilege Log**

The parties agree to serve a privilege log identifying all documents, including communications by text messages or other applications, that the producing party either redacted or withheld from the production due to attorney-client privileged or work product protected content

or any other privilege. The privilege log shall comply with FRCP 26(b)(5), or be produced in a manner otherwise agreed to by the parties. Deadlines for supplemental or amended privilege logs will be agreed upon by the parties. The parties also agree to the provisions set forth in **Exhibit 1** governing the content and production of privilege logs.

10. **Relief from and Modifications of this Order**

Any party may obtain relief from any portion of this Order through the written consent of the affected parties or through a subsequent court order. A party may not seek relief from the Court unless that party has conferred in good faith with the opposing party. When conferring about a proposed modification of this Order, the parties shall act consistent with the FRCP 1 mandate to seek the just, speedy, and inexpensive determination of litigation, as well as guiding controlling principles of FRCP 26(b)(1), FRCP 26(g)(1)(B)(ii), and FRCP 26(g)(1)(B)(iii).

\*   \*   \*

**IT IS SO ORDERED**.

Date: September 16, 2024

_____
HON. MOXILA A. UPADHYAYA
United States Magistrate Judge